IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| <u>           Dustin D Coffman LPN SR II</u> , | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | |
| | )     Case No<u>. 17-4070</u>  - SAC-GEB |
| | ) |
| <u>Hutchinson Community College</u> | |
| <u>And Regents, Jay Ballard, Kathy Sanchez,</u> | |
| <u>Cindy Hoss, Janet Hamilton, Debra Hecklar</u>  , | ) |
| | ) |
| Defendant. | ) |

# *<u>Motion for Summary Judgement Title Rule 56.1 IF A.D.R</u>*

# *<u>TITLE 16.3 IS REFUSED</u>*

Summary Judgment Guidelines

1. Summary judgment is appropriate if the movant shows there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.

2. A dispute of fact is genuine when a reasonable jury viewing the evidence could find in favor of either party. But evidence that is totally one-sided or rests only on speculation or conjecture does not present a genuine issue for trial.

C:\Users\Dustin\OneDrive\Documents\General-Order.docx

3. Only disputes about facts that could affect the outcome under the governing law will prevent summary judgment.

4. A motion for summary judgment should clearly identify each claim, defense, and/or party as to which summary judgment is sought.

5. The parties' statements of fact on summary judgment must be numbered and refer with particularity to the portions of the record relied on, with the cited materials attached to the brief.

6. Legal arguments should not be set forth in a party's statement of the facts.

7. Individual judges of the court may adopt particular guidelines or standing orders for summary judgment motions in their cases.  These may be found on the court's website (www.ksd.uscourts.gov) under the heading "Rules" and subheading "D. Kan. Guidelines & Orders."

8. The "Guidelines & Orders" page also has links to the courts' Administrative Procedures for civil cases and CM/ECF User's Guide.  These contain detailed information about how to attach exhibits to briefs.

9. Exhibits attached to summary judgment briefs should be clearly and adequately described when they are entered in the CM/ECF system.  [E.g., Attachments: #1 Index of Exhibits, #2 Exhibit A - Bill Smith Affidavit].  This allows the court to easily locate them when they are cited.

10. Common errors in summary judgment briefs include stating facts with no accompanying citation to the record; failing to attach the portions of the record cited;

ignoring evidence that is contrary to the movant's position; incorrectly characterizing deposition testimony; and failing to specify the relevant portions of testimony or other evidence.

11. If a factual assertion is controverted only in part, the response should make clear which portion is controverted and which part is not controverted.

12. An affidavit or other summary judgment material may be objected to when it contains something that could not be presented in a form that would be admissible at trial.

13. Objections to summary judgment materials should be as specific as possible.

14. The court may disregard affidavits or deposition testimony on summary judgment if they are "conclusory" - that is, if they state a conclusion without a supporting factual basis.

15. Affidavits must be based on the personal knowledge of the witness. The basis for the witness's knowledge of the facts should be stated or described in the affidavit.

16. Absent a court order granting permission to do so, separate or multiple motions for summary judgment should not be filed to avoid compliance with D. Kan. Rule 7.1(e), which imposes a 30-page limit on the argument and authorities section of briefs or memoranda.

17. If the court has not yet ruled on a party's early motion for summary judgment and the movant files another motion after discovery has been completed, the first motion probably will be deemed moot.

Please read carefully and follow Fed. R. Civ. P. 56, D. Kan. R. 56.1, and D. Kan. R. 7.1.

IT IS SO Motioned

Dated this __15__day of ___AUG_____, 2017__, at _Topeka_____, Kansas.

*Dustin D. Coffman Lpn SR*
_____
[Name]
Pro Se Attorney Dustin D. Coffman LPN SR.