# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DUSTIN D. COFFMAN, ) ) Plaintiff, ) ) v. ) ) HUTCHINSON COMMUNITY COLLEGE, ) et al., ) ) Defendants. ) ) | Case No. 17-4070-SAC-GEB |

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions:

- Plaintiff's motion for appointment of counsel (**ECF No. 3**);
- Plaintiff's motion for mediation (**ECF No. 4**);
- Plaintiff's motion to accept petitions (**ECF No. 5**);
- Plaintiff's motion for sealed documentation under title 79.4 (**ECF No. 6**);
- Plaintiff's motion to make all exhibits and evidence for discovery to the defendants (**ECF No. 9**);
- Plaintiff's motion for motion for [amended] exhibit list for mediation or summary judgement brief order (**ECF No. 10**); and
- Plaintiff's (amended) motion for appointment of counsel (**ECF No. 11**).

For the reasons set forth below, all motions are **DENIED**.

I.   **Background**

On August 7, 2017, Plaintiff filed this case, acting pro se. He is a former student of Hutchinson Community College, and claims the school and certain of its instructors

and administrators violated his federal and state constitutional rights by dismissing him from the college's nursing program in approximately fall 2015 (*see* Complaint, ECF No. 1, and Supplement, ECF No. 7). It appears Plaintiff has attempted service on all named defendants (*see* Returns of Service, ECF Nos. 12-17).

In the month since filing his case, Plaintiff has filed eight motions for the Court's consideration. In addition to the seven motions addressed herein, Plaintiff filed a motion for summary judgment (ECF No. 8), which was recently denied without prejudice by Senior District Judge Sam A. Crow (Order, ECF No. 19, Aug. 30, 2017). Judge Crow found Plaintiff's motion only contained "general guidelines regarding common legal practices for summary judgment motions, but did not "expressly ask for judgment upon a particular claim or against a particular defendant" or include a statement of material facts or memorandum of law, as required. (*Id*.)

II. **Plaintiff's Motions for Appointment of Counsel (ECF Nos. 3 and 11)**

Simultaneous with the filing of this action, Plaintiff submitted an initial Motion for Appointment of Counsel (ECF No. 3) which was largely incomplete. The motion contained the name of only one attorney with whom Plaintiff had consulted prior to filing, and Plaintiff did not submit a financial affidavit as required. However, Plaintiff later submitted an amended motion (ECF No. 11), along with a financial affidavit (ECF No. 18); both of which appear complete. The Court is now prepared to address the issue of appointment of legal counsel.

A.     **Legal Standard**

Although a criminal defendant has a constitutional right to representation by an attorney, there is no similar constitutional right to counsel in a civil action such as this one.[1] Some statutes, however, provide the court with discretion to appoint counsel for a civil litigant. For example, both the Americans with Disabilities Act, 42 U.S.C. § 12117(a), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1), provide discretionary authority for appointing counsel "in such circumstances as the court may deem just."[2] If a plaintiff sues under a statute which provides no authority for appointment of counsel, general authority for requesting counsel under 28 U.S.C. § 1915(e)(1) may govern.[3]

Under 28 U.S.C. § 1915(e)(1), in its discretion, the "court may request an attorney to represent any person unable to afford counsel."[4] When evaluating whether to appoint counsel, the court considers multiple factors, including (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims.[5] The

---

[1] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).
[2] *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV-GLR, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012) (discussing appointment of counsel under the ADA); *Nelson v. Boeing Co.*, 446 F.3d 1118, 1120 (10th Cir. 2006) (discussing appointment of counsel under Title VII, and noting "Title VII grants litigants a statutory right to request appointed counsel at court expense").
[3] *Rand*, 2012 WL 1154509, at *2.
[4] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district "court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis*" under 28 U.S.C. § 1915(e)(1)).
[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). *See also Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992) (applying similar factors in the

court also considers the movant's diligence in attempting to secure counsel.[6] Thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located.[7] The court has an obligation not to make indiscriminate appointments on every occasion that a plaintiff seeks court-ordered counsel,[8] particularly in light of the expanding federal court dockets, increased filings by pro se parties, and decreasing number of attorneys willing to accept appointments.[9]  Moreover, § 1915(e)(1)'s application "is limited to persons proceeding *in forma pauperis* [without payment of filing fees] and does not provide a statutory right to counsel."[10]

B.  Discussion

As a threshold issue, the Court notes Plaintiff does not proceed *in forma pauperis* in this case, but paid the $400 filing fee upon filing.  Neither did he file this case under the ADA or Title VII.  Therefore, none of the statutory bases for appointing counsel, discussed above, apply to Plaintiff's request, and the Court is devoid of authority to

---

context of a request for counsel in an employment discrimination case under 42 U.S.C. 2000(e)–5 and 28 U.S.C. § 1915).

[6] *Adkins v. Kansas Comm'n on Judicial Qualifications*, No. 11-4109-SAC-KGS, 2011 WL 13133967, at *1 (D. Kan. Sept. 22, 2011) (citing *Castner*, 979 F.2d at 1420).

[7] *Castner*, 979 F.2d at 1421.

[8] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).

[9] *See Sause v. Louisburg Police Dept*., No. 15-9633-JAR-TJJ, ECF No. 16 (D. Kan. Jan. 6, 2016).

[10] *Cox v. LNU*, 924 F. Supp. 2d 1269, 1280 (D. Kan. 2013)(citing, *inter alia, Rand*, 2012 WL 1154509, at *3; *Leo v. Garmin Int'l,* No. 10–2495–JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010); *Patterson v. Davita Dialysis,* No. 09–2131–JAR–GLR, 2009 WL 902406, at *1 (D. Kan. Mar. 31, 2009); *Witherspoon v. Wyandotte Cnty., Kan.,* No. 08–2315–JAR–DJW, 2008 WL 4148626, at *2 (D. Kan. Sept. 3, 2008)).

appoint counsel under these circumstances. The Court must deny Plaintiff's request for appointment of counsel on this basis alone.

But even if Plaintiff *did* seek or qualify to proceed with his case *in forma pauperis*, the Court would not appoint counsel, at this time, after application of the factors outlined above. With regard to Plaintiff's financial ability to afford counsel, the Court has thoroughly considered his financial affidavit (ECF No. 18). Plaintiff is currently unemployed, but owns rental property from which he derives some minimal income. Despite this rental income, his affidavit reveals monthly obligations that outweigh his apparent income, so his financial ability to engage counsel is questionable.

Plaintiff also sufficiently demonstrates diligence in seeking counsel. In his amended Motion (ECF No. 11), he lists a number of attorneys with whom he consulted, but who declined to accept his case for various reasons.

After careful consideration, however, even if Plaintiff qualified to proceed *in forma pauperis*, the Court would not appoint counsel. Although the Court is satisfied he is both unable to afford counsel and has sufficiently demonstrated diligence in searching for counsel, the Court is unable to fully evaluate the remaining factors. The merits of Plaintiff's claims are not facially apparent from the information presented in the Complaint. And, although his Complaint is verbose, at this stage, Plaintiff has demonstrated no reason why he is unable to adequately present the case on his own. His pleadings and motions appear articulate. This is the third case filed by Plaintiff in this

Court over the past eighteen months,[11] and he seems to have a functional grasp of Court procedures.

The Court recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[12] as the case progresses. Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[13] Postponing a decision to appoint counsel could allow the Court to gain more information about both the merits of the claims and Plaintiff's ability to present his case.[14]

The Court is without authority to appoint counsel for Plaintiff under the current facts and legal theories of this case. But providing Plaintiff some latitude as a pro se party, and recognizing the Court's evaluation of the case could change as the case progresses, Plaintiff's motions for appointment of counsel shall be **DENIED** without prejudice to later refiling.

**IT IS THEREFORE ORDERED** that Plaintiff's Motions for Appointment of Counsel (**ECF Nos. 3, 11**) are **DENIED** without prejudice.

---

[11] *See Coffman v. Childers*, No. 16-1109-EFM-KGG (filed Apr. 20, 2016; closed May 16, 2016); *Coffman v. Walters*, No. 16-1171-EFM-GEB (filed June 2, 2016; closed Oct. 6, 2016).
[12] *Jones v. Maritz Research Co.*, Case No. 14-2467-SAC-GLR, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014).
[13] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998) (internal citations omitted)).
[14] *Jones*, 2014 WL 6632929, at *3 (citing *Ficken,* 146 F.3d at 981).

### III. Plaintiff's Motion for Mediation (ECF No. 4), Motion for Sealed Documentation (ECF No. 6), and Motion for Discovery (ECF No. 9)

Much as Judge Crow recognized regarding Plaintiff's motion for summary judgment, three of his pending motions simply recite District of Kansas Local Rules, rather than request action from the Court. First, his Motion for Mediation (**ECF No. 4**) simply recites, word-for-word, D. Kan. Rule 16.3 regarding Alternative Dispute Resolution. Aside from the title of his document ("Motion for Mediation"), Plaintiff does not seek any specific relief or provide any facts or argument regarding any relief he requests from the Court.

Similarly, Plaintiff's Motion for Sealed Documentation under Title 79.4 (**ECF No. 6**) recounts D. Kan. Rule 79.4 regarding sealed files and documents in civil cases. The motion does not seek specific Court action, but merely recites the rule in its entirety. This rule establishes the District of Kansas policy regarding the length of maintaining the privacy of any court document filed under seal (non-public) in a civil action. To date, only one document (Plaintiff's Financial Affidavit, ECF No. 18) is filed under seal. This rule would not come into play until 10 years after the entry of final judgment in this case.

Finally, Plaintiff's Motion "to make all [exhibits] and evidence for discovery to the [defendants]" (**ECF No. 9**) suffers from the same defect. Plaintiff merely recites in full D. Kan. Rule 37.1, addressing motions relating to discovery. Plaintiff does not

request specific Court action, nor provide any facts or arguments to support any request. To date, discovery has not yet commenced[15] and any discovery motion is premature.

Even extending to Plaintiff's motions the liberal construction afforded a pro se party,[16] none of the motions discussed herein either seek specific action from the Court or provide any factual or legal basis for Court action. Furthermore, the topics of Plaintiff's motions can be brought to the Court's attention at the appropriate later stages of the case. For example, a schedule for both discovery and mediation will be addressed at the Rule 16 Scheduling Conference, held after all parties to the case have entered their appearances. Plaintiff is encouraged to thoroughly review the information for self-represented litigants on the Court's webpage at http://www.ksd.uscourts.gov/self-representation/, particularly the "Civil Case Flowchart" and rules sections.

Therefore, the motions (**ECF Nos. 4, 6, and 9**) are **DENIED** without prejudice to later filing, in the event the topics become ripe for discussion as the case progresses.

### IV. Plaintiff's Motion to Accept Petitions (ECF No. 5)

This motion consists solely of a title ("Motion to accept petitions for Federal court") and a one-sentence request for the Court to "see attached Petition and case and points document." (ECF No. 5, at 1.) To the extent Plaintiff asks this Court to accept

---

[15] *See* Fed. R. Civ. P. 26(d)(1), which generally provides, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

[16] *See, e.g.*, *Creamer v. Stortz Auction*, No. 15-4853-RDR, 2015 WL 1262905, at *1 (D. Kan. Mar. 19, 2015) (noting the court's "liberal construction of plaintiff's complaint cannot excuse her failure to plead sufficient facts") (citing *Porter v. Graves,* 2014 WL 7399058, at * 2 (10th Cir. Dec. 31, 2014)).

his Complaint or other documents, the motion is **DENIED AS MOOT** because Plaintiff's filings have already been accepted and filed on the Court's electronic case filing system. To the extent Plaintiff seeks some other action by this Court, the motion is **DENIED** for failure to outline the specific relief Plaintiff seeks.

V.  **Plaintiff's Motion to Accept Documents (ECF No. 10)**

Plaintiff's final pending motion is entitled "motion for [amended] exhibit list for mediation or summary [judgment] brief." The body of the document states it is a "list of exhibits and motion to accept all documents to the court if mediation fails and will need to be disclosed to the mediator for settlement out of court." (ECF No. 10, at 1.) The list of documents attached to Plaintiff's motion appears to be a list of items which Plaintiff intends to offer as evidence in this case.

If Plaintiff offers this list as evidence in support of his motion for summary judgment, that motion has been denied without prejudice as previously discussed (Motion, ECF No. 8; Order, ECF No. 19). In the event Plaintiff intends for the list of items to be received into the Court as evidence, the Court does not typically receive evidence directly from the parties during discovery. Rather, the process of discovery takes place primarily between the parties themselves. Through such methods as written questions, document requests, and depositions,[17] the parties exchange the information each party intends to utilize to support their case. Generally, only in support of a

---

[17] *See, e.g.*, Fed. R. Civ. P. 30, 31, 33, 34, and 36, all discussing various methods of discovery.

specific pretrial discovery motion or motion for judgment, or much later during a trial, will the Court review a party's evidence.

The list provided by Plaintiff may be more akin to one portion of the initial disclosures required under Fed. R. Civ. P. 26(a)(1)(ii) to be provided to Defendants prior to the first scheduling conference. Again, this topic will arise at the proper phase of the case, and Plaintiff will be instructed by later Court order on the appropriate timing of the Rule 26(a) disclosures. Plaintiff is again encouraged to review the District of Kansas Local Rules and Federal Rules related to scheduling and discovery. Discovery will be permitted according to those rules, after the defendants have had the opportunity to respond to the Complaint.

In light of the above, Plaintiff's motion for the Court to accept his exhibit list is **DENIED** without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motions (**ECF Nos. 3, 4, 5, 6, 9, 10, and 11**) are **DENIED** as set forth above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 7th day of September 2017.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge