IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

_____Dustin D Coffman LPN SR II , )
                                         )
Plaintiffs,                              )
                                         )
V                                        )
                                         )        Case No. 17-4070
                                         )
Hutchinson Community College             )
And Regents, Jay Ballard, Kathy Sanchez,
Cindy Hoss, Janet Hamilton, Debra Heckler )

Defendant.                               )

## **MEMORANDUM AND MOTION**

This is a matter before the Court on the following motions:

- **Plaintiffs motion for appointed counsel**
- **Plaintiffs motions for 16.7 alternative**

- **Plaintiffs motion for sealed documentation**

- **Motion to accept petition in 17-4070 sac geb**

- **Motion for cause of actions and breach of civil law**

## I.   <u>JURSIDICTION</u>

Where, as here, in Dustin Coffman V Hutchinson Community college
the plaintiff's claims against the out-of-state defendant are for
intentional torts, the jurisdictional inquiry focuses on whether the
conduct underlying the
claims was purposefully directed at the forum state. Tamburo, 601 F.3d
at 702. The
reason for this requirement is to ensure that an out-of-state defendant is
not required to
appear based on random, fortuitous, or attenuated contacts with the
forum state. Id.
In Calder v. Jones, 465 U.S. 783 (1984), the Supreme Court provided
"useful
contours in conducting the purposeful-direction requirement in a tort
case." Felland, 682
F.3d at 674. In Calder, a California actress brought an action in
California state court
against two National Enquirer employees for their involvement with an
allegedly
libelous article written about plaintiff. The defendants, both residents of
Florida,
challenged personal jurisdiction in the California court. Although the
article was written
in Florida, "the brunt of the harm, in terms both of [plaintiff=s]

## II.   <u>CAUSE OF ACTION</u>

==emotional distress and the==
==injury to her professional reputation, was suffered in California." Id. at==
==788-89. The==
==Supreme Court held that personal jurisdiction over the defendants was==
==proper in==

California based on the "effects" of their Florida conduct in California. Id. at 789. In its analysis, the Court specifically noted that the defendants were "not charged with mere untargeted negligence," but rather with undertaking intentional, and allegedly tortious, actions "expressly aimed at California." Id. Under these circumstances, the Court

Case 3:14-cv-00067-RLY-WGH Document 135 Filed 08/04/15 Page 9 of 22 PageID #: <pageID>

10

concluded that defendants "must 'reasonably anticipate being haled into court there' to answer for the truth of the statements made in their article." Id. at 790 (citations omitted).

## III.   <u>BREACHES OF CIVL LAW AND CIVIL RIGHTS</u>

**In Tamburo, supra., the Seventh Circuit distilled three requirements from Calder** for determining whether the purposeful-direction requirement is met: (1) "intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt – that is, the plaintiff would be injured – in the forum state." 601 F.3d at 703]

105

106

## IV.   <u>APPOINTED COUSEL</u>

108

As the Plaintiff has put in a request for appointed counsel to the court we

feel that must be handled first before the defendants can put in a request

to dismiss the case.  Plaintiff Dustin D. Coffman LPN SR has as the

court can see, put in a request for appointed counsel.  As the court can

also see, the court has given the student and plaintiff (28) days to

respond to the dismissal motions.  As the court will can see, that is a

breach in the procedural steps by the Defense counsel, knowing; full

well, that the plaintiff, has the request for appointment of counsel. We

feel that this is premature.  We request that the plaintiff, could get a stay

of action, on the motion until, his honor; has given, the Plaintiff counsel.

1.[Docketed case 17-4070 sac geb]

a. **[{Motion for Appointment of Counsel} on 08/08/2017] REFILE**

**MOTION WITH CASE AND POINTS ATTACHED**

122    b. [motion for meditation {on 0/08/2017}] **Re FILE WITH CASE**

123    **AND POINTS ATTACTED PER COURT REGS.**

124    c. **[motion to accept petition {on 08/08/2017}]Due Process Clause,**

125    **STATING CAUSES OF CASE AND BREACH OF LAW**

126    **EVIDENCE LINK LINDA BRYAN FOR CHAIN OF CUSTODY**

127    UNITED LinkAmerica Corp. v. Albert, 857 N.E.2d 961, 966-67 (Ind.

128    Case 3:14-cv-00067-RLY-WGH Document 135 Filed 08/04/15 Page 7

129    of 22 PageID #:

130    <pageID>

131    8

132    2006), the sole inquiry before the court is whether exercising personal

133    jurisdiction over

134    the Defendants would offend due process.

135    Personal jurisdiction over a nonresident defendant meets the standard of

136    due

137    process when the defendant has established minimum contacts within

138    the state "such that

139 the maintenance of the suit does not offend 'traditional notions of fair
140 play and
141 substantial justice.'" Tamburo v. Dworkin, 601 F.3d 693, 700-01 (7th
142 Cir. 2010) (quoting
143 Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Personal
144 jurisdiction may be
145 either general or specific. General jurisdiction over a defendant exists
146 where the
147 defendant has continuous and systemic business contacts with the state,
148 even where those
149 contacts do not relate to the action at issue. Id. (citing Helicopteros
150 Nacionales de
151 Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984)). Specific jurisdiction,
152 on the other
153 hand, "exists for controversies that arise out of or are related to the
154 defendant's forum
155 contacts." Hyatt Int=l Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002)
156 (citing Steel

157    Warehouse of Wisconsin, Inc. v. Leach, 154 F.3d 712, 714 (7th Cir.

158                                    1998)).

159    The parties focus their arguments on specific, rather than general,

160                                 jurisdiction

161

162

163          **Motion and case and point for Appointed Counsel**

164    To continue this course of action without counsel, would be an affront,

165       to justice, in these matters. As all citizen of the United States, are

166    allowed to have counsel in any court proceeding. As the plaintiff, did

167    have counsel at the Service Law firm of Kansas City Missouri, yet the

168       state of Kansas, has blocked his Pro Houck, into Kansas; on these

169       matters also, and seems as a procedural breach, of protocol to the

170    Plaintiff.  As a simple, action; of this court his honor would be willing to

171       allow Henry C. Service access to this court, the Plaintiff, would have

172    proper representation, to the these matters.  Henry C. Service is a former

173       D.A. of the Department of Justice. See{ Smith v. Crouse :: 1963 ::

174                        Kansas Supreme Court Decisions.}

175   [law.justia.com/cases/kansas/supreme-court/1963/43-647-0.html ]see

176   Carter v. State :: 1967 :: Kansas Supreme Court Decisions :: Kansas ...

177   [law.justia.com/**cases**/**kansas**/supreme-court/1967/44-884-0.html]

178   {Walter Carter is serving a sentence in the Kansas State Penitentiary for

179   the forcible ... He points out the motion to vacate was considered and

180   determined without counsel ... Under this rule a trial court is required to

181   appoint counsel} as such the plaintiff would also like to have Her

182   Honors attention drawn to the motion for appointed counsel that is on

183   the docket before this court in case 17-4070 sac geb.

184   RE: To the plaintiff it seems as if the defense has tried everything within

185    colleges, power to keep this case and causes of actions out of the court

186     system.  As it is, a breach of both civil law and school rules, in these

187      matters, Dustin D. Coffman LPN SR IV V Hutchinson Community

188      College, the plaintiff feels, that since the Service Law firm, has been

189     with this case since its inception, His firm, would be the firm would be

190                          first on our list for appointed counsel.

191    RE:  Not doing so would cause an unprecedented shift of matters of law

192                          to the defendants.

193      A. [ Financial  Affidavit  submitted{ on 08/29/2017}]

194          1. Has been submitted, docketed yet the plaintiff cannot see the

195   ruling.

196              A. [Motion for to Appoint Counsel by the Plaintiff {on

197                  08/08/2017}]

198                  1. Has been submitted, docketed, yet the plaintiff cannot

199                      see the ruling.

200                  2. [Robertson v. State :: 1967 :: Kansas Supreme Court

201                      Decisions ...

202          law.justia.com/cases/kansas/supreme-court/1967/44-765-

203          0.htmllaw.]

204   STATE OF KANSAS, Appellee. ... On this point the trial court ruled

205   as follows: ... and that the presence of petitioner or appointment of

206   counsel were unnecessary.

207    Byrd v. State :: 1966 :: Kansas Supreme Court Decisions :: Kansas ...

208        law.justia.com/cases/kansas/supreme-court/1966/44-279-0.html

209   Annotate this Case ... STATE OF KANSAS, Appellee. ... represented

210      by court- appointed counsel, Mr. Albert Grauberger, an attorney of

211    Kansas City, Kansas. ... The legal point involved was presented on oral

212                    argument, at which the petitioner's ...

213    Application of William Baldwin for Appointment of Counsel,william ..

214      law.justia.com/cases/federal/appellate-courts/F2/584/953/155016/

215    I.    (1978) case opinion from the U.S. Court of Appeals for the

216          Tenth Circuit. ... for writ of habeas corpus which raised other

217          points besides the right of counsel. ... The Federal Public

218          Defender's office from Kansas was appointed to represent him.

219    {Hickock & Smith v. Hand :: 1962 :: Kansas Supreme Court

220    Decisions.

221    law.justia.com/cases/kansas/supreme-court/1962/42-970-0.html

222    Soon the court was informed that counsel had been discharged. ... At

223    this point, Mr. Shultz applied to this court for a delay in the disposal of

224    the motion for a rehearing. .... The trial court appointed Mr. Harrison

225    Smith to represent Hickock.} Case and point is that once request

226    appoint of counsel must be granted.

227              B. [Motion for Mediation you Mediation under title 16.3

228                  {on 08/08/2017}]on March 18, 1960. The case

229   proceeded to trial and defendant was found guilty as

230   charged. Defendant's motion for a new trial was argued

231   and overruled on March 25, 1960, and he was sentenced

232   to confinement in the state penitentiary for a term of not

233   less than five years nor more than ten years (G.S. 1949,

234   21-523). Defendant then informed the court that he

235   desired to appeal and requested that he be allowed to

236   remain in the county jail. He made no request for the

237   appointment of counsel to represent him on appeal. His

238   request to remain in the county jail was denied and he

239   was ordered placed in the custody of the sheriff for

240   execution of the sentence. Shortly thereafter he was

241   delivered to the state penitentiary. Point of fact in this

242   case and point, counsel would have been granted, if the

243   council would have asked or motioned for it.  As for this

244   case {17-4070 SAC GEB} the plaintiff has requested

245   appointment of counsel.

246

247    C. On April 4, 1960, defendant pro se filed a notice of

248         appeal with the clerk of the district court of Bourbon

249         county, and on April 7, 1960, a copy of such notice of

250         appeal, and a copy of the journal entry covering the trial

251         proceedings in the district court, were transmitted to and

252         filed in the office of the clerk of this court. The appeal in

253         this court was docketed as case No. 42,067.

254

255    D. **STATING a CLAIM MEMORANUM EVIDENCE**

256         **AND CASE AND POINTS As per this case on**

257         **docketed information in case** {17-4070 SAC GEB} the

258         plaintiff has sent green card from the United States

259         Postal service,  signed certified receipt's, that proves that

260         Dr. Carter File, has received, a copy of the petition, for

261         this case.  As such, the court clerk's office must have not

262         filed the summons to Dr. Carter file in error (see copy of

263         signed certified receipt from the United States Federal

264         Postal service.)  Not only, was the petition mailed,

265        certified, signed, receipt. It also was hand delivered to

266        Dr. Carter File's office in person with a summons

267        contractor.

268

269   1.  Linda Bryan Former Vice President of Federal Farm Credit

270        was the contractor

271   2. Dustin D. Coffman LPN SR IV witness to the brief being

272        handed to Dr. Carter File personally.

273   3. Dr. Carter Files own secretary was present at the time of the

274        Summons delivery.

275   So as a point of fact, the defense is well aware of the matters and

276   breach of Civil Laws, School rules and harm that has been cause

277   by the institution to the plaintiff Dustin D. Coffman LPN SR.

278        E. The records of this court show the following with respect

279        to that appeal: that being we have request 16.3 alternative

280        dispute resolution we would like to ask that motion be

281        considered also at this time by her honor. As all the

282        evidence in this case is from the state department or the

283   college there can be no reasonable excuse that the

284   exhibits are not factual by the defense. Being that in this

285   case 17-4070 sac GAB} is just a simple comparison of

286   school procedural rules as a contract between the Student

287   and the, plaintiff pass Hutchinson Community College

288   Course work at the institution.  There for it is a simple

289   matter. Did the college's course work?  Yes. Therefore,

290   how was the plaintiff dismissed for academic reasons?

291   Being that the plaintiff was sent to two academic appeals

292   meetings the facts are he should have never been taken

293   out of class.  At the very least the defendant, Dr. Cindy

294   Hoss, should have said "no" we are not kicking him out.

295   He has good scores and has not failed any sections of the

296   course work.  As evidence by, the student hand book or

297   the signed contract of the college and the student. The

298   student must have lower than a 1.75 cumulative to be

299   considered for academic probation. Then only if the

300   students scores have not reached 2.0 cumulative G.P.A

301         for the probationary period for a whole semester.  Then

302         and only then can the student be dismissed for academic

303         reasons. See Student hand book from Hutchinson

304         Community College rules and regulations for academic

305         dismissal plaintiffs (exhibits 1 and 2 rules for displinary

306         dismissal)

307 **AS** the defense is well aware.  Plaintiff Dustin D. Coffman LPN SR

308         has

309         1. 3.15 g.p.a Official Transcript

310         a. See Hutchinson Community College official

311         transcript.

312         i)      Current term 2.5 Grade point average

313         ii)     Previous term 4.0 grade point average

314         iii)    Over-all 3.15 grade point average

315         b. See clinical grade print out

316         i)      Official grade 96 percent clinical

317         rotations

c.  For that current term of summer session of 2015
at H.C.C.  Due to medical skin issues and stress
issues related issues grade point average dropped
    i)   Norton Medical Clinic Diagnosis , treatment,
        and prescription notes. And work release for
        return to classes. Dr.  Jeff McKinley.
    ii) high plains mental health notes
    iii). Adhd diagnosis
    iv) .  Mental health notes
    v)  . Prescription from qol meds of Hays.
    vi) A. Adderall 20.0 m.g. I tab, B.I.D. q Day for
        attention deficit hyperactive disorder
    vii) Passed all tests without accommodation
    viii)Was offered a job by Hutchinson Regional
        Hospital staff.

F. On April 21, 1960, defendant filed a motion for stay of
    sentence. On May 13, 1960, the motion for stay was

336          denied because of non-compliance with the provisions of

337          G.S. 1949, 62-1724 (b), relating to the steps to be taken

338          by one seeking stay of execution of a sentence pending

339          an appeal. Ergo the provisions of compliance with the

340          motions must be adhered to as per this case Dustin D.

341          Coffman LPN SR v Hutchinson Community College et

342          al Defendants.

343

344

345

346     **D.  Evidence of Cause of Actions as Per the Mailed Petition.**

347     **I.** Violation of civil rights before the court is a petition that the

348     defendants being the regents of Hutchinson Community College did

349     violate the Plaintiff in the following manner. { 1.) Violation of the

350     plaintiff's First amendment (retaliation); 2) violation of the

351     Fourteenth Amendment's due process clause, 3.) Violation of the (I)

352     Fourteenth Amendment's equal protection clause; 4.) Violation of

353     Kansas constitutional right to free speech, 5) violation of Kansas's

354 ==constitutional right to due process. 6.) Violation of Kansas's==

355 ==constitutional right of equal protection under the law. 7.) Breach of==

356 ==contract. 8) Defamation (as to defendants Jay Ballard and Kathy==

357 ==Sanchez 9.) libel and slander as to defendants Jay Ballard and Kathy==

358 ==Sanchez 10.) Tortious interference with a contract as to defendants==

359 ==Debra Heckler, Cindy Hoss, Janet Hamilton, Kathy Sanchez and Jay==

360 ==Ballard. 11) Intentional inflection of emotional distress and 12)==

361 ==violation of the Kansas Civil Rights Act. 13) Violation of the Kansas==

362 ==victim protection act.==} As this is the opening paragraph in the petition

363 the defense is fully aware of what the breaches of law are in this case

364 with full hard evidence supporting the student, nurse, and plaintiff.

365     (i)  The defendants are fully aware of the breaches of law as

366 they were all given a copy of the brief with the summons

367 (ii) As evidence by the sign returned receipt of the Federal Postal

368 service.

369 The defense counsel is fully aware of the matters and breach of law in

370 this case Dustin D. Coffman V Hutchinson Community College.

371     Therefore we request that matters on the docket fore mentioned gets

372     ruled on for counsel, for mediation for sealed documentation in the

373     interest of Justice.  Request both motions to dismiss be overruled in

374     favor of the plaintiff. As the case and breaches of law are stated with

375     the summons when the petition was delivered to the Chief executive

376     Officer Dr Cater File President of Hutchinson Community College.

377     **<u>Jurisdiction of the Federal Court in this matter can be easily</u>**

378     **<u>proved.</u>**

379     I.   Plaintiff is a principal business owner in the state of Kansas

380        through his house rentals.

381     A.     202 south Detroit street Norcatur, Ks 67653

382     B.    1.  Tenants names are Phil and Linda Lipe

383            i) Pays 375.00 per month.

384     C.    210 main street Almena, KS 67622

385      i)     Tenants name Jerry Prescott of Almena Ks pays 325.00 per

386         month.

387     II.  Plaintiff is a resident of another State.

388     a .Plaintiff has lived in Oklahoma for the past 17 months

i)      See the submitted Oklahoma Highway Patrol assist ticket

ii)     States Plaintiff is in breach of Oklahoma law

iii)    For not changing his tags, his drivers licenses, and registration over from Kansas to Oklahoma after living here longer than 14 months.

iv)     Trooper Colten Gilmore OHP State Trooper was the assisting officer.

v)      It clearly states that the plaintiff has lived at RR3 box 9 of Hooker, OK, 73945

vi)     Plaintiff has 15 months of rent receipts at his residence in Oklahoma.

vii)    Due to the finical status of the plaintiff being unemployed, have over drafts at the bank, coming up with the 75.00 dollars for the tags, 75.oo for the driver's license, and changing his registration is almost an impossibility.

viii)   The rental business only brings in 700.00 per month from the forum state of Kansas.

406    ix)    Plaintiffs has sought gainful employment as a nurse at several

407           facilities yet for some reason after getting hired, the Plaintiff

408           gets turn down before the first day on the floor.

409           A. This proves that the plaintiff does have ties in both the state

410              that he resides in and has business in the forum state

411              therefore this case cannot be dismissed on a jurisdictional

412              bias.

413                 1. injury to her professional reputation, was suffered in

414                    California." Id. at 788-89. The

415                 Supreme Court held that personal jurisdiction over the

416                    defendants was proper in

417              a. California based on the "effects" of their Florida conduct in

418                    California. Id. at 789. In its

419              analysis, the Court specifically noted that the defendants were

420                    "not charged with mere

421              untargeted negligence," but rather with undertaking intentional,

422                    and allegedly tortious,

423         actions "expressly aimed at California." Id. Under these

424                     circumstances, the Court}

425     [Case 3:14-cv-00067-RLY-WGH Document 135 Filed 08/04/15

426                     {Page 9 of 22 PageID #:

427                         <pageID>10}]

428     III. As the defendants, are also aware of where the plaintiff

429     resides at RR 3 Box 9 of Hooker, Oklahoma, 73945.

430     A. As evidence by, the rent receipts, the year-long contract to

431     Phil and Linda Lipe of 202 south for Detroit Street, Norcatur,

432     KS , 67653.

433     B. Phil and Linda Lipe signed a contract for one year, on

434     04/13/16,

435     1.  See signed lease agreement

436     2.  See mid-west energy bills at 202 south Detroit Street

437     Norcatur Ks Still in the tenants name per phone call to Prairie

438     land electric co-op.

439    C. to Phil and Linda Lipe was, Missy Hatfield of Norcatur KS,

440    67653, due to her house burning down in a fire, which the

441    tenants did not change the bills and tried to rob the plaintiff,

442    D. prior THOSE TENANTS WAS: to that was a Micheal Rohr

443    of Dodge City, Kansas living at 202 S. Detroit Street, Norcatur,

444    67653. In which the state, is also fully aware. This has been the

445    third tenants of that property in the last two years.

446    E. Plaintiff does have a Kansas CDL Class A doubles and

447    triples with motor cycle endorsement.

448    F. Address does say Dustin D. Coffman

449    202 south Detroit Street Norcatur, Ks, 676

450    Norcatur, Kansas 67653 however, the plaintiff has not lived at

451    that address for over two and half years. Prior to moving to

452    Oklahoma in May 2016. Plaintiff lived with his father Ret

453    Corrections Officer and State Hostage Negotiator for Dept. Of

454    Corrections, David F. Coffman, at 710 Pratt ave. , in Almena

455    KS, 67653

456

Commented [DC1]: Right time for church...yep the church of christ is put the Houston matter on the talks for long term assist.  Sent phil henricks a message also for Christian church assist and karlas family for cathothic church assist.  Finish this up and get the next matter over so we can fund this puppy....other non profits will follow suit....Week by week rotioins for each church orgainszions for help,  florida churches we have some work to do....

457  As the Plaintiff, Dustin D. Coffman LPN SR  has lived in Hooker,

458  Oklahoma, for the past 17 months this motion is not only status of

459  the: In *Tamburo, supra.*, the Seventh Circuit distilled three

460  requirements from *Calder*

461  for determining whether the purposeful-direction requirement is met:

462  (1) "intentional

463  conduct (or 'intentional and allegedly tortious' conduct); (2)

464  expressly aimed at the forum

465  state; (3) with the defendant's knowledge that the effects would be

466  felt – that is, the

467  plaintiff would be injured – in the forum state." 601 F.3d at 703.

468  As the court can see the defendants are fully aware of the matters

469  before in the Court in Dustin Coffman LPN SR IV V Hutchinson

470  Community College

471  **RE:. 1. Copy of the petition**

472  a. Has all points and causes and breaches of law

473  See ancillary Fed [Zwich V University of Michigan {2:06-

474  cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg 1 of 23

475            Pg ID 281}] compared to Dustin D. Coffman LPN SR IV V

476                 Hutchinson Community College et al defendants

477         b. Has all case and points according to law break for 15 mins

478    **2. <u>Copy of the civil cover sheet</u>**

479            a. Has all the plaintiff information including address

480            b. Has the checked boxes for which actions he is filing on

481    c. For the civil code on the cover sheet was not enough room for all a

482    causes of actions, as the Plaintiff followed the rules of engagement

483    and delivered the full petition of the with a summons service

484    contractor **with the summons as:**

485    **A.  <u>Plaintiff sent the petition via summons serve contract to Dr.</u>**

486    **<u>Cater File President of Hutchinson Community College</u>**

487    a. 08/17/17 with a copy of the petition

488    b. Copy of the civil cover sheet

489    c. Copy of the official court sealed summon

490    d. Certified sign receipt card

491    e. Copy of the summon contractor

492    f. Copy of the return address on the certified sign receipt

493 as the court was sent the summons signature of Dr. Carter File, the

494 court clerk needs to recheck the document's and file the paper work

495 with the justice of the peace for full transparence of these matter for

496 this to be able to get to the mediation table as the plaintiff is more

497 than willing to meditate, these matters quietly for the both the

498 interests of the college and the interests the licensed personnel

499 involved in this case. See also enclosed scan of Dr. Carter files

500 summon certified signed receipts from the United States Postal

501 Service.

502 (i)  Dr. Carter Files summon RE: **TESTAMONY OF LINDA**

503 **BRYAN SUMMONS CONTRACTOR, FILED SUMMONS**

504 **SHEET.**

505 (ii) Copy of the petition **RE: SENT WITH SUMMON**

506 (iii) Civil Cover sheet **RE: SENT WITH SUMMONS**

507 (iv) Copy of the summons **RE: PHOTO OF THE SIGNED**

508 **RETURN RECIEPT FROM THE U.S. POSTAL SERVICE**

509

510

**G.** **Has not even been attempted to do alternate dispute resolution nor discussed, as per Federal Regulations to save money under 16.3 alternative dispute resolution.**

**1. Motion for sealed documentation see docketed motion**

1. Has been ruled on as evidence by the 18) section of the docketed information, sent just once, to the Plaintiff, on the 09/07/17. That was only the second time the plaintiff was even given notice of the docketed information.  However would like to motion for full sealed documentation at this time under rule RULE 5.4.6 SEALED DOCUMENTS at this time.  I also will not be using the electronic filing system as hackers can intercept the transmissions and change the documentations.

**a. 18) docketed note:** Access to documents is restricted pursuant to the courts privacy policy.

B. **Expressly Aimed at State of Kansas subsidiary Hutchinson.**

community college in Dustin D. Coffman V Hutchinson Community college and Regents in case 17-4070.

529

530 **I. Aimed at Kansas entity Hutchinson Community College.**

531         To establish a defendant's conduct was aimed at the forum state, a

532                                    plaintiff must and the

533         show that "the defendant's suit-related conduct . . . create[s] a

534                              substantial connection with

535 the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).

536     The *Walden* Court} as such in the petition that was given to Dr. Carter

537         File President of the College both hand delivered by summons

538     contractor. Linda Bryan.  Was also mailed to the President Dr. Carter

539     Files office via. Signed certified mail in this case Dustin D. Coffman

540         LPN Sr Iv V Hutchinson Community College and Regents.

541     {emphasized that "the plaintiff cannot be the only link between the

542     defendant and the stated motion to dismiss.}  There must be a legal

543     reason to file a motion to dismiss on jurisdictional basis. And as the

544             I.     Plaintiff is the resident of the State of Oklahoma,

545 II.     Jurisdictional areas of the Federal Court District of Kansas.

546    and does have a rental housing business in Kansas as the forum

547    state.  This mentioned case and point proves, that this court, does

548    have jurisdiction. As this is not a foreign court nor a foreign

549    tribunal.  But a civil rights case breach of contract case and

550    violation of the Kansas State victims' rights act at both the Federal

551    and State levels. See ==Fed [Zwich V University of Michigan {2:06-==

552    ==cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg 1 of 23 Pg ID==

553    ==281}]==

554    **II. <u>JURISDICTION OF SUPREME COURT AND INFERIOR</u>**

555    **<u>FEDERAL COURTS</u>**

556

557    <u>(Cases Arising Under the Constitution, Laws, and Treaties of the United</u>

558    <u>States) Review of jurisdiction.</u>

559    <u>I.</u> Areas Federal courts have jurisdiction in civil law.

560    A. As this is not a matter of federal question but a breach of the

561    aforementioned breaches of Federal civil codes the defense is fully

562    aware of the causes of actions and breaches of law.

563  "Cases arising under the Constitution are cases that require an

564  interpretation of the Constitution for their correct decision.685 They

565  arise when a litigant claims an actual or threatened invasion of his

566  constitutional rights by the enforcement of some act of public authority,

567  usually an act of Congress or of a state legislature, and asks for judicial

568  relief. The clause furnishes the principal textual basis for the implied

569  power of judicial review of the constitutionality of legislation and other

570  official acts."]

571   l. areas of Federal courts  as such the plaintiff in Dustin Coffman LPN

572  SR V. Hutchinson Community College and regents the

573  a. plaintiff would here by ask for judicial relief as by the plaintiff has not

574  been able to any fairness of play by the state of Kansas educational

575  department in this matter IN CASE NUMBER 17-4070.

576

577  II.    Development of Federal Question Jurisdiction.—Almost from

578       the beginning, the Convention demonstrated an intent to create

579       "federal question" jurisdiction in the federal courts with regard

580       to federal laws;686 such cases involving the Constitution and

581    treaties were added fairly late in the Convention as floor

582    amendments.687 But when Congress enacted the Judiciary Act

583    of 1789, it did not confer general federal question jurisdiction

584    on the inferior federal courts, but left litigants to remedies in

585    state courts with appeals to the United States Supreme Court if

586    judgment went against federal constitutional claims.688

587    Although there were a few jurisdictional provisions enacted in

588    the early years,689 it was not until the period following the

589    Civil War that Congress, in order to protect newly created

590    federal civil rights and in the flush of nationalist sentiment,

591    first created federal jurisdiction in civil rights cases,690 and

592    then in 1875 conferred general federal question jurisdiction on

593    the lower federal courts.691 Since that time, the trend

594    generally has been toward conferral of ever-increasing grants

595    of jurisdiction to enforce the guarantees recognized and

596    enacted by Congress.692

597    See also

598    685 Cohens v. Virginia, 19 U.S. (6 Wheat,) 264, 378 (1821).

599   See also

600   686 M. Farrand, supra at 22, 211-212, 220, 244; 2 id. at 146-47, 186-87.

601   See also

602   687 Id. at 423-24, 430, 431.

603   See also

604   *688

605   1. The district courts were given cognizance of "suits for penalties and

606       forfeitures incurred, under the laws of the United States" and "of all

607       causes where an alien sues for a tort only in violation of the law of

608                         nations or a treaty of the United States.

609   1 ." Id. at 77. Plenary federal question jurisdiction was conferred by the

610   Act of February 13, 1801,§ 11, 2 Stat. 92, but this law was repealed by

611   the Act of March 8, 1802, 2 Stat. 132. On § 25 of the 1789 Act,

612   providing for appeals to the Supreme Court from state court

613   constitutional decisions, see supra.

614   SEE {2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg 1 of 23

615       Pg ID 281 FED ZWICH V UNIVERSTIY OF MICHIGAN}As an

616   ancillary case to the this case of 17-4070 Dustin D Coffman LPN Sr IV

617   v Hutchinson Community College and Regents as the breaches of law

618   are similar with all case and point this case has already been ruled on in

619   contextual matter of law.  See also @ 689 and 690

620   {689 Act of April 10, 1790, § 5, 1 Stat. 111, as amended, Act of

621   February 21, 1793, § 6, 1 Stat. 322 (suits relating to patents). Limited

622   removal provisions were also enacted.}

623   See also

624   {690 Act of April 9, 1866, § 3, 14 Stat, 27; Act of May 31, 1870, § 8, 16

625   Stat. 142; Act of February 28, 1871,§ 15, 16 Stat. 438; Act of April 20,

626   1871, §§ 2, 6, 17 Stat. 14, 15.}

627   And @691

628   691 Act of March 3, 1875, § 1, 18 Stat. 470, now 28 U.S.C. § 1331(a).

629   The classic treatment of the subject and its history is F. Frankfurter & J.

630   Landis, supra.

631   And @ 692

632   692 For a brief summary, see Hart & Wechsler, supra at 960-66.

633   SEE {2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg 1 of 23

634   Pg ID 281 FED ZWICH V UNIVERSTIY OF MICHIGAN}As an

635     ancillary case to the this case of 17-4070 Dustin D Coffman LPN Sr IV

636           v Hutchinson Community College and Regents

637          H. When a Case Arises Under.—The 1875 statute and its

638            present form both speak of civil suits "arising under the

639            Constitution, laws, or treaties of the United States,"693

640            the language of the Constitution. Thus, many of the early

641            cases relied heavily upon Chief Justice Marshall's

642            construction of the constitutional language to interpret

643            the statutory language.694 The result was probably to

644            accept more jurisdiction than Congress had intended to

645            convey.695 Later cases take a somewhat more restrictive

646            course.

647     Being the that case 17-4070 SAC GEB is not a federal jurisdiction

648              question case this but more over a

649  Determination whether there is federal question jurisdiction is made on

650  the basis of the plaintiff's pleadings and not upon the response or the

651  facts as they may develop.696 Plaintiffs seeking access to federal courts

652  on this ground must set out a federal claim which is "well-pleaded" and

653  the claim must be real and substantial and may not be without color of

654  merit.697 Plaintiffs may not anticipate that defendants will raise a

655  federal question in answer to the action.698 But what exactly must be

656  pleaded to establish a federal question is a matter of considerable

657  uncertainty in many cases. It is no longer the rule that, when federal law

658  is an ingredient of the claim, there is a federal question.699 pendant

659  jurisdiction is the and anillary  jurisdiction is the reasons we ask for the

660  motion to dismiss to be overruled in this matter of :

661              {17-4070 Sac Geb} see also as an ancillary case

662  2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg 1 of 23 Pg ID

663  281.  {ALREADY AJUDICATED FED ZWICH V UNIVERSITY OF

664      MICHIGAN}as the case {17-4070 SAC GEB Dustin D. Coffman V

665  Hutchinson Community College et al. defendants is almost the same in

666       every breach of law, breach of civil rights, and in its context, the

667  plaintiff, knows this case has merit and that the federal district court of

668                  Kansas has jurisdiction of these matters.}

669          I.  Many suits will present federal questions because a

670                  federal law creates the action.700 Perhaps Justice

671      Cardozo presented the most understandable line of

672      definition, while cautioning that "[t]o define broadly and

673      in the abstract 'a case arising under the Constitution or

674      laws of the United States' has hazards [approaching

675      futility]."701 How and when a case arises 'under the

676      Constitution or laws of the United States' has been much

677      considered in the books. Some tests are well established.

678      To bring a case within the statute, a right or immunity

679      created by the Constitution or laws of the United States

680      must be an element, and an essential one, of the

681      plaintiff's cause of action.... The right or immunity must

682      be such that it will be supported if the Constitution or

683      laws of the United States are given one construction or

684      effect, and defeated if they receive another.... A genuine

685      and present controversy, not merely a possible or

686      conjectural one, must exist with reference thereto....702

687              At 693 see

693 28 U.S.C. § 1331(a). The original Act was worded slightly
differently.

And at 694

694 Osborn v. Bank of the United States, 22 U.S. (9 Wheat.) 738 (1824).
See also Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 379 (1821).

And at 695

695 C. WRIGHT, HANDBOOK OF THE LAW OF FEDERAL
COURTS § 17 (4th ed. 1983).

CITED 696

696 See generally Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478
U.S. 804 (1986); Franchise Tax Bd. v. Construction Laborers Vacation
Trust, 463 U.S. 193

SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-12639-
MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}). As an
ancillary case with 17-0470

See also  Rule 5.4.6 for sealed documentation.

704   697 Newburyport Water Co. v. City of Newburyport, 193 U.S. 561, 576

705   (1904); Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105 (1933);

706   Binderup v. Pathe Exchange, 263 U.S. 291, 305-308 (1923).

707   J.   If the complaint states a case arising under the

708   Constitution or federal law, federal jurisdiction exists

709   even though on the merits the party may have no federal

710   right. In such a case, the proper course for the court is

711   dismiss for failure to state a claim on which relief can be

712   granted rather than for want of jurisdiction.

713   **III.   Jurisdictional authority in these matters :**

714   However, in this case 17-4070 Hutchison community

715   college and regents are well aware of the state of claim due

716   to the fact the chief executive officer Dr. Carter File was

717   given a copy of the petition by the summons contractor.

718   Linda E. Bryan.  Not only was it hand delivered it also was

719   mailed via United States Postal Service as the court can see.

720   Yet the docket does not show the summons of Dr. Carter

721   File in this case.

722   See also { Bell v. Hood, 327 U.S. 678 (1946). Of course, dismissal for

723   lack of jurisdiction is proper if the federal claim is frivolous or obviously

724   insubstantial. Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105

725   (1933).}as the court can see the petition on file and ancillary case }see

726   Fed [Zwich V University of  Michigan 2:06-cv-12639-MOB-MKM Doc

727   # 49 Filed 04/28/08 Pg 1 of 23 Pg ID 281see Zwich]} the court does

728   have jurisdiction and authority in these matters see also:

729   698 Louisville & N.R.R. v. Mottley, 211 U.S. 149 (1908). See Skelly

730   Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950); Phillips

731   Petroleum Co. v. Texaco, Inc., 415 U.S. 125 (1974).

732   See also @ 669

733   699 Such was the rule derived from Osborn v. Bank of the United

734   States, 22 U.S. (9 Wheat.) 738 (1824). See Franchise Tax Board v.

735   Construction Laborers Vacation Trust, 463 U.S. 1 (1983); Merrell Dow

736   Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986).

737   373 U.S. 647 (1963), with Bivens v. Six Unknown Named Agents, 403

738   U.S. 388 (1971). See also J. I. Case Co. v. Borak, 377 U.S. 426 (1964):

739   Smith v. Kansas City Title & Trust Co., 255 U.S. 180 (1921).

740    SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-12639-

741        MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

742    It was long evident, though the courts were not very specific about it,

743        that the federal question jurisdictional statute is and always was

744        narrower than the constitutional "arising under" jurisdictional

745    standard.703 Chief Justice Marshall in Osborn was interpreting the

746    Article III language to its utmost extent, but the courts sometimes

747        construed the statute equivalently, with doubtful results.704

748    SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-12639-

749    MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).compare

750    for ancillary case to 17-4070 Dustin D. Coffman LPN Sr V Hutchinson

751                College et al. Defendants.

752    Removal From State Court to Federal Court.—A limited right to

753    "remove" certain cases from state courts to federal courts was granted to

754    defendants in the Judiciary Act of 1789,705 and from then to 1872

755    Congress enacted several specific removal statutes, most of them

756    prompted by instances of state resistance to the enforcement of federal

757    laws through harassment of federal officers.706 The 1875 Act

758   conferring general federal question jurisdiction on the federal courts

759   provided for removal of such cases by either party, subject only to the

760   jurisdictional amount limitation.707 The present statute provides for the

761   removal by a defendant of any civil action which could have been

762   brought originally in a federal district court, with no diversity of

763   "{citizenship required in "federal question" cases."}708 A special civil

764   rights removal statute permits removal of any civil or criminal action by

765   a defendant who is denied or cannot enforce in the state court a right

766   under any law providing for equal civil rights of persons or who is being

767   proceeded against for any act under color of authority derived from any

768   law providing for equal rights.709   see also Fed [{Zwich v University

769   of Michigan (2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1

770   of 23 Pg. ID 281}).

771         { as Hutchison Community College is :

772         a. entity of the State of Kansas this is a federal matter.

773   b. as the plaintiff could not possibly get a fair and equal protection under

774         the law as evident by the treatment of the school officials. }

SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-12639-

MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

703 For an express acknowledgment, see Verlinden B. V. v. Central

Bank of Nigeria, 461 U.S. 480, 495 (1983). See also Shoshone Mining

Co. v. Rutter, 177 U.S. 505 (1900); Romero v. International Terminal

Operating Co., 358 U.S. 354, 379 n. 51 (1959).

704 E.g., Pacific Railroad Removal Cases, 115 U.S. 1 (1885), and see id.

710 Martin v. Hunter's Lessee, 14 U.S. (1 Wheat.) 304, 347-351 (1816).

Story was not here concerned with the constitutionality of removal but

with the constitutionality of Supreme Court review of state judgments.

Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM
Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).
See also

711 Chicago & N.W. Ry. v. Whitton's Administrator, 80 U.S. (13 Wall.)

270 (1872). Removal here was based on diversity of citizenship.}  As

the Plaintiff is citizen of the United States of America he is provided

equal protection under the law in Dustin D. Coffman V Hutchinson

Community College  ( See also The Moses Taylor, 71 U.S. (4 Wall.)

411, 429-430 (1867); The Mayor v. Cooper, 73 U.S. (6 Wall.) 247

(1868). Is for foreign courts not state to state courts or state to fed courts

in the same state as the premise of the defenses stance seem to claim in

their motion to dismiss. As this is neither a foreign tribunal nor a foreign

court is also the reason to dismiss by the plaintiff must be overruled.

704 E.g., Pacific Railroad Removal Cases, 115 U.S. 1 (1885), and see id.

at 24 (Chief Justice Waite dissenting).

SEE {2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg 1 of 23

Pg ID 281 FED ZWICH V UNIVERSTIY OF MICHIGAN}As an

ancillary case to the this case of 17-4070 Dustin D Coffman LPN Sr IV

v Hutchinson Community College and Regents  see also 705 &12

705 § 12, 1 Stat. 79.

And at 706

706 The first was the Act of February 4, 1815, § 8, 3 Stat. 198. The

series of statutes is briefly reviewed in Willingham v. Morgan, 395 U.S.

402, 405-406 (1969), and in H. Hart & H. Wechsler, supra at 1192-94.

See 28 U.S.C. §§ 1442, 1442a.

810    See ancillary case SEE ALSO Fed [{Zwich v University of Michigan

811    (2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID

812    281}).  and cause of actions were a web site photo from the internet sent

813    to the college by a third party claiming the plaintiff was a active sex

814    offender powered by google.  Being that the plaintiff was going by his

815    first given name

816    a. Dusty D Coffman

817    b. Someone would have to of told them specifically what to

818    type and search for.

819    c.  Dustin D. Coffman  Sex offender, Hooker, Ok by a third

820    party. Defamation, Libel and Slander.

821    d. As cause of actions from the defendants via emails to a third

822    party from Timbob33 CHS GAS and Oil sudieraty Jay hawk

823    pipe line employee Tim Robert Coffman from email

824    timbob33 to Plaintiffs emails Coffmandusty66@gmail.com

825    e. Defamation libel and Slander as to the following case after

826    these school matters have concluded.

707 Act of March 3, 1875, § 2, 18 Stat. 471. The present pattern of removal jurisdiction was established by the Act of March 3, 1887, 24 Stat. 552, as amended, 25 Stat. 433.

SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}). ee

708 28 U.S.C. § 1441.

See also at

709 28 U.S.C. § 1443.

a. The constitutionality of congressional provisions for removal was challenged and readily sustained. Justice Story analogized removal to a form of exercise of appellate jurisdiction,710 and a later Court saw it as an indirect mode of exercising original jurisdiction and upheld its constitutionality.711 In Tennessee v. Davis,712 which involved a state attempt to prosecute a federal internal revenue agent who had killed a man while seeking to seize an illicit distilling apparatus, the Court invoked the right of the National Government to defend itself against state harassment and restraint. The power to provide for removal was discerned in the necessary

845   and proper clause authorization to Congress to pass laws to carry

846   into execution the powers vested in any other department or

847   officer, here the judiciary.713 The judicial power of the United

848   States, said the Court, embraces alike civil and criminal cases

849   arising under the Constitution and laws and the power asserted in

850   civil cases may be asserted in criminal cases. A case arising under

851   the Constitution and laws "is not merely one where a party comes

852   into court to demand something conferred upon him by the

853   Constitution or by a law or treaty. A case consists of the right of

854   one party as well as the other, and may truly be said to arise under

855   the Constitution or a law or a treaty of the United States whenever

856   its correct decision depends upon the construction of either. Cases

857   arising under the laws of the United States are such as grow out of

858   the legislation of Congress, whether they constitute the right or

859   privilege, or claim or protection, or defense of the party, in whole

860   or in part, by whom they are asserted... ." see also Supreme Court

861   Review of Jurisdictions /http Justia.com

862     SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-12639-

863          MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

864                              See at 713 also

865                          713 100 U.S. at 263-64.

866     SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-12639-

867          MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

868     "The constitutional right of Congress to authorize the removal before

869     trial of civil cases arising under the laws of the United States has long

870     since passed beyond doubt. It was exercised almost contemporaneously

871     with the adoption of the Constitution, and the power has been in constant

872     use ever since. The Judiciary Act of September 24, 1789, was passed by

873     the first Congress, many members of which had assisted in framing the

874          Constitution; and though some doubts were soon after suggested

875     whether cases could be removed from State courts before trial, those

876     doubts soon disappeared."714 The Court has broadly construed the

877     modern version of the removal statute at issue in this case so that it

878     covers all cases where federal officers can raise a colorable defense

879          arising out of their duty to enforce federal law.715 other removal

880     statutes, notably the civil rights removal statute, have not been so

881     broadly interpreted.716 see also for ancillary case and cause of actions:

882     Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM

883     Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

884     See also at 716 (713 100 U.S. at 263-64.) in this case.

885              K. Corporations Chartered by Congress.—In Osborn v.

886                 Bank of the United States,717 Chief Justice Marshall

887                 seized upon the authorization for the Bank to sue and be

888                 sued as a grant by Congress to the federal courts of

889                 jurisdiction in all cases to which the bank was a

890                 party.718 Consequently, upon enactment of the 1875

891                 law, the door was open to other federally chartered

892                 corporations to seek relief in federal courts. This

893                 opportunity was made actual when the Court in the

894                 Pacific Railroad Removal Cases719 held that tort actions

895                 against railroads with federal charters could be removed

896                 to federal courts solely on the basis of federal

897                 incorporation. In a series of acts, Congress deprived

898         national banks of the right to sue in federal court solely

899         on the basis of federal incorporation in 1882,720

900         deprived railroads holding federal charters of this right in

901         1915,721 and finally in 1925 removed from federal

902         jurisdiction all suits brought by federally chartered

903         corporations on the sole basis of such incorporation,

904         except where the United States holds at least half of the

905         stock.722

906                           See also

907                           714 100 U.S. at 264-65.

908   SEE {2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg 1 of 23

909   Pg ID 281 FED ZWICH V UNIVERSTIY OF MICHIGAN}As an

910   ancillary case to the this case of 17-4070 Dustin D Coffman LPN Sr IV

911   v Hutchinson Community College and Regents also see at

912                           715

913   715 Willingham v. Morgan, 395 U.S. 402 (1969). See also Maryland v.

914   Soper, 270 U.S. 9 (1926). Removal by a federal officer must be   if

915   apredicated on the allegation of a colorable federal defense. Mesa v.

916  California, 489 U.S. 121 (1989). However, a federal agency is

917  permitted to remove under the statute's plain meaning. International

918  Primate Protection League v. Tulane Educ. Fund, 500 U.S. 72 (1991).

919  SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-12639-

920  MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

921  716 Georgia v. Rachel, 384 U.S. 780 (1966); City of Greenwood v.

922  Peacock, 384 U.S. 808 (1966); Johnson v. Mississippi, 421 U.S. 213

923  (1975).

924          See  @ 712 for against case and point in this matter;

925                      717 22 U.S. (9 Wheat.) 738 (1824).

926  As for the against points of law that must be considered in this case

927  718 The First Bank could not sue because it was not so authorized. Bank

928  of the United States v. Deveaux, 9 U.S. (5 Cr.) 61 (1809). The language,

929  which Marshall interpreted as conveying jurisdiction, was long

930  construed simply to give a party the right to sue and be sued without

931  itself creating jurisdiction,. Bankers Trust Co. v. Texas & P. Ry., 241

932  U.S. 295 (1916), but in American National Red Cross v. S. G., 505 U.S.

933  247 (1992),

934     A. 5-to-4 decision, the Court held that when a federal statutory charter

935     expressly mentions the federal courts in its "sue and be sued" provision

936     the charter creates original federal-question jurisdiction as well, although

937     a general authorization to sue and be sued in courts of general

938     jurisdiction, including federal courts, without expressly mentioning

939     them, does not confer jurisdiction. } therefore in this case 17-4070}

940     Dustin D. Coffman LPN Sr V Hutchinson Community College and

941     Regents } the defense must specifically state what jurisdiction issues

942     they have. Being that the Plaintiff is a United States Citizen, business

943     owner in the state of Kansas, and is a resident of Oklahoma it begs to

944     question what specific jurisdictional issues the defense could possibly

945     have.

946     See also

947     719 115 U.S. 1 (1885).

948     See also

949     720 § 4, 22 Stat. 162.

950     And at

951     721 § 5, 38 Stat. 803.

See also

722 See 28 U.S.C. § 1349.

SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}). As an ancillary case to case number 17-4070.

Also see

723 § 301, 61 Stat. 156 (1947), 29 U.S.C. § 185.

And at 724

724 Textile Workers Union v. Lincoln Mills, 353 U.S. 448 (1957). Earlier the Court had given the section a restricted reading in Association of Employees v. Westinghouse Electric Corp., 348 U.S. 437 (1955), at least in part because of constitutional doubts that § 301 cases in the absence of diversity of citizenship presented a federal question sufficient for federal jurisdiction. Id. at 449-52, 459-61 (opinion of Justice Frankfurter).

L. In Lincoln Mills, the Court resolved this difficulty by ruling that federal law was at issue in § 301 suits and

969  thus cases arising under § 301 presented federal

970  questions. 353 U.S. at 457. The particular holding of

971  Westinghouse, that no jurisdiction exists under § 301 for

972  suits to enforce personal rights of employees claiming

973  unpaid wages, was overturned in Smith v. Evening News

974  Ass'n, 371 U.S. 195 (1962). This is not federal

975  question....this is for civil breach rights Fed [{Zwich v

976  University of Michigan (2:06-cv-12639-MOB-MKM

977  Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

978  Furthermore it has already been heard for the same breaches of law in

979  Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM

980  Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}). As an ancillary case

981  to 17-4070.

982  A. Therefore the plaintiff request that the motion on all counts

983  defense.

984  1. Be overruled,

985  2. per our objection and case and points.

986    3.  and as a matter of law.

987    C. Judgment for the plaintiff be ruled in his favor for these motions to

988    dismiss by the defense be overruled.

989    **IV.**

990    **<u>Motion For 16.3 ADR Alternative Dispute resolution</u>**

991

992    I.    Motion for 16.3 adr be ruled I favor of the Plaintiff for settlement
993          of these matters in the interest of justice.

994    SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-12639-
995          MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

996                        1. Motion to dismiss for failure to state a claim.
997                        2. A. Motion to dismiss for jurisdictional bases
998                        3. And the joint attached motion to dismiss for
999                           failure to state a claim
1000                       4. Must be denied

1001   As a matter of law that has been presented by the Plaintiff Dustin D.
1002   Coffman LPN Sr IV STATE OF KANSAS AS FOR BOTH
1003   MOTIONS

1004   1. Failure to dismiss to state a claim joint motion.

1005   2 AND 3. Motion to dismiss on lack of jurisdictional matter of law.

1006   Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM
1007   Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

1008   As an ancillary case to Dustin D. Coffman LPN SR IV V Hutchinson

1009   Community College et al defendants.

1010    SEE ALSO THE SUPERIPOR COURT REVIEW OF

1011   JURIDICITIONAL REVIEW OF FEDERAL COURTS

1012    See also Supreme Court Review of Jurisdiction on Justia.com

1013   A. variant of pendent jurisdiction, sometimes called "ancillary

1014   jurisdiction," is the doctrine allowing federal courts to acquire

1015   jurisdiction entirely of a case presenting two federal issues, although it

1016   might properly not have had jurisdiction of one of the issues if it had

1017   been independently presented.742 Thus, in an action under a federal

1018   statute, a compulsory counterclaim not involving a federal question is

1019   properly before the court and should be decided.743 The concept has

1020   been applied to a claim otherwise cognizable only in admiralty when

1021   joined with a related claim on the law side of the federal court, and in

1022   this way to give an injured seaman a right to jury trial on all of his

1023   claims when ordinarily the claim cognizable only in admiralty would be

1024   tried without a jury.744 And a colorable constitutional claim has been

held to support jurisdiction over a federal statutory claim arguably not

within federal jurisdiction.745

725 Charles Dowd Box Co. v. Courtney, 368 U.S. 713 100 U.S. at 263-

64.502 (1962).

Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM
Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).  AS ANCILLARY
CASE TO 17-4070)

See also at 726 Teamsters v Lucas Flour Co. @ 726

726 Teamsters v. Lucas Flour Co., 369 U.S. 95 (1962). State law is not,

however, to be totally disregarded. "State law, if compatible with the

purpose of § 301, may be resorted to in order to find the rule that will

best effectuate the federal policy ….

A.  Any state law applied, however, will be absorbed as federal law

    and will not be an independent source of private rights." Textile

    Workers Union v. Lincoln Mills, 353 U.S. 448, 457 (1957).

                    Also at 727

B. 727 For example, when federal regulatory statutes create new

    duties without explicitly creating private federal remedies for their

violation, the readiness or un-readiness of the federal courts to

infer private causes of action is highly significant.

SEE {2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg 1

of 23 Pg ID 281 FED ZWICH V UNIVERSTIY OF

MICHIGAN}As an ancillary case to the this case of 17-4070

Dustin D Coffman LPN Sr IV v Hutchinson Community College

and Regents.

C. While inference is an acceptable means of judicial enforcement

of statutes, e.g., Texas & Pacific Ry. v. Rigsby, 241 U.S. 33

(1916), the Court began broadly to construe statutes to infer private

actions only with J. I. Case Co. v. Borak, 377 U.S. 426 (1964). See

Cort v. Ash, 422 U.S. 66 (1975). More recently, influenced by a

separation of powers critique of implication by Justice Powell, the

Court drew back and asserted it will imply an action only in

instances of fairly clear congressional intent. Cannon v. University

of Chicago, 441 U.S. 677 (1979); California v. Sierra Club, 451

U.S. 287 (1981); Middlesex County Sewerage Auth. v. National

1060    Sea Clammers Ass'n, 453 U.S. 1 (1981); Merrill, Lynch v. Curran,

1061    456 U.S. 353 (1982); Thompson v. Thompson, 484 U.S. 174

1062    (1988); Karahalios v. National Fed'n of Fed. Employees, 489 U.S.

1063    527 (1989).

1064

1065    constitutional violations, Bivens v. Six Unknown Named

1066    Agents, 403 U.S. 388 (1971); Davis v. Passman, 442 U.S. 228

1067    (1979); Carlson v. Green, 446 U.S. 14 (1980), but it has

1068    retreated here as well, refusing to apply Bivens when "any

1069    alternative, existing process for protecting the interest" that is

1070    threatened exists, or when "any special factors counselling

1071    hesitation" are present. Wilkie v. Robbins, 551 U.S. 537, 550

1072    (2007). See also Chappell v. Wallace, 462 U.S. 296, 298

1073    (1983); Bush v. Lucas, 462 U.S. 367 (1983); Schweiker v.

1074    Chilicki, 487 U.S. 412 (1988); FDIC v. Meyer, 510 U.S. 471

1075    (1994); Correctional Services Corp. v. Malesko, 534 U.S. 61

1076    (2001). "Federal common law" may exist in a number of areas

1077    where federal interests are involved and federal courts may take

1078     cognizance of such suits under their "arising under"

1079     jurisdiction. E.g., Illinois v. City of Milwaukee, 406 U.S. 91

1080     (1972); International Paper Co. v. Ouellette, 479 U.S. 481

1081     (1987). And see County of Oneida v. Oneida Indian Nation,

1082     470 U.S. 226, 236-240 (1985); National Farmers Union Ins.

1083     Cos. v. Crow Tribe, 471 U.S. 845 (1985).{ common law" in the

1084     absence of some congressional authorization to formulate

1085     substantive rules, } citing. Texas Industries v. Radcliff

1086     Materials, 451 U.S. 630 (1981), and Congress may always

1087     statutorily displace the judicially created law. City of

1088     Milwaukee v. Illinois, 451 U.S. 304 (1981).

1089   Finally, federal courts have federal question jurisdiction of claims

1090   created by state law if there exists an important necessity for an

1091   interpretation of an act of Congress. Smith v. Kansas City Title & Trust

1092   Co., 255 U.S. 180 (1921).

1093   See specifically for the Hutchinson college case 17-4070 SAC GEB case

1094   and point of civil rights acts Jurisdiction rules for the Federal court

D.   **Civil Rights Act Jurisdiction**.—Perhaps the most important of the special federal question jurisdictional statutes is that conferring jurisdiction on federal district courts to hear suits challenging the deprivation under color of state law or custom of any right, privilege, or immunity secured by the Constitution or by any act of Congress providing for equal rights.728 Because it contains no jurisdictional amount provision729 (while the general federal question statute until recently did)730 and because the Court has held inapplicable the judicially-created requirement that a litigant exhaust his state remedies before bringing federal action,731 the statute has been heavily utilized, resulting in a formidable caseload, by plaintiffs attacking racial discrimination, malapportionment and suffrage restrictions, illegal and unconstitutional police practices, state restrictions on access to welfare and other public assistance, and a variety of other state and local governmental practices.732 Congress has encouraged utilization of the two

1112    statutes by providing for attorneys' fees under § 1983,733 and

1113    by enacting related and specialized complementary

1114    statutes.734 The Court in recent years has generally

1115    interpreted § 1983 and its jurisdictional statute broadly but it

1116    has also sought to restrict to some extent the kinds of claims

1117    that may be brought in federal courts.735 It should be noted

1118    that § 1983 and § 1343(3) need not always go together,

1119    inasmuch as § 1983 actions may be brought in state courts.736

1120    Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-

1121    MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).({

1122    Whereas, the plaintiff in this matter 17-4070 when used as an

1123    ancillary case this court can see that the matters before HER

1124    Honor Justice Gwynne E. Birzer, that this case if a horrible

1125    breach of civil rights to the plaintiff . Like wise in the

1126    Hutchinson Communtiy college case 17-4070 the plaintiff has

1127    far better standing in all points pro for the plaintiff as a matter

1128    of law.  This action by the college was done with foresight and

1129    malice to the Plaintiff Dustin D. Coffman LPN Sr IV Nurse

1130    State of Kansas. ASEE {2:06-cv-12639-MOB-MKM Doc # 49

1131    Filed 04/28/08 Pg 1 of 23 Pg ID 281 FED ZWICH V

1132    UNIVERSTIY OF MICHIGAN}As an ancillary case to the this

1133    case of 17-4070 Dustin D Coffman LPN Sr IV v Hutchinson

1134    Community College and Regents for the ancillary case the

1135    Regents of the Universtiy Michigan did not follow school

1136    procedures and the plaintiff was awarded 1.76 million dollars

1137    and Alissa Zwich was failing and having to repeat the courses.

1138    a. dismissed from college with an a.d.d. diagnosis was failing classes

1139    b. yet was still awarded 1.76 million dollars for the college not

1140    following the school rules or dismissal.})

1141    c.  For the schools  Failure to notify the student of her academic
1142    performances in dental school.

1143    As in this case 17-4070 the plaintiff to has Attention Deficit
1144    Hyperactive Disorder which is controlled by Adderall prescribed by a
1145    doctor.  Yet the Plaintiff was passing all of his classes with a 3.15
1146    cumulative grade point average. Not only had his civil rights
1147    breached in this case but also suffered mental health abuse at the hand
1148    of the defendants.

1149 RE: Any normal person, would feel attacked if while doing, all that
1150 was expected of them.

1151 A. in class work and

1152 B. still put out of college for the reasons this veteran was put out of
1153 the institution

1154 C. let alone one who already has a mental health diagnosis of AdHd
1155 see exhibits

1156 See also see * 728

1157

1158 728 28 U.S.C. § 1343(3). The cause of action to which this jurisdictional

1159 grant applies is 42 U.S.C. § 1983, making liable and subject to other

1160 redress any person who, acting under color of state law, deprives any

1161 person of any rights, privileges, or immunities secured by the

1162 Constitution and laws of the United States. For discussion of the history

1163 and development of these two statutes, see Monroe v. Pape, 365 U.S.

1164 167 (1961); Lynch v. Household Finance Corp., 405 U.S. 538 (1972);

1165 Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978),

1166 Chapman v. Houston Welfare Rights Org., 441 U.S. 600 (1979); Maine

1167 v. Thiboutot, 448 U.S. 1 (1980). Although the two statutes originally has

1168 the same wording in respect to "the Constitution and laws of the United

1169  States," when the substantive and jurisdictional aspects were separated

1170  and codified, § 1983 retained the all-inclusive "laws" provision, while §

1171  1343(3) read "any Act of Congress providing for equal rights." The

1172  Court has interpreted the language of the two statutes literally, so that

1173  while claims under laws of the United States need not relate to equal

1174  rights but may encompass welfare and regulatory laws, Maine v.

1175  Thiboutot; but see Middlesex County Sewerage Auth. v. National Sea

1176  Clammers Assn., 453 U.S. 1 (1981), such suits if they do not spring

1177  from an act providing for equal rights may not be brought under §

1178  1343(3). Chapman v. Houston Welfare Rights Org., supra. This was

1179  important when there was a jurisdictional amount provision in the

1180  federal question statute, but is of little significance today.

1181  Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM
1182  Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

1183  See also @729

1184  729 See Hague v. CIO, 307 U.S. 496 (1939). Following Hague, it was

1185  argued that only cases involving personal rights, that could not be valued

1186  in dollars, could be brought under § 1343(3), and that cases involving

property rights, which could be so valued, had to be brought under the

federal question statute. This attempted distinction was rejected in

Lynch v. Household Finance Corp., 405 U.S. 538, 546-548 (1972). On

the valuation of constitutional rights, see Carey v. Piphus, 435 U.S. 247

(1978). And see Memphis Community School Dist. v. Stachura, 477

U.S. 299 (1986) (compensatory damages must be based on injury to the

plaintiff, not on some abstract valuation of constitutional rights).

See also

730 28 U.S.C. § 1331 was amended in 1976 and 1980 to eliminate the

jurisdictional amount requirement. Pub. L. 94-574, 90 Stat. 2721; Pub.

L. 96-486, 94 Stat. 2369.

731 Patsy v. Board of Regents, 457 U.S. 496 (1982). This had been the

rule since at least McNeese v. Board of Education, 373 U.S. 668 (1963).

See also Felder v. Casey, 487 U.S. 131 (1988) ==(state notice of claim==

==statute, requiring notice and waiting period before bringing suit in state==

==court under § 1983, is preempted).== However, since the plaintiff has sent

the petition to Dr. Carter File .

1205      1. Has been served to the chief executive officer of the

1206      college per pro se rules yes.

1207      2. . Plaintiff has submitted the sign receipts to the court

1208      clerk/ see attached evidence photos.

1209      3.  All other summons have been docket yet Dr.Carter Files

1210      summon has not been filed.  Why?

1211      4.  What was the specific reason that evidence and

1212      summons was not put on the docket?  See attached

1213      evidence

1214

1215  See also SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-

1216  12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

1217      And also see Brown V Board of Education @ 732

1218  732 Thus, such notable cases as Brown v. Board of Education, 347 U.S.

1219   483 (1954), and Baker v. Carr, 369 U.S. 186 (1962), arose under the

1220      statutes.

1221  735 E.g., Parratt v. Taylor, 451 U.S. 527 (1981); Ingraham v. Wright,

1222  430 U.S. 651 (1977).

1223    See also

1224    736 Maine v. Thiboutot, 448 U.S. 1 (1980).

1225    Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM
1226    Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

1227    See also derived

1228    Pendent Jurisdiction.—Once jurisdiction has been acquired through

1229    allegation of a federal question not plainly wanting in substance,737 a

1230    federal court may decide any issue necessary to the disposition of a case,

1231    notwithstanding that other non-federal questions of fact and law may be

1232    involved therein.738 "Pendent jurisdiction," as this form is commonly

1233    called, exists whenever the state and federal claims "derive from a

1234    common nucleus of operative fact" and are such that a plaintiff "would

1235    ordinarily be expected to try them all in one judicial proceeding."739

1236    Ordinarily, it is a rule of prudence that federal courts should not pass on

1237    federal constitutional claims if they may avoid it and should rest their

1238    conclusions upon principles of state law where possible.740 But the

1239    federal court has discretion whether to hear the pendent state claims in

1240    the proper case. Thus, the trial court should look to "considerations of

judicial economy, convenience and fairness to litigants" in exercising its

discretion and should avoid needless decisions of state law. If the federal

claim, though substantial enough to confer jurisdiction, was dismissed

before trial, or if the state claim substantially predominated, the court

would be justified in dismissing the state claim.741

See also Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-
MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

And see

737 Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105 (1933);

Hagans v. Lavine, 415 U.S. 528, 534-543 (1974).

Also see:

738 Osborn v. Bank of the United States, 22 U.S. (9 Wheat.) 738, 822-

28 (1824); Siler v. Louisville & Nashville R.R. Co., 213 U.S. 175

(1909); Hurn v. Oursler, 289 U.S. 238 (1933); United Mine Workers v.

Gibbs, 383 U.S. 715 (1966).

See at 739:

739 Osborn v. Bank, 22 U.S. at 725. This test replaced a difficult-to-

apply test of Hurn v. Oursler, 289 U.S. 238, 245-46 (1933). See also

1259  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994); Peacock v.

1260  Thomas, 516 U.S. 349 (1996) (both cases using the new vernacular of

1261  "ancillary jurisdiction").

1262  H Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM
1263  Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

1264  However in this case,

1265  740 Siler v. Louisville & Nashville R. Co., 213 U.S. 175 (1909); Greene

1266  v. Louisville & Interurban R.R., 244 U.S. 499 (1917); Hagans v. Lavine,

1267  415 U.S. 528, 546-550 (1974). In fact, it may be an abuse of discretion

1268  for a federal court to fail to decide on an available state law ground

1269  instead of reaching the federal constitutional question. Schmidt v.

1270  Oakland Unified School Dist., 457 U.S. 594 (1982) (per curiam).

1271  However, narrowing previous law, the Court held in Pennhurst State

1272  School & Hosp. v. Halderman, 465 U.S. 89 (1984), held that when a

1273  pendent claim of state law involves a claim that is against a State for

1274  purposes of the Eleventh Amendment federal courts may not adjudicate

1275  it.

1276  See also at 741

1277   741 United Mine Workers v. Gibbs, 383 U.S. 715, 726-727 (1966).

1278   A.   A variant of pendent jurisdiction, sometimes called "ancillary

1279        jurisdiction," is the doctrine allowing federal courts to acquire

1280        jurisdiction entirely of a case presenting two federal issues,

1281        although it might properly not have had jurisdiction of one of the

1282        issues if it had been independently presented.742 Thus, in an

1283        action under a federal statute, a compulsory counterclaim not

1284        involving a federal question is properly before the court and should

1285        be decided.743 The concept has been applied to a claim otherwise

1286        cognizable only in admiralty when joined with a related claim on

1287        the law side of the federal court, and in this way to give an injured

1288        seaman a right to jury trial on all of his claims when ordinarily the

1289        claim cognizable only in admiralty would be tried without a

1290        jury.744 And a colorable constitutional claim has been held to

1291        support jurisdiction over a federal statutory claim arguably not

1292        within federal jurisdiction.745 as is the reason for jurisdiction, in

1293        this matter of Dustin D. Coffman LPN SR IV V Hutchinson

1294        Community College et. Al defendants.

1295 ==See== SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-12639-

1296 MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}). And see

1297 (at 742 citing Freeman V Howe)

1298 ==742 The initial decision was Freeman v. Howe, 65 U.S. (24 How.) 450==

1299 ==(1861), in which federal jurisdiction was founded on diversity of==

1300 ==citizenship.==

1301 Not diversity of state of residency, but residency as a United States

1302 Citizen and a foreign citizen. Being that the

1303          A. plaintiff is a veteran of the United States

1304             Armed Forces,

1305          B. . and being that the plaintiff Dustin D.

1306             Coffman LPN SR Iv Nurse for the State of

1307             Kansas.

1308          C. Kansas State Nursing License.

1309          D. DD 214

1310          E. Code red document for honorable discharge

1311             from the United States Army.

F.  Operation Enduring Freedom Award post

(United States Southern Command Miami

Dade Intel counter drug intelligence)

RE: Proves that this court has jurisdiction over civil rights breaches as

well as common law adjudications of law in Federal court see also

A.

SEE AT  744 [Romero v. International Terminal Operating Co., 358

U.S. 354, 380-381 (1959); Fitzgerald v. United States Lines Co., 374

U.S. 16 (1963).]

B. 45 Rosado v. Wyman, 397 U.S. 397, 400-405 (1970).

SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-12639-

MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

Still another variant is the doctrine of "pendent parties," under which a

federal court could take jurisdiction of a state claim against one party if

it were related closely enough to a federal claim against another party,

as in Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-

MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}). As is the case

1329   in this motion to overrule all matters presented at this time by the

1330   defense;

1331   I.    This Fed ruling of Zwich V University of Michigan in this case

1332         and point shows almost exactly the same cause of actions, case

1333         and points as in 17-4070 Dustin D. Coffman LPN SR V

1334         Hutchinson Community College and regents in almost every

1335         aspect except for one matter.

1336   II.    The plaintiff was passing all course work with a 3.15

1337         cumulative G.P.A.

1338   III.   Never failed a single test, and was

1339   IV.   carrying a 96 percent GPA in clinic areas.

1340   V.    Performed so well that Hutchinson Regional Hospital offered

1341         him employment. And was told to go get an application by

1342         hospital staff.

1343   SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-12639-

1344   MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

1345   A. Zwich V University of Michigan even though there was no

1346   independent jurisdictional base for the state claim.746 While the

1347   Supreme Court at first tentatively found some merit in the idea,747 in

1348   Finley v. United States,748 by a 5-to-4 vote the Court firmly

1349   disapproved of the pendent party concept and cast considerable doubt on

1350   the other prongs of pendent jurisdiction as well. Pendent party

1351   jurisdiction, Justice Scalia wrote for the Court, was within the

1352   constitutional grant of judicial power, but to be operable it must be

1353   affirmatively granted by congressional enactment.749 Within the year,

1354   Congress supplied the affirmative grant, adopting not only pendent party

1355   jurisdiction but also codifying pendent jurisdiction and ancillary

1356   jurisdiction under the name of "supplemental jurisdiction."750

1357   As well as in this case 17-4070  Dustin D. Coffman LPN SR IV V

1358   Hutchinson community college et al defendants.

1359   Thus, these interrelated doctrinal standards now seem well-grounded.

1360   SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-12639-

1361   MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

Protective Jurisdiction.—A conceptually difficult doctrine, which approaches the verge of a serious constitutional gap, is the concept of protective jurisdiction. Under this doctrine, it is argued that in instances in which Congress has legislative jurisdiction, it can confer federal jurisdiction, with the jurisdictional statute itself being the "law of the United States" within the meaning of Article III, even though Congress has enacted no substantive rule of decision and state law is to be applied. Put forward in controversial cases,751 the doctrine has neither been rejected nor accepted by the Supreme Court. In Verlinden B. V. v. Central Bank of Nigeria,752 the Court reviewed a congressional grant of jurisdiction to federal courts to hear suits by an alien against a foreign state, jurisdiction not within the "arising under" provision of article III. Federal substantive law was not applicable, that resting either on state or international law. Refusing to consider protective jurisdiction, the Court found that the statute regulated foreign commerce by promulgating rules governing sovereign immunity from suit and was a law requiring interpretation as a federal-question matter. That the doctrine does raise constitutional doubts is perhaps grounds enough to avoid reaching it.753

1380   See also

1381   746 Judge Friendly originated the concept in Astor-Honor, Inc. v.

1382   Grosset & Dunlap, Inc., 441 F.2d 627 (2d Cir. 1971); Leather's Best,

1383   Inc. v. S. S. Mormaclynx, 451 F.2d 800 (2d Cir. 1971).

1384   SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-12639-

1385   MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}). And

1386   also see Aldinger v Howard, 427 at 747

1387   747 Aldinger v. Howard, 427 U.S. 1 (1976).

1388   And at 748

1389   748 490 U.S. 545 (1989).

1390   See at

1391   749 490 U.S. at 553, 556.

1392   See at

1393   750 Act of Dec. 1, 1990, P. L. 101-650, 104 Stat. 5089, § 310, 28 U.S.C.

1394   § 1367. In City of Chicago v. International College of Surgeons, 522

1395   U.S. 156 (1998), the Court, despite the absence of language making §

1396   1367 applicable, held that the statute gave district courts jurisdiction

1397   over state-law claims in cases originating in state court and then

1398  removed to federal court. As well as it should in this matter in this case

1399  of 17-4070 Dustin D. Coffman LPN SR IV V Hutchinson Community

1400  College.

1401  See also See also Fed [{Zwich v University of Michigan (2:06-cv-

1402  12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

1403  0 i a case but a breach of civil rights already adjucated in another court

1404  case as Her Honor can see.  Holding to the principal of law and

1405  prinicpals from the highest court. These motions to dismiss must be

1406  overruled. Supreme Court Review of State Court Decisions.—In

1407  addition to the constitutional issues presented by § 25 of the Judiciary

1408  Act of 1789 and subsequent enactments,754 questions have continued to

1409  arise concerning review of state court judgments which go directly to the

1410  nature and extent of the Supreme Court's appellate jurisdiction. Because

1411  of the sensitivity of federal-state relations and the delicate nature of the

1412  matters presented in litigation touching upon them, jurisdiction to review

1413  decisions of a state court is dependent in its exercise not only upon

1414  ascertainment of the existence of a federal question but upon a showing

1415  of exhaustion of state remedies and of the finality of the state judgment.

1416 Because the application of these standards to concrete facts is neither

1417 mechanical nor nondiscretionary, the Justices have often been divided

1418 over whether these requisites to the exercise of jurisdiction have been

1419 met in specific cases submitted for review by the Court.

1420 However, this is not a review of federal question case in 17-407

1421 The Court is empowered to review the judgments of "the highest court

1422 of a State in which a decision could be had."755 This will ordinarily be

1423 the State's court of last resort, but it could well be an intermediate

1424 appellate court or even a trial court if its judgment is final under state

1425 law and cannot be reviewed by any state appellate court.756 The review

1426 is of a final judgment below. "It must be subject to no further review or

1427 correction in any other state tribunal; it must also be final as an effective

1428 determination of the litigation and not of merely interlocutory or

1429 intermediate steps therein. It must be the final word of a final court."757

1430 The object of this rule is to avoid piecemeal interference with state court

1431 proceedings; it promotes harmony by preventing federal assumption of a

1432 role in a controversy until the state court efforts are finally resolved.758

1433 For similar reasons, the Court requires that a party seeking to litigate a

federal constitutional issue on appeal of a state court judgment must

have raised that issue with sufficient precision to have enabled the state

court to have considered it and she must have raised the issue at the

appropriate time below.759

See also See also See also Fed [{Zwich v University of Michigan (2:06-

cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID

281}).

752 461 U.S. 480 (1983).

See also

753 E.g., Mesa v. California, 489 U.S. 121, 136-137 (1989) (would

present grave constitutional problems).

*759. We are not permitted to render an advisory opinion, and if the

same judgment would be rendered by the state court after we corrected

its views of Federal laws, our review could amount to nothing more than

an advisory opinion."761 The Court is faced with two interrelated

1452  decisions: whether the state court judgment is based upon a nonfederal

1453  ground and whether the non-federal ground is adequate to support the

1454  state court judgment. It is, of course, the responsibility of the Court to

1455  determine for itself the answer to both questions. See also at 762

1456  760 Murdock v. City of Memphis, 87 U.S. (20 Wall.) 590 (1874); Black

1457  v. Cutter Laboratories, 351 U.S. 292 (1956); Wilson v. Loew's, Inc., 355

1458  U.S. 597 (1958).

1459  See also See also See also Fed [{Zwich v University of Michigan (2:06-

1460  cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID

1461  281}).

1462  SEE {2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg 1 of 23

1463  Pg ID 281 FED ZWICH V UNIVERSTIY OF MICHIGAN}As an

1464  ancillary case to the this case of 17-4070 Dustin D Coffman LPN Sr IV

1465  v Hutchinson Community College and Regents

1466  766 Poafpybitty v. Skelly Oil Co., 390 U.S. 365, 375-376 (1968).

1467  SEE {2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg 1 of 23

1468  Pg ID 281 FED ZWICH V UNIVERSTIY OF MICHIGAN}As an

1469   ancillary case to the this case of 17-4070 Dustin D Coffman LPN Sr IV

1470   v Hutchinson Community College and Regents

1471   767 Southwestern Bell Tel. Co. v. Oklahoma, 303 U.S. 206 (1938);

1472   Raley v. Ohio, 360 U.S. 423, 434-437 (1959). When there is uncertainty

1473   about what the state court did, the usual practice was to remand for

1474   clarification. Minnesota v. National Tea Co., 309 U.S. 551 (1940);

1475   California v. Krivda, 409 U.S. 33 (1972). See California Dept. of Motor

1476   Vehicles v. Rios, 410 U.S. 425 (1973). Now, however, in a

1477   controversial, the Court will accept as the most reasonable explanation

1478   that the state court decided the case as it did because it believed that

1479   federal law required it to do so. If the state court wishes to avoid the

1480   presumption it must make clear by a plain statement in its judgment or

1481   opinion that discussed federal law did not compel the result, that state

1482   law was dispositive. Michigan v. Long, 463 U.S. 1032 (1983). See

1483   Harris v. Reed, 489 U.S. 255, 261 n. 7 (1989) (collecting cases); see

1484   ancillary case Coleman v. Thompson, 501 U.S. 722 (1991) (applying the

1485   rule in a habeas case).

See also See also See also Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

With regard to the second question, in order to preclude Supreme Court review, the nonfederal ground must be broad enough, without reference to the federal question, to sustain the state court judgment,768 the nonfederal ground must be independent of the federal question,769 and the nonfederal ground must be a tenable one.770 Rejection of a litigant's federal claim by the state court on state procedural grounds, such as failure to tender the issue at the appropriate time, will ordinarily preclude Supreme Court review as an adequate independent state ground,771 so long as the local procedure does not discriminate against the raising of federal claims and has not been used to stifle a federal claim or to evade vindication of federal rights.772

768 Murdock v. City of Memphis, 87 U.S. (20 Wall.) 590, 636 (1874). A new state rule cannot be invented for the occasion in order to defeat the federal claim. E.g., Ford v. Georgia, 498 U.S. 411, 420-425 (1991)

1504   SEE {2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg 1 of 23

1505   Pg ID 281 FED ZWICH V UNIVERSTIY OF MICHIGAN}As an

1506   ancillary case to the this case of 17-4070 Dustin D Coffman LPN Sr IV

1507   v Hutchinson Community College and Regents. See also 769

1508   769 Enterprise Irrigation Dist. v. Farmers' Mutual Canal Co., 243 U.S.

1509   157, 164 (1917); Ivanhoe Irrigation Dist. v. McCracken, 357 U.S. 275,

1510   290 (1958).

1511   also see at 770

1512   770 Enterprise Irrigation Dist. v. Farmers' Mutual Canal Co., 243 U.S.

1513   157, 164 (1917); Ward v. Love County, 253 U.S. 17, 22 (1920); Staub v.

1514   Baxley, 355 U.S. 313, 319-320 (1958).

1515   Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM
1516   Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

1517   Edelman v. California, 344 U.S. 357, 362 (1953) (dissenting opinion);

1518   Brown v. Allen, 344 U.S. 443, 554 (1953) (dissenting opinion);

1519   Williams v. Georgia, 349 U.S. 375, 383 (1955); Monger v. Florida, 405

1520   U.S. 958 (1972) (dissenting opinion)tribunal, nor a foreign court the

1521   United State Federal District court does have jurisdictional reign in this

1522    matter.  But as for the 17-4070 SAC GEB case and cause of actions this

1523    is not a foreign tribunal ergo there is no jurisdictional premise to dismiss

1524    this case. See also See also See also Fed [{Zwich v University of

1525    Michigan (2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of

1526    23 Pg. ID 281}).

1527    1. He does have a link to the forum state of Kansas and is a resident of

1528    the state of Oklahoma so it's therefore: the Defense counsel must show

1529    that the plaintiff is not a Resident of Oklahoma and a resident of foreign

1530    country;

1531    a. resident of Kansas or does have a principal business in the forum

1532    state.

1533    B.As such, both of the defense counsel's the motions to dismiss should

1534    be denied.

1535     C. the Plaintiff does have a ticket assist from State Trooper Gilmore of

1536    the Oklahoma Highway Patrol which proves that the Plaintiff is indeed a

1537    resident of that state.

1538    If need be we can order and produce the Officer Colten Gilmore to

1539   testify in that fact.  And Ret. OSBI officer, Morgan Wilkinson, of

1540   Guymon Oklahoma.

1541   In this matter, Dustin Coffman LPN SR IV V Hutchinson Community

1542   College and its regents it is their responsibility to prove that the plaintiff

1543   evidence is not valid.

1544   I. Exhibit presented in the motion that is on the docket.

1545   A. as for the exhibits as evidence it is also the defenses job to show what

1546   is not valid and what is valid.  Exhibit 3 official college transcript proves

1547   a. All classes were passed.

1548   b. Proves all clinical were passed.

1549   c. Proves the grade point average was above 3.15

1550   d. Proves the current term Grade point average was a 2.5

1551   e. Proves before the harassment of the defendant the plaintiff has a 4.0

1552   grade point average.

1553   f. exhibits, 1,2 and 3 shows what a the defense can dismiss a student for

1554   as this was an academic dismissal see exhibits 7 and 8 then only the

1555   academic rules for dismissal apply.  See exhibit 1 academic rules for

1556   dismissal pdf from the official Hutchinson Community College web site.

1557   A. Effective Date: June 25, 2015

1558   Policy Number: 1003

1559   **<u>Good Academic Standing:</u>**

1560   I.   **<u>For the rules on the contract to dismiss a college</u>**

1561   **<u>student for academics</u>**

1562   {Students are considered to be in good academic standing when their

1563   cumulative grade point average is a 2.00 or above. A student's academic

1564   standing is computed, using accepted transfer and HCC attempted

1565   course work. Attempted course work is defined as all courses for which

1566   the student enrolled and received a grade of A, B, C, D, or F. Courses

1567   for which the student received a grade of W are not counted in attempted

1568   course work. Academic standing will be computed at the conclusion of

1569   every fall and spring semester. Classes taken during the summer will be

1570   included in the fall computation.} {for the rules on the contract to dismiss a college

1571   student for

1572   academics.}[https://www.hutchcc.edu/catalog/policy/?refnum=1003} 4.0

1573   +2.5= 6.5/2= 3.25 v 1.70 grade point average so how was this an

1574   academic issue again? Your honor how was this veteran kick out of a

1575   state intuition for grades and academics with a 3.25 grade point average

1576   per college rules, a 2.5 grade point average for the summer term, and an

1577   overall grade point average of a 3.15 g.p.a.  Dismissal:

1578

1579   Students on academic probation will be dismissed from Hutchinson

1580   Community College at the conclusion of their next fall or spring term

1581   unless 1.) They have raised their cumulative grade point average above

1582   the minimum academic standards (1.7 for 12 to 30 credit hours of

1583   transfer and HCC attempted course work; 2.0 for 31 or more credit hours

1584   of transfer and HCC attempted course work) at the conclusion of that

1585   term, or 2.) They have achieved a 2.0 grade point average at the

1586   conclusion of that term in which case, the student will remain on

1587   continuing academic probation.

1588

1589   Students dismissed from HCC will not be allowed to enroll in classes

1590   unless they have been reinstated per the reinstatement policy.

1591

1592   1300 North Plum, Hutchinson, KS 67501

1593   1-888-GO-HUTCH or (620) 665-3500

1594   info@hutchcc.edu see also the dismissal rules from college Therefore

1595   we can prove the evidence is valid and has merit before this court and

1596   can also prove breach of contract on the part of the college.  The defense

1597   has no case on which they can stand to defend these breaches of civil

1598   law and request the motion for 16.3 alternative dispute resolution to be

1599   ruled on in favor of the plaintiff at this time.  See also for this motion of

1600   16.3 adr.  A. SAkia V Gold…cited at 3

1601   1.[3] In this regard, our conclusion is dictated by the principles of equity

1602   which ultimately underlie the enforcement of arbitration agreements. It

1603   is well settled that a proceeding to compel arbitration is a suit in equity

1604   to compel the specific performance of a contract. (E.g., Freeman v. State

1605   Farm Mut. Auto Ins. Co. (1975) 14 Cal. 3d 473, 479 [121 Cal. Rptr. 477,

1606   535 P.2d 341]; Trubowitch v. Riverbank Canning Co. (1947) 30 Cal. 2d

1607   335, 347 [182 P.2d 182]; Engineers & Architects Assn. v. Community

1608   Development Dept. (1994) 30 Cal. App. 4th 644, 653 [35 Cal. Rptr. 2d

1609   800]; Brock v. Kaiser Foundation Hospitals (1992) 10 Cal. App. 4th

1610   1790, 1795 [13 Cal. Rptr. 2d 678].)

1611   SEE {2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg 1 of 23

1612   Pg ID 281 FED ZWICH V UNIVERSTIY OF MICHIGAN}As an

1613   ancillary case to the this case of 17-4070 Dustin D Coffman LPN Sr IV

1614   v Hutchinson Community College and Regents

1615   It is equally well settled that specific performance cannot be enforced

1616   against a party to a contract which is not, as to that party, "just and

1617   reasonable." (Civ. Code, § 3391 ["Specific performance cannot be

1618   enforced against a party to a contract in any of the following cases: [¶] ...

1619   [¶] 2. If it is not, as to him, just and reasonable."]; see also MacFadden v.

1620   Walker (1971) 5 Cal. 3d 809, 814-815 [97 Cal. Rptr. 537, 488 P.2d

1621   1353, 55 [49 Cal. App. 4th 1082] A.L.R.3d 1] [antiforforfeiture principle

1622   of equity justified granting even willfully defaulting vendee specific

1623   performance of land sale contract where forfeiture had no reasonable

1624   relation to default]; O'Connell v. Lampe (1929) 206 Cal. 282, 284 [274

1625   P. 336] [specific perform}  as we can see here in this case and point the

1626   principals of 16.3 are sound do bear merit in these proceeding.

1627    B. it is also the defenses responsibly to prove that the juridical issues are

1628    not valid as we have shown our case and points, exhibit of why there

1629    claims of jurisdiction are not valid we request that the motion to dismiss

1630    be denied.

1631    C. As we can show in discovery, all the material in this case is form the

1632    college itself and or state law, or from the department of veteran affairs.

1633    As a motion to dismiss all counts offered by the defense counsel has no

1634    evidence to the contrary.

1635    I.     Plaintiff Dustin D. Coffman has a Kansas D.L and has been

1636           cited by Trooper Gilmore of the O.H.P.  for :

1637    RE: Note changing DL to Oklahoma resident as evidence by the

1638    official assist ticket [exhibit 1] failure to change tags and registration

1639    over to Oklahoma after living here for 14 months.

1640    [36.860026 latitude, Longitude -101.213495]grid location for the past

1641                                17 month.

1642    based on evidence it is again the defenses job to show what evidence is

1643    in dispute and as we know all the paper work is from the State

1644   instructions being local or Federal level this too will need to be proven

1645   as what is not valid nor not valid in discovery as seen in

1646                          3:14-cv-00105-RLY-WGH

1647       forum"; "it is the defendant's conduct that must form the necessary

1648                              connection with the

1649   forum State." *Id*. at 1122 (citing *Burger King v. Rudzewicz*, 471 U.S.

1650                              462, 478 (1985)).

1651    As the Plaintiff was a resident of Kansas at the time of the incident

1652   arising to these matters the diversity ploy that the Plaintiff is still

1653   residing at 2o2 south Detroit, Norcatur, KS 67653 However, that is

1654   incorrect information as the plaintiff ,has leased that house, for the past

1655   two years.

1656   A. is living with his mother and Step dad at the location Of Oklahoma at

1657   RR3 Box 9 Hooker, Oklahoma, 73945 @[ Long 36.937957, Latitude  -

1658   101.271082)]

1659    B. and due to the residential status of the student, in Kansas, at the same

1660   address has led to the assumptions that the plaintiff still lives at Kansas.

1661   C.[ As, lease will prove Phil and Linda Lipe are the current tenants of the

1662   Kansas, Decatur county address of 202 South Detroit to status will not

1663   hold in court for dismissal of these motions must be done as a matter of

1664   law.

1665   D. Furthermore, the Kansas State Board of Nursing is fully aware of the

1666   location of Dustin Coffman LPN Sr. IV,

1667   1. He had to change his address, when he moved to Hooker,

1668   a. Oklahoma had to file is move, with the Kansas State Board of

1669   Nursing,

1670    b. KSBN is directly, governed by the State Attorney General's office in

1671   Topeka, KS.

1672   c. This update of address with the State Board of Nursing can be seen on

1673   the official nursing licenses, check at KSBN.org, when he renewed his

1674   nursing license.

1675   d. proving that the State of Kansas and its regents of Hutchinson

1676   Community college in case number {17-4070 SAC GEB} defense

1677   counsel are fully aware of the location of the Plaintiff.

1678  e. and that the jurisdictional areas of law do not apply to this case in

1679  their favor. However, do favor the plaintiff as a matter of law.

1680   f. Therefore, the motion to dismiss was on both counts, was done with

1681  fore- thought and malice in a poor attempt to keep these matters hidden

1682  from the public court.

1683                           V.

1684                **<u>Stating a claim.</u>**

1685  G. As, they already, have the petition they are fully aware of the

1686  breaches of law due to their receiving a copy of the petition that was

1687  hand delieved by the summons contractor Linda E. Bryan.   Therefore

1688  we would like to again request the defense to go to the mediation table

1689  for talks under Fed regulations 16.3.  Alternative dispute resolution.

1690  We the plaintiffs, feel that there is more than enough evidence,

1691  jurisdictional presence, as this is not a foreign Tribunal of a foreign,

1692  court but a matter Dustin Coffman LPN SR IV v Hutchinson

1693  Community College and it regents in case number{ 17-4070} we the

1694  plaintiff's know, we have more than enough evidence, to overcome all

1695  matters in this court, as for the motion for summary judgement was

motioned for as dismissed without prejudice. We know that after

discovery we have enough evidence to prove all point pro for the

plaintiff in this case.  Yet, the Plaintiff has still:

 1. Opted for mediation, to keep the licensures of the defendants out of

the open and from punishment that could arise from the Kansas State

Board of Nursing in matters of Unprofessional Conduct for putting for a

document under medical regulations, with fraudulent information on it,

would cost each one, of the defendants, their nursing licenses according

to State administration imps 6o-30 -110/ 60-7-106 Unprofessional

conduct of the Kansas Nurse Practice act in which the Plaintiff was not

guilty of by any source or evidence presented by the defendants

2. Case out of the media to keep the enrollment numbers up for the year

to come at Hutchinson Community college.

3. As well as, keeping the finical burden down to a minimum, in these

matters of Dustin D. Coffman V Hutchinson Community College and

regents, we the plaintiff, feel; that we have been accommodating to the

defendants.

1713   4. We have learned they have been lied to by a third party, which will be

1714   address at a later time in civil matters of defamation of character, Libel

1715   and slander of Timothy Robert Coffman CHS Gas and Oil subsidiary

1716   Jay Hawk pipe line.

1717   This however, does not excuse the actions of the defendants in this

1718   matter ( Dustin D. Coffman V. Hutchinson Commutiy College and

1719   Regents)  yet, does show the compassion for the situation by the

1720   plaintiff.   As the court well, knows, a mistake on one person part does

1721   not constitute a nightmare on another person. As we are prepared to

1722   show, this has been a night mare for the plaintiff and his family who

1723   wished to get these matters over quickly and quietly for the good of the

1724   whole.

1725   • This plaintiff is a veteran of the United States Army, who is using

1726       his entitlements to achieve a degree.

1727   •  He is an ADHD dx mental health issues that does not in any way

1728       affect his ability to do his job with medication.

1729   •  Does not our veterans deserve way better treatment that we have

1730       seen show to the plaintiff by the defendants in this case?

1731  • Spc-4 Dustin David Coffman was a 91w 10 who was attending

1732    Seward county community college when 9-11 happened he did not

1733    hesitate when the call came and volunteered to go to war for our

1734    country.  No matter what the past mistakes of the plaintiff this is a

1735    person who is willing to die for others, and willing to give his life

1736    for his country.

1737  • Do we not owe our vets better than to kicked them out of a college

1738    for zero reasons "We cannot have you going to school here due to

1739    the fact that two of our instructors have issues with you" as the

1740    plaintiff can show was stated on audio tape, that the plaintiff has

1741    shown in the motions to accept all exhibits in this case of the V.P.

1742    Cindy Hoss in the Academic appeals meeting.

1743  • Do we not owe the Plaintiff and our returning fighting men and

1744    women at least a   reason or breach of civil law or school code as

1745    an excuse for dismissing the Veteran?  I believe and know in my

1746    heart that we do sirs and mams.  Audio tape of both academic

1747    appeals meetings will show that the Student was dismissed for no

1748    cause other than the "two of our instructors have issues with you"

1749    as stated by Vice President Cindy Hoss, Dean of Academic

1750    Student affairs and Presiding officer at the first Academic appeals

1751    meeting.

1752     IT IS SO Motioned

1753  Dated this 10th day of ___SEPT_____, 2017__, at

1754  _Topeka_____Kansas [Name]

1755            Pro Se Attorney Dustin D. Coffman LPN SR.