IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DUSTIN D. COFFMAN,

    Plaintiff

vs.                                        Case No. 17-4070-SAC

HUTCHINSON COMMUNITY
COLLEGE, et al.,

    Defendants.

MEMORANDUM AND ORDER

The docket sheet reflects that plaintiff Dustin D. Coffman sent to the clerk's office for filing and docketing his *pro se* form complaint that referenced an "attached Petition." ECF# 1. A review of the docket sheet shows that what Mr. Coffman apparently intended to be his "attached Petition" was docketed separately at ECF# 7 as his "Supplement to 1 Complaint by Plaintiff." In this 50-page supplement, Mr. Coffman lays out the parameters of his action as arising from his acceptance into a registered nurse ("RN") program at Hutchinson Community College ("HCC"), his treatment by the educators and supervisors while in that program, and his eventual termination from the program. In the section entitled, "Introduction," Mr. Coffman summarizes his different claims:

> 1. Violation of the plaintiff's First amendment (retaliation); 2) violation of the Fourteenth Amendment's due process clause; 3) Violation of the Fourteenth Amendment's equal protection clause; 4) Violation of the Kansas constitutional right to free speech; 5) Violation of Kansas' constitutional right to due process; 6) Violation of Kansas'

constitutional right of equal protection under the law; 7) Breach of contract; 8) Defamation (as to defendants Jay Ballard and Kathy Sanchez); 9) Libel and slander as to defendants Jay Ballard and Kathy Sanchez; 10) Tortious interference with a contract as to defendants Debra Heckler, Cindy Hoss, Janet Hamilton, Kathy Sanchez and Jay Ballard; 11) Intentional infliction of emotional distress; 12) Violation of the Kansas Civil Rights Act; and 13) Violation of the Kansas victim protection act.

ECF# 7, p. 1. This filing also inexplicably refers to summary judgment procedures, but the plaintiff did not file his motion for summary judgment until over a week later. The defendant HCC's confusion over what constitutes the plaintiff's complaint and attached petition is understandable, but the court will construe this *pro se* pleading liberally consistent with the Tenth Circuit's teachings. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In her recent order, the magistrate judge pointed out that Mr. Coffman had filed eight motions all within the first month after filing his action. ECF# 23, p. 2. The district court denied the summary judgment motion without prejudice. ECF # 19. Besides denying the balance of the motions, the magistrate judge summarized the plaintiff's suit as one brought by a former student against the college, instructors and administrators on allegations that his federal and state constitutional rights were violated and state tortious acts were committed. ECF# 23. The magistrate judge also noted that the plaintiff had "attempted service on all named defendants." *Id.* at p. 2. The magistrate judge denied the plaintiff's request for appointment of counsel based on his current allegations and claims, but recognized that

her ruling "could change as the case progresses." *Id.* at p. 6. Moreover, the magistrate judge observed various procedural deficiencies with the content and timing for some of the plaintiff's motions and appropriately encouraged the plaintiff to review the information for self-represented litigants available on the court's webpage. ECF# 23 at p. 8.

The defendant HCC has since filed two motions. In its motion to dismiss, it argues that the plaintiff's form complaint does not attach a petition and does not otherwise state a claim for relief, that the court lacks personal jurisdiction over the individual defendants due to lack of proper service, and that the court lacks subject matter jurisdiction over any state law tort claims due to the failure to allege compliance with the statutorily required notice of K.S.A. 12-105(d). ECF## 21 and 22. Four days later, the plaintiff filed a 97-page response that addresses more than the matters raised in this motion to dismiss. ECF# 24. Three days later, HCC filed a motion to strike the plaintiff's response as exceeding the page limitation in D. Kan. Rule 7.1(e) without leave of the court and as lacking the organization required by D. Kan. Rule 7.6(a). ECF# 26.

**Motion to Strike ECF# 26**

The court's authority to strike a party's brief or memorandum for violating court's local rules is without question. What was docketed as the plaintiff's response (ECF# 24) to the defendant's motion to dismiss certainly exceeds the 30-page limitation in D. Kan. Rule 7.1(e) without a court order

3

authorizing the same. Nor can it be disputed that the plaintiff's filing (ECF# 24) fails to follow and contain the elements set forth in D. Kan. Rule 7.6(a) as required for briefs and memoranda. In the exercise of its discretion, the court will not strike the plaintiff's filing in this instance for several reasons. First, the plaintiff is pro se and is hereby admonished to follow all of the court's local rules including Rule 7.1 that governs the filing of motions and responses and replies thereto and Rule 7.6 that governs briefs and memoranda. Second, the plaintiff apparently intended his filing (ECF# 24) to be more than a response to the defendant's motion. In that regard, the court warns the plaintiff to file separate memoranda in support of or in opposition to separate motions. This should be done in almost all instances unless to do so would mean repetitive, redundant and wasteful filings. Third, despite its excessive length and its disjointed presentation, the plaintiff's response did not keep the court from locating and considering the relevant responsive arguments. The court observes that there is much in the plaintiff's response which is not relevant to any matter raised in the motion to dismiss. These extraneous matters lack any proper procedural format for the court's consideration of them. Thus, the court will look only at what is responsive in the plaintiff's memorandum, and this constitutes less than one-third of the plaintiff's memorandum.

**Motion to Dismiss ECF# 21**

The defendant's motion addresses only the contents of the plaintiff's form complaint (ECF# 1) without acknowledging the plaintiff's supplement (ECF# 7). Because these matters were filed and docketed by the clerk of the court, the plaintiff will not be prejudiced by the defendant's argument that there was no attached petition. ECF# 22, p. 1. The defendant's motion to dismiss for failure to state a claim is summarily denied, for it fails to address the plaintiff's allegations in his supplement to the complaint.

On the issue of personal jurisdiction, the court record shows the summons returns for "Jay Ballard, Instructor" (ECF# 12), "Kathy Sanchez, Nursing Instructor" (ECF# 13), "Debra Heckler, Administrator of Nursing" (ECF# 14), "Cindy Hoss, Vice President" (ECF# 15), and "Janet Hamilton, Instructor" (ECF# 16). There is also a summons return for "Dr. Carter File, President and trustee of Hutchinson Community College" (ECF# 17). The filed returns show each of these named defendants was served by certified mail addressed to Hutchinson Community College, 1300 North Plum, Hutchinson, Kansas. The defendant argues that the attempted service on the individual defendants was ineffective, because the certified mail was not first attempted at the "dwelling or usual place of abode" for each of these individuals. *Id.* at p. 6 (quoting K.S.A. § 60-304(a)). The defendant also contends that the person who signed for certified receipts was not a person authorized to accept service on behalf of the individual defendants. Finally,

the defendant summarily argues that if the defendants are being sued in their official capacity, then such claims are duplicative of the claims against the defendant HCC which has admitted service. *Id*. at p. 6.

A party must be served with a summons and a copy of the complaint by someone who "is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(1) and (2). "Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(k)(1)(A). To serve an individual within a judicial district, the federal rules specify personal service or service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). As relevant here, Kansas law provides for service "by return receipt delivery, which is effected by certified mail." K.S.A. § 60-303(c). Kansas law also requires the following for service upon on an individual:

> Service by return receipt delivery must be addressed to an individual at the individual's dwelling or usual place of abode and to an authorized agent at the agent's usual or designated address. If the sheriff, party or party's attorney files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual, the sheriff, party or party's attorney may complete service by return receipt delivery, addressed to the individual at the individual's business address.

6

K.S.A. § 60-304(a). Thus, § 60-304(a) requires the return receipt delivery to be "addressed to an individual at the individual's dwelling" and if this delivery is refused or unclaimed as shown by the filed return then delivery may be made to the "individual's business address." *Cessna Finance Corp. v. VYWB, LLC*, 982 F. Supp. 2d 1226, 1231 (D. Kan. 2013). The Kansas Supreme Court addressed this issue in *Fisher v. DeCarvalho*, 298 Kan. 482, 314 P.3d 214 (2013), and its holding has been discussed by others:

> In *Fisher*, the Kansas Supreme Court concluded that service upon an individual at his place of business without first attempting to serve him at his dwelling place does not constitute substantial compliance under Kansas law. *Id.* at 220. The same factual scenario exists here. Plaintiffs served Robinson at his business address and never attempted to serve him at his dwelling house or usual place of abode. Plaintiffs thus failed to comply substantially with the requirements of Kan. Stat. Ann. § 60-304(a), and never served Robinson properly in this action. *See id.*; *see also Settle v. Diversified Consultants Inc.*, No. 13-2606-EFM-GL, 2014 WL 1607589, at *3–4 (D. Kan. Apr. 22, 2014) (holding that plaintiff failed to comply substantially with Kan. Stat. Ann. § 60-304(a) because, among other things, he served defendant by certified mail at his business address without first attempting service at his dwelling house); *Wanjiku v. Johnson Cty., Kan.*, No. 14-2001-RDR, 2014 WL 821285, at *2 (D. Kan. Mar. 3, 2014) (dismissing defendant without prejudice for insufficient service of process because plaintiff sent the summons and complaint to defendant's business address and did not attempt first to serve process at defendant's dwelling). The court thus dismisses plaintiffs' claims against defendant Robinson under Fed. R. Civ. P. 12(b)(5) without prejudice for insufficiency of service of process.

*Schwab v. State of Kansas*, 2016 WL 4039613, at *4 (D. Kan. Jul. 28, 2016), *appeal dismissed*, No. 16-3295 (10th Cir. Oct. 14, 2016).

The court agrees with the defendant HCC's position that the individual defendants have not been properly served in this case. If the

7

plaintiff does not promptly cure the deficient service, the magistrate judge will act timely in dealing with it. Because the court has yet to obtain personal jurisdiction over the individual defendants, it will not address the defendant HCC's other argument on any possible official capacity actions against the individual defendants.

Finally, the defendant HCC argues the plaintiff's failure to comply with K.S.A. § 12-105b(d). This provision requires a person asserting a claim "against a municipality or against an employee of a municipality which could give rise to an action brought under the Kansas tort claims act" to file a written notice "with the clerk or governing body of the municipality" that contains all the required information. K.S.A. § 12-105b(d). A "municipality" includes the definition found at K.S.A. § 12-105a. *Rockers v. Kansas Turnpike Authority*, 268 Kan. 110, 115, 991 P.2d 889 (1999). This definition expressly includes a "community junior college." K.S.A. § 12-105a. Thus, K.S.A. § 12-105b(d) requires the plaintiff to give written notice to HCC, as a municipality, before bringing tort claims against it. This requirement is "jurisdictional like" such that, "[i]f the statutory requirements are not met, the court cannot obtain jurisdiction over the municipality." *Myers v. Bd. of Cty. Comm'rs of Jackson Cty.*, 280 Kan. 869, 877, 127 P.3d 319 (2006)

The written notice requirement of K.S.A. § 12-105b(d) "is a condition precedent to suit" and "under Fed. R. Civ. P. 9(c), a plaintiff must include a statement in his Complaint alleging that he has performed the

required notice." *Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1236 (D. Kan. 2016) (noting that Fed. R. Civ. P. 9(c) provides that "it suffices to allege generally that all conditions precedent have occurred or been performed.") The court does not find in the plaintiff's form complaint or in his supplement an allegation that he provided HCC with statutorily required notice. The court also finds no mention of this written notice in the plaintiff's response to this motion to dismiss. It is certainly the plaintiff's burden to establish jurisdiction, and the plaintiff has not done so in his complaint or response. *Pro se* plaintiffs must still "allege the necessary underlying facts to support a claim under a particular legal theory." *Hammons v. Saffle*, 348 F.3d 1250, 1258 (10th Cir. 2003). Under these circumstances, the court may rightly infer that the plaintiff is conceding that he did not substantially comply with § 12-105b(d) and file the required notice. *Wanjiku*, 173 F. Supp. 3d at 1236. "Because the Court finds that plaintiff concedes he did not file the required notice here, allowing plaintiff to amend his Complaint 'would be futile as defendant would still be entitled to judgment on the pleadings for failure to comply with K.S.A. § 12–105b(d).'" *Wanjiku*, 173 F. Supp. 3d at 1237 (quoting *Debbrecht v. City of Haysville, Kan.*, 2012 WL 1080527, at *6 (D. Kan. Feb. 7, 2012)). Finding it lacks jurisdiction over any state law tort claims against HCC or any of its employees, the court dismisses the same without prejudice and does so without making any judgment as to the

state law tort claims' merits or as to the plaintiff's ability to satisfy this notice requirement in a future suit. *Id*.

IT IS THEREFORE ORDERED that the defendant HCC's motion to strike (ECF# 26) the plaintiff's response (ECF# 24) is denied;

IT IS FURTHER ORDERED that the defendant HCC's motion to dismiss (ECF# 21) is granted on the plaintiff's state law tort claims which are dismissed without prejudice for lack of jurisdiction and is otherwise denied but with the findings that the individual defendants have not been properly served and that the plaintiff's complaint consists of the form complaint (ECF# 1) and the supplement (ECF# 7) which the court treats as the plaintiff's attached petition.

Dated this 22nd day of September, 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge