IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

_____Dustin D Coffman LPN SR II , )
                                                            )
Plaintiff,                                                  )
                                                   |   )
V                                                           )        Case No. 17-4070 sac geb
                                                            )
                                                            )
Hutchinson Community College
And Regents, Jay Ballard, Kathy Sanchez,
Cindy Hoss, Janet Hamilton, Debra Heckler   )

Defendant.                                          )

In this civil rights action, Defendants filed motions to dismiss for lack of jurisdiction under

Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6). The

Plaintiff's response, to the defenses motions, will show how the motions should be dismissed

without prejudice in all counts.

I.      Back Ground- On file with the court clerk's office is the petition that was to serve as

        a summary judgement brief in case the defendants did not want to settle this matter

        under Title `16.3. Alternative dispute resolution.

II.     The petition was dismissed without prejudice for not putting the code in the left hand

        portion of the first page of the petition stating which case this petition was to be filed

        under.

1

35

36   A.  It was the understanding of the Plaintiff Dustin D. Coffman LPN SR. that the court clerk

37   was to assign a case number and put it on the document at that time.

38   B. Plaintiff, Dustin D. Coffman V. Hutchinson Community College et al Defendants case

39   number 17-4070 Petition is also being submitted again to the court with the response to the

40   dismissal for "Failure to state a claim and response to the dismissal for both motions to

41   dismiss on jurisdictional bases.

42   III.   Plaintiff Dustin D. Coffman along with this response also motions for 16.3 alternative

43          dispute resolution at this time.

44   IV.   Plaintiff Dustin D. Coffman LPN SR petition, and case and points come from an

45          already adjudicated, case in favor of the Plaintiff.  See Fed A.   Fed [{Zwich v

46          University of Michigan (2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1

47          of 23 Pg. ID.} Case that took some time to find by the Plaintiff.  Only thing that is

48          different in the Federal case that was a win for the Plaintiff, Alissa Zwich, was that

49          she was failing and doing poorly in classes.

50   V.    Claiming in response to the motions to dismiss, Ancillary Jurisdiction, Civil rights

51          Jurisdiction, and diversity jurisdiction.

52   VI.   The Plaintiff Dustin D. Coffman LPN S.R. in this case was kick out of classes, for

53          academic reasons while passing, all of his course work with a 3.15 cumulative G.P.A.

54          And a 2.5 G.P.A for the summer term in question.  As the plaintiff Dustin D.

55          Coffman LPN SR, was actually allowed to enroll in the finial semester see exhibit 21.

56          Proves that the college has no academic reason to kick the student out of college.

57          Also see Academic Rules from the Hutchinson Community College at what level a

1

2

58

59  student may be kicked out of classes.  As all appeals were for (academics see exhibits 1, 2, 3,

60  4)

61  VII.   The institution and defendants will present a corrective action contract with proven

62       false statements and actions on the contract that was not signed by the Plaintiff for

63       reasons that are very clear in the petition.  As this contract will fall under the

64       disciplinary rules for dismissal the contents of the contract are moot point as the

65       college defendants, did not handle the correct protocols for dismissal.   (See exhibit 2)

66       Displinary Rules for dismissal and conduct for students at Hutchinson Community

67       College. Acquaintance with Policies, Rules, and Regulations

68  VIII.  See exhibit 2 Displinary Rules for dismissal Content

69  IX.   Rent receipts at RR 3 Box 9 of Hooker ok for the Past 17 months

70  X.    Affidavit from Linda Bryan summons contractor for delivery of petition to Dr. Carter

71       File

72  XI.   Mailing address of Plaintiff.

73  XII.   Certified signed receipts of summons and petition sent to Dr. Carter file and green

74       cards from Court Clerk's office to Plaintiff that the summons and petition was

75       delivered to the Dr. Carter File as well as the court clerk.

76  XIII.  Assist ticket copy from Trooper Gilmore

77  XIV.  Signed leases of tenants at the 202 south Detroit street address the last two leases

78       signed attached to this response to all counts to dismiss.

79       _____ )

80       _____ )

2

3

81

82  **<u>Jurisdiction bases for overruling the defenses motions to dismiss.</u>**

83  1.  Ancillary Jurisdictions-Presenting more than one Federal breach of law.

84  A. Zwich V U. Michigan case was the plaintiff's template- Summary Judgement of this case
85  was pro for the Plaintiff and a win in Judgement.

86          i) Civil rights and breaches of statues are exactly the same at the Federal Laws-.

87              1.) Violation of the plaintiff's First amendment (retaliation) 42 U.S.C. § 1983.

88              2.) Violation of the Fourteenth Amendment's due process clause,

89              3.) Violation of the Fourteenth Amendment's equal protection clause⌡ these three
90  violations stated in the petition shows ancillary Jurisdiction.

91              4.) Violation of Kansas constitutional right to free speech,

92              a. Stated, in the first paragraph of the petition, submitted to the chief executive
93  officer of Hutchinson Community College, Dr. Carter File.

94              b. Stated, in the first paragraph of the petition that was on file with the court
95  clerk's office.

96              c. Proves both Statements of Claims. And Ancillary Jurisdictions of the Federal
97  Court Systems.

98          ii) State laws will be different as this is the State of Kansas-

99              5.) Violation of Kansas's constitutional right to due process.

100             6.) Violation of Kansas's constitutional right of equal protection under the law.

101             7.) Breach of contract.

102             8.) Defamation (as to defendants Jay Ballard and Kathy Sanchez

103             9.) Libel and slander as to defendants Jay Ballard and Kathy Sanchez

104             10.) Tortious interference with a contract as to defendants Debra Heckler, Cindy
105  Hoss, Janet Hamilton, Kathy Sanchez and Jay Ballard.

106             11.) Intentional inflection of emotional distress and

107             12.) Violation of the Kansas Civil Rights Act.

108             13.) Violation of the Kansas victim protection act.

109  A. The rest of these are breaches of both Federal and State Statues, which is clearly defined
110  in the petition will prove the statement of claims is well defined.

3

4

iii) Plaintiff in this case has proven more breaches of those same laws and case and points Pro for his case than did Alissa Zwich did in her case.

iv) Common sense would dictate that if the same laws, same institutional rules were broken, same cases and points were used, same breaches of civil rights were breach in one case, that produced a win in one state at the Federal Level, then it should also stand to reason that the plaintiff Dustin D. Coffman case also would win at the same Federal Level in another state. Especially, when the Plaintiff has shown more of those breaches of Civil law in his case than did Alissa Zwich did in the Michigan case.

RE: How can one Justice in one Federal Court give a win for same breaches of law in the amount of 1.76 million dollars, with almost the exact the same situation as per breaches of school protocol and yet, a veteran cannot even get an attorney in the state of Kansas to take the case. And when the plaintiff finds an attorney to take the case from Missouri, the state of Kansas blocks his pro Houck into the state. It has been very disheartening for this veteran to do things by the book. Yet, to have his rights breached at every turn. Your honor.

2.  Civil Right Jurisdiction
    A.  Federal courts have supreme authority to Federal Civil right violations
        i)      Those same breaches of Civil rights Act of 1968 as well with many other violation of civil law, are in the opening paragraph of the filed petition as well as the petition was delivered to the chief executive officer of Hutchinson Community College. Dr Carter File
        ii)     See certified signed receipt from U.S. postal service.
        iii)    Both from the college and From Topeka Ks.
        iv)     Proves that both Dr. Carter Files office and Topeka court clerk has received the information. See official summons receipt for Dr. Carter File that was given to the court clerk.
    B.  Witnesses to the Petition delivery, with statement of Claim in the first Paragraph of the Petition.

        1. Linda Bryan summons Contractor delivery by hand of petition to Dr. Carter File.  See attached affidavit

        2. Dustin Coffman LPN was present at the time of delivery and witness to delivery of petition.

        3. Summons was also mailed out to Dr. Carter File President via summon with another copy of the petition with statements of claims again in the first paragraph.

            a. See green cards and docketed summons to Dr. Carter File that on the docket as the Plaintiff proof that the petition was delivered.
            b. Also see affidavit from Linda Bryan that the petition was hand delivered to the Chief Executive officer, Dr. Carter File.

4

5

149       C, "Refusing to consider protective jurisdiction, the Court found that the statute
150   regulated foreign commerce by promulgating rules governing sovereign immunity from suit and
151   was a law requiring interpretation as a federal-question matter.  As this is not a foreign court nor
152   a foreign tribunal, and is an ancillary case, the Federal Court of Kansas does have jurisdictional
153   reign in these matters."

154                                          **I.**

155   **Jurisdiction of the Federal Court in Case 17-4070 sac geb Diversity Jurisdiction of Federal**

156   **Courts.**

157   I.    Plaintiff, Dustin D. Coffman LPN Sr. is a principal business owner in the state of Kansas

158          through his house rentals.

159   A.        202 south Detroit street Norcatur, Ks 67653

160              1.  Tenants names are Phil and Linda Lipe

161   B.        210 main street Almena, KS 67622

162              2. Tenants name Jerry Prescott 210 main street Almena, KS 67622

163   1. **Resident of another State at the time of filing.**

164   a .Plaintiff  Dustin D. Coffman, has lived in Oklahoma for the past 17 months

165   i)     See the submitted Oklahoma Highway Patrol assist ticket written by State Trooper

166          Colten Gilmore.

167   ii)    See attached assist stop ticket, which states Plaintiff is in breach of Oklahoma law

168          for not changing his tags, his drivers licenses, and registration over from Kansas to

169          Oklahoma after living here longer than 14 months.

170   iii)   Trooper Colten Gilmore OHP State Trooper was the assisting officer.

171          RE: As Colten Gilmore attends church with the plaintiff Dustin D. Coffman LPN SR

172          and has been the Plaintiffs' work out partner from time to time at the Hooker High

173          School Gym.  The officer is well aware how long and at which address the Plaintiff

174          lives.

5

6

**Assist stop ticket:**

175

176      A. Assist stop ticket clearly states that the plaintiff has lived at RR3 Box 9 of Hooker,

177        OK, 73945 for the past 14 months without changing tags or car registration

178      B. Plaintiff has 15 months of rent receipts at his residence in Oklahoma.

179    **Due to the financial status:** of the plaintiff being unemployed, have overdrafts at the bank,

180    coming up with the 75.00 dollars for the tags, 75.00 for the driver's license, and changing his

181     registration is almost an impossibility.  And the identity theft, of the plaintiff, specifically

182     the electric and gas bills that were turned over to collections in Phillipsburg via telephone

183   conference with a collection agency, that stated the Plaintiff was living in Phillipsburg, Kansas

184    this last year and skipped out on his bills, the only problem with that is the plaintiff has never

185      lived in Phillipsburg, Kansas., See total recall play back from the Plaintiffs cell phone.

186 **INCOME FROM RENTAL HOUSES IN KANSAS.**

187      A. The rental business only brings in 700.00 per month from the forum state of Kansas.

188      B. Shows that the Plaintiff, Dustin D. Coffman LPN Sr has ties to the Forum State of Kansas

189        with rental property.

190    1.   2O2 SOUTH DETROJRT STREET NORCATUR KS,67653

191    2.  210 MAIN STREET ALMENA KS, 67622.

192   Shows that the Plaintiff is a resident of the State Of Oklahoma.

193 **STATEMENT of CLAIMS as per paragraph one in the mailed petition to Dr. Carter File.**

194      As stated in the petition opening paragraph this is a matter of Civil Rights: along with 13

195    other violations of civil law both federal and state statues. "Before the court is a petition that

196    the defendants being the regents of Hutchinson Community College did violate the Plaintiff

197    in the following manner.  1.) Violation of the plaintiff's First amendment (retaliation); 2)

7

198    violation of the Fourteenth Amendment's due process clause, 3.) Violation of the Fourteenth

199    Amendment's equal protection clause; 4.) Violation of Kansas constitutional right to free

200    speech, 5) violation of Kansas's constitutional right to due process. 6.) Violation of Kansas's

201    constitutional right of equal protection under the law. 7.) Breach of contract. 8) Defamation

202    (as to defendants Jay Ballard and Kathy Sanchez 9.) libel and slander as to defendants Jay

203    Ballard and Kathy Sanchez 10.) Tortious interference with a contract as to defendants Debra

204    Heckler, Cindy Hoss, Janet Hamilton, Kathy Sanchez and Jay Ballard. 11) Intentional

205    inflection of emotional distress and 12) violation of the Kansas Civil Rights Act. 13)

206    Violation of the Kansas victim protection act." OPENING PARAGRAPH OF THE

207    PETITON SENT TO DR. CARTER FILE.  Therefore the Plaintiff has stated more than one

208    claim which should overrule any Failure to state a claim motion. As the defense is very well

209    aware of what claims and what actions were done by the defendants to the plaintiff.

210    
211    **OFFICAL SCHOOL RULES for ACADEMIC DISMISSAL.**

212    **Effective Date: June 25, 2015**

213    **Policy Number: 1003**

214    **Good Academic Standing:**

215

216    Students are considered to be in good academic standing when their cumulative grade point
217    average is a 2.00 or above. A student's academic standing is computed using accepted
218    transfer and HCC attempted course work. Attempted course work is defined as all
219    courses for which the student enrolled and received a grade of A, B, C, D, or F. Courses
220    for which the student received a grade of W are not counted in attempted course work.
221    Academic standing will be computed at the conclusion of every fall and spring semester.
222    Classes taken during the summer will be included in the fall computation.

223    RE: see Students Official Transcript issued to student from Hutchinson Community College.
224    Exhibit 3 Plaintiff Dustin D. Coffman LPN SR Transcript grades.

225

7

8

226

227     1. Summer semester 2015 Maternal Infant- Nursing NR 216 GRADE B   3.0 credit hours.

228     2. Summer Semester 2015 Child and Family Nursing Grade C  3.0 credit hours.

229     Grand total for the semester = 2.5 G.P.A.  Which is 0.5 points above the good academic grade
230     point average for the term

231     Grade point total over all cumulative 149.66 credit hours attempted, 149.66 credits hours
232     achieved, 474.65 points. With a G.P.A 3.18   Plaintiff Dustin Coffman's overall grade
233     point average.

234     A. So read the rules and look there is no way this student was put out of school for academics
235     according to the rule book.  B. Ergo et al defendants has breached these

236     1.) Violation of the plaintiff's First amendment (retaliation);

237     a. see grievance exhibit to the Veteran Affairs office Dated

238     2.) Violation of the Fourteenth Amendment's due process clause,

239     3.) Violation of the Fourteenth Amendment's equal protection clause;

240     4.) Violation of Kansas constitutional right to free speech,

241     5.) Violation of Kansas's constitutional right to due process.

242     6.) Violation of Kansas's constitutional right of equal protection under the law.

243     7.) Breach of contract.

244     8.) Defamation (as to defendants Jay Ballard and Kathy Sanchez

245     9.) Libel and slander as to defendants Jay Ballard and Kathy Sanchez

246     10.) Tortious interference with a contract as to defendants Debra Heckler, Cindy
247     Hoss, Janet Hamilton, Kathy Sanchez and Jay Ballard.

248     11.) Intentional inflection of emotional distress and

249     12.) Violation of the Kansas Civil Rights Act.

250     13.) Violation of the Kansas victim protection act stated claims.

251     All of these breaches of law happened the instant the plaintiff was kicked out of a nursing
252     program while passing all course work and without breaching any school polices.

253 Academic Probation:

254     Upon review of the transcript, degree seeking students will be placed on academic
255 probation when his/her cumulative grade point average (using accepted transfer and HCC
256 attempted course work) falls below the following minimum academic standards:

8

9

257     For students with 12 to 30 credit hours of accepted transfer and HCC attempted course
258  work, the minimum academic standard is a 1.7 cumulative grade point average.

259     For students with 31 or more credit hours of accepted transfer and HCC attempted course
260  work, the minimum academic standard is a 2.0 cumulative grade point average.

261

262     **See attached memorandum for the exact statues and by whom even though it has been**
263         **stated many times in the Plaintiffs Dustin D. Coffman LPN SR Petition.**

264  C.  Ancillary Case Zwich V University of Michigan which is the same color of law as Dustin

265      D. Coffman V Hutchinson Community College et al defendants case number 17-4070 sac

266      geb.  Every case and point of law was used from that case for this case. As I am not a

267      lawyer but a lay person I found a case that won that was exactly like my case to apply the

268      law to.

269      1.  Analysis of The summary Judgement in that case was pro for the plaintiff as such, my

270          case with same similarities should, if the system is honest according to law, be pro for

271          the plaintiff in this case.

272      2.  Being that this is an ancillary jurisdiction case and civil rights case.

273              A.  See opening paragraph of petitions for statement of claims.

274              B.   Has thirteen breaches of civil law makes this an ancillary case

275              C.  Civil right breaches makes this also a civil rights jurisdiction case.

276      3.  See breaches of both State and Federal laws and by whom are written throughout the

277          petition.  Such subsections of Law, as stated in the first paragraph of the petition

278          delivered to the College President Dr. Carter File, this court does have jurisdiction per

279          Pro Se rules when filing against a state entity.

280      4.  Subsequently, the same petition that was on file with the court house yet was

281          dismissed without prejudice for the court numbers not being at the top of the right

282          side of the document.

9

10

283

284      5.  As such the statement of claims is well defined as it was taken directly from a

285         winning summary judgement in another case. Only changes that were made was to

286         the applications of Kansas law, the people, and places that fit the application of law in

287         Plaintiff Dustin D. Coffman's case.  Therefore, this plaintiff moves that all motions

288         from the defense be overruled at this time.

289      6.  Point and cases of law that won 1.76 million with only 5 or 6 of the counts awarded

290         for the plaintiff in the ancillary summary judgement of Fed Case Zwich V. University

291         of Michigan.  Stands to reason that if this plaintiff, Dustin D. Coffman LPN in {case

292         number 17-4070 sac geb] can prove more of the case and point pro for his case than

293         could Alissa Zwich could her case. Therefore, case and points pro, with a pay out to

294         the defendant in one case should have the same pay outs and results under the same

295         color of law.

296                          II.

297  **Financial Status of Plaintiff  Dustin D. Coffman LPN SR IV and physical address of**

298  **Plaintiff.**

299      Plaintiff has sought gainful employment as a nurse at several facilities

300           a. Elkhart Ks, LTC employment address on application

301               1. (HC 3 Box 9 of Hooker, Ok 73945)

302           b. Ashland KS, County Hospital  employment address on application

303               2. (HC 3 Box 9 of Hooker, Ok, 73945)

304           c. Hugoton, KS LTC all since I have been in Oklahoma

305             a.  (HC 3 Box 9 of Hooker, OK 73945)

11

306

307    This is not a foreign court nor a foreign Tribunal as such this court also has jurisdiction.

308    Also, proves the Plaintiff, Dustin D. Coffman LPN SR, is an Oklahoma resident therefore

309    diversity is in play also proving this court has Jurisdiction.

310    Also see the Plaintiff forwarding address from the 202 south Detroit street address in

311    Norcatur to the R.R. 3 Box 9"

312    RR3 BOX9 address in Hooker Ok 73945 over a year ago proves again that the plaintiff is a

313    resident of the State of Oklahoma.

314    This proves that the plaintiff, Dustin D. Coffman LPN SR, does have ties in both the state

315    in which he resides and the state in which he does business, the forum state of Kansas; therefore

316    this case cannot be dismissed on a jurisdictional bias.  See Diversity Jurisdiction, See Civil

317    Rights Jurisdiction and also see ancillary Jurisdiction. Where, as here, in Dustin Coffman V

318    Hutchinson Community college the plaintiff's claims against the out-of-state defendant are for

319    intentional torts, the jurisdictional inquiry focuses on whether the conduct underlying the

320    claims was purposefully directed at the forum state.

321                                         Tamburo, 601 F.3d at 702. The

322    reason for this requirement is to ensure that an out-of-state defendant is not required to

323    appear based on random, fortuitous, or attenuated contacts with the forum state. Id.

324    In Calder v. Jones, 465 U.S. 783 (1984), the Supreme Court provided "useful

325    contours in conducting the purposeful-direction requirement in a tort case." Felland, 682

326    F.3d at 674. In Calder, a California actress brought an action in California state court

327    against two National Enquirer employees for their involvement with an allegedly

328    libelous article written about plaintiff. The defendants, both residents of Florida,

11

12

329  challenged personal jurisdiction in the California court. Although the article was written

330  in Florida, "the brunt of the harm, in terms both of [plaintiff=s] emotional distress and the

331  injury to her professional reputation, was suffered in California." Id. at 788-89. The

332  Supreme Court held that personal jurisdiction over the defendants was proper in

333  California based on the "effects" of their Florida conduct in California. Id. at 789. In its

334  analysis, the Court specifically noted that the defendants were "not charged with mere

335  untargeted negligence," but rather with undertaking intentional, and allegedly tortious,

336  actions "expressly aimed at California." Id. Under these circumstances, the Court

337  Case 3:14-cv-00067-RLY-WGH Document 135 Filed 08/04/15 Page 9 of 22 PageID #:

338  <pageID>

339  10

340  concluded that defendants "must 'reasonably anticipate being haled into court there' to

341  answer for the truth of the statements made in their article." Id. at 790 (citations

342  omitted).

343  In Tamburo, supra., the Seventh Circuit distilled three requirements from Calder

344  for determining whether the purposeful-direction requirement is met: (1) "intentional

345  conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum

346  state; (3) with the defendant's knowledge that the effects would be felt – that is, the

347  plaintiff would be injured – in the forum state." 601 F.3d at 703]

348

349  Likewise, here in Dustin D. Coffman LPN SR V Hutchinson Community

350

351  and Regents the plaintiff feel due to the identity thefts and the constant

12

13

352                                  SEE ALSO

353     [Case 3:14-cv-00067-RLY-WGH Document 135 Filed 08/04/15 {Page 9 of 22 PageID #:

354                                  <pageID>10}

355

356                                      **IV**

357     **Injuries to the plaintiff from the defendants Kathy Sanchez, Jay Ballard, Cindy Hoss,**

358                         **Janet Hamilton, Debra Heckler**

359     1.  Damage to the Nurse Dustin D. Coffman LPNs Professional reputation that may never be

360                                  repaired.

361     2.  Damage to the mental well-being of the student for being treated as a failure while in all

362                         actuality succeeding in classes.

363     3. Loss of time in employment as an RN that was stolen from the student. As the Student,

364     would have graduated the program if not cheated out of his class work.

365     4. Loss of GI Bill entitlements that were used at the Program

366     5. Loss of student loan money that was used at the program.

367     6. Loss of personal money used for travel and motels at the program

368     7. Family stress and medical damages due to the Professional damages to the      Nurses,

369     career is evident as not getting hired at facilities the Nurse had worked at before on agency.

370     9. Loss of credit points of credit score for having to pay back Basic allowances for Housing

371     for not completing a training program has really hurt the student.

372     10. As the student was passing the training program.

373     11. Even, the veteran affairs office sees this is wrong.

374     _____ )


13

14

375 _____ )

376 _____ )

377 _____ )

378

379 **Defendant Hutchinson Community College et al defendants: Per evidence**

380       I.  As the defendants, are also aware of where the plaintiff resides at RR 3 Box 9 of

381       Hooker, Oklahoma, 73945.

382 A. As evidence by, the rent receipts, the year-long contract to Phil and Linda Lipe of 202 South

383 Detroit Street, Norcatur, KS, 67653.

384 B. Phil and Linda Lipe signed a contract for one year, on 04/13/16,

385       1.  See signed lease agreement with current tenants.

386 C. Prior to Phil and Linda Lipe, a temporary tenant was Missy Hatfield of Norcatur KS, 67653,

387 her house burned and she needed a place to stay for a short while.  She failed to get the utility

388 bills put in her name during that time so they were in the Plaintiff's name.

389 D. Prior to that the tenant was  Micheal Rohr of Dodge City, Kansas living at 202 S. Detroit

390 Street, Norcatur, 67653.

391 E. Proof positive that Dustin D. Coffman does not live at 202 south Detroit Street and has not for

392 over two years.   Even though that is the address on his driver's licenses.

393 F. Plaintiff does have a Kansas CDL Class A doubles and triples with motor cycle endorsement.

15

394    G. Address does say Dustin D. Coffman

395                        1. 202 south Detroit Street Norcatur, Ks, 67653

396                        2. The plaintiff has not lived at that address 202 south Detroit Street for over two

397                        and half years.

398    As the Plaintiff, Dustin D. Coffman LPN SR  has lived in Hooker, Oklahoma, for the past 17

399    months this motion is a status of the:

400              In *Tamburo, supra.*, the Seventh Circuit distilled three requirements from *Calder*

401              for determining whether the purposeful-direction requirement is met: (1) "intentional

402              conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum

403              state; (3) with the defendant's knowledge that the effects would be felt – that is, the

404              plaintiff would be injured – in Kansas the forum state." 601 F.3d at 703.

405                                                IV.

406    **Jurisdictional authority in these matters**: variant of pendent jurisdiction, sometimes called

407    "ancillary jurisdiction," is the doctrine allowing federal courts to acquire jurisdiction entirely of a

408    case presenting two federal issues, although it might properly not have had jurisdiction of one of

409    the issues if it had been independently presented.742 Thus, in an action under a federal statute, a

410    compulsory counterclaim not involving a federal question is properly before the court and should

411    be decided.743 The concept has been applied to a claim otherwise cognizable only in admiralty

412    when joined with a related claim on the law side of the federal court, and in this way to give an

413    injured seaman a right to jury trial on all of his claims when ordinarily the claim cognizable only

414    in admiralty would be tried without a jury.744 And a colorable constitutional claim has been held

415              to support jurisdiction over a federal statutory claim arguably not within federal

416                                jurisdiction.745"}  See also,

15

16

417

418    725 Charles Dowd Box Co. v. Courtney, 368 U.S. 713 100 U.S. at 263-64.502 (1962). And see

419    ancillary case that has already been adjudicated. See also

420    Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08

421    Pg. 1 of 23 Pg. ID 281}). As in this ancillary case Dustin D. Coffman LPN sr IV V Hutchinson

422    College et al defendants case number 17-4070 sac geb has the exact same civil rights breaches

423    as well.

424    **Through the thirteen breaches of civil rights codes stated in the petition.**

425    **The Federal Court system Jurisdiction.**

426                                          1.  Ancillary Jurisdiction

427                                          2.  Civil Rights Jurisdiction
428
429                                          3.   Diversity Jurisdiction

430

17

431

432                     See also at 726 Teamsters v Lucas Flour Co. @ 726

433    726 Teamsters v. Lucas Flour Co., 369 U.S. 95 (1962). State law is not, however, to be totally

434    disregarded. "State law, if compatible with the purpose of § 301, may be resorted to in order to

435    find the rule that will best effectuate the federal policy ...

436     Any state law applied, however, will be absorbed as federal law and will not be an independent

437    source of private rights." Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 457 (1957).

438    Also at 727  See specifically for the Hutchinson college case 17-4070 SAC GEB case and point

439    of civil rights acts Jurisdiction rules for the Federal Courts. Federal review states: {See

440    Justia.com } Supreme Court review of Jurisdictional areas of Federal courts. Civil rights is solely

441    the Job of the Federal Court system and is their jurisdictional area.

442    **As the Plaintiff did show over thirteen breaches of civil law in his petition.**

443     " Before the court is a petition that the defendants being the regents of Hutchinson Community

444        College did violate the Plaintiff in the following manner.  1.) Violation of the plaintiff's First

445        amendment (retaliation); 2) violation of the Fourteenth Amendment's due process clause, 3.)

446           Violation of the Fourteenth Amendment's equal protection clause; 4.) Violation of Kansas

447    constitutional right to free speech, 5) violation of Kansas's constitutional right to due process. 6.)

448           Violation of Kansas's constitutional right of equal protection under the law. 7.) Breach of

449    contract. 8) Defamation (as to defendants Jay Ballard and Kathy Sanchez 9.) libel and slander as

450        to defendants Jay Ballard and Kathy Sanchez 10.) Tortious interference with a contract as to

451        defendants Debra Heckler, Cindy Hoss, Janet Hamilton, Kathy Sanchez and Jay Ballard. 11)

452    Intentional inflection of emotional distress and 12) violation of the Kansas Civil Rights Act 13)

453                          Kansas victims' Rights Act.

17

18

454                                      **V.**

455                          <u>**Civil Rights Act Jurisdiction**</u>

456      "Perhaps the most important of the special federal question jurisdictional statutes is that

457      conferring jurisdiction on federal district courts to hear suits challenging the deprivation under

458      color of state law or custom of any right, privilege, or immunity secured by the Constitution or

459      by any act of Congress providing for equal rights.728 Because it contains no jurisdictional

460      amount provision729 (while the general federal question statute until recently did)730 and

461      because the Court has held inapplicable the judicially-created requirement that a litigant exhaust

462      his state remedies before bringing federal action,731 the statute has been heavily utilized,

463      resulting in a formidable caseload, by plaintiffs attacking racial discrimination,

464      malapportionment and suffrage restrictions, illegal and unconstitutional police practices, state

465      restrictions on access to welfare and other public assistance, and a variety of other state and local

466      governmental practices.732 Congress has encouraged utilization of the two statutes by providing

467      for attorneys' fees under § 1983,733 and by enacting related and specialized complementary

468      statutes.734 The Court in recent years has generally interpreted § 1983 and its jurisdictional

469      statute broadly but it has also sought to restrict to some extent the kinds of claims that may be

470      brought in federal courts.735 It should be noted that § 1983 and § 1343(3) need not always go

471      together, inasmuch as § 1983 actions may be brought in state courts."736 Fed [{Zwich v

472      University of Michigan (2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID

473      281}).({ Whereas, the plaintiff in this matter 17-4070 SAC GEB,]} when used as an ancillary

474      case this court can see that the matters before HER, Honor Justice Gwynne E. Birzer,

475      A. this case if a horrible breach of civil rights to the plaintiff Dustin D. Coffman LPN.

476

18

19

477

478   B.  Likewise, in the Hutchinson Community college case 17-4070 SAC GEB the plaintiff has far

479   better standing in all points pro for the plaintiff Dustin Coffman as a matter of law. Than did the

480                              plaintiff Alissa Zwich in her case.

481   C.  This action by the college at Hutchinson Ks, was done with foresight and malice towards, the

482   Plaintiff Dustin D. Coffman LPN Sr IV Nurse State of Kansas. SEE FED {2:06-cv-12639-MOB-

483   MKM Doc # 49 Filed 04/28/08 Pg 1 of 23 Pg ID 281 FED ZWICH V UNIVERSTIY OF

484   MICHIGAN} As a color of law case, to the case of 17-4070 Dustin D Coffman LPN Sr IV v

485   Hutchinson Community College.

486   ## Comparisons and Contrast between Case 17-4070 SAC GEB an Ancillary

487   ## Case with same color of law as Zwich V. University of Michigan.

488   I.     Alissa Zwich was dismissed from college with an attention deficit disorder diagnosis.

489           She also was having trouble in classes to the point of having to retake several classes

490           and was failing the dental program per program parameters classes.

491   II.    Plaintiff Dustin D. Coffman LPN in 17-4070 sac geb,

492           a.  was passing all course work and was on the President Honor Roll at the Nursing

493   Program for the Spring Semester and with a

494           b.  2.5 for the summer semester of 2015

495           c.  And a 3.15 over all cumulative for the course work which is well above the 2.0

496   minimum ranges for academic probation.

20

497        d.   Dismissal from the institution nor probation parameters were met for dismissal,

498        according to academic rules from Hutchinson Community College. As well as academic

499        rules and parameters for the Nursing Program.

500   III.   Alissa Zwich in Fed Zwich V University ancillary case was awarded damages, even

501        though, she actually was failing the programs curriculum,

502        a.   yet was still awarded 1.76 million dollars for the college not following the

503        school rules of dismissal.}

504   IV.  Point of fact the plaintiff in this case [Dustin D Coffman LPN SR v Hutchinson Community

505   College et al defendants 17-4070 sac geb ] WAS NOT FAILING ANY PORTION OF THE

506   COURSE WORK.  Yet had his rights superseded by the defendants for not following school

507   procedure and rules.

508   V.   Zwich V University of Michigan the whole bases was for not following the proper

509        procedures for dismissal from the institution.

510        a.   For the schools Failure to notify the student of her academic status, or

511        letting the student know that her grades were not at the level of success needed by the

512        program.

513   VI.   In this case Dustin D. Coffman LPN SR V Hutchinson community College et al

514        a.defendants the School could not notify the plaintiff in 17-4070 sac geb, of poor

515        academic standing as the plaintiff Dustin D. Coffman.

516        b. was not failing any section of the course work.

517        Dustin D. Coffman LPN SR 'V Hutchinson Community College et al

518        defendants

20

21

519           c. the ancillary case Zwich V. University of Michigan and Plaintiff Dustin D.

520                          Coffman's case have the same color of law.

521           d. Cause of action, same breaches of Civil law and State civil codes,

522           e. For, if the hand book and rule book of Hutchinson Community College,

523     would have been followed to the letter the:

524           (i)  Plaintiff, Dustin D. Coffman LPN SR, would not have been kick out of

525     college for grades at an academic appeals meeting, while passing the course work.

526           (ii)  not once but twice, by the same institution. (See exhibit 14 audio file from

527                          both meetings).

528     F. And if displinary rules would have been followed to the letter:

529           i) the plaintiff Dustin D. Coffman LPN Sr would have already graduated the

530           program,

531           ii) before it even would have made it to Dr. Cater File's office for the hearing. (

532                  See exhibit 2 displinary rules and procedures for dismissal)

533           iii) the procedures for how the investigation is to be handled, by whom, and the

534           courses of actions that agent of the College can put on the student as punishment.

535     B. Dustin D. Coffman LPN Sr IV in case {number 17-4070 sac geb} was kicked out for "Two

536     of our instructors have issues with you." Audio exhibit 14, audio file

537                                      V.

538     <u>**Opening Paragraph of the Petition on File with the Court Clerk's Office.**</u>

22

539    Before the court is a petition that the defendants being the regents of Hutchinson Community

540       College did violate the Plaintiff in the following manner. 1.) Violation of the plaintiff's First

541       amendment (retaliation); 2) violation of the Fourteenth Amendment's due process clause, 3.)

542          Violation of the Fourteenth Amendment's equal protection clause; 4.) Violation of Kansas

543    constitutional right to free speech, 5) violation of Kansas's constitutional right to due process. 6.)

544          Violation of Kansas's constitutional right of equal protection under the law. 7.) Breach of

545    contract. 8) Defamation (as to defendants Jay Ballard and Kathy Sanchez 9.) libel and slander as

546       to defendants Jay Ballard and Kathy Sanchez 10.) Tortious interference with a contract as to

547       defendants Debra Heckler, Cindy Hoss, Janet Hamilton, Kathy Sanchez and Jay Ballard. 11)

548    Intentional inflection of emotional distress and 12) violation of the Kansas Civil Rights Act. 13)

549                    Violation of the Kansas victim protection act.

550    a.  As the court can see the plaintiff Dustin D. Coffman LPN Sr has stated thirteen breaches

551         of civil code. Therefore, the defense claims of "failure to state a claim" is false.

552    b.  Per Federal Rules when suing a state entity the chief executive officer must have a copy

553         of the complaint.

554    c.  Summons Contractor Linda Bryan along with the Plaintiff, Dustin D. Coffman LPN,

555         Hand delivered the petition to Dr. Cater File. As well as mailing a copy via certified

556         mail.

557                                  **VI**

558

559                   **Itemized Point by point breaches of Law.**

560

22

23

561  The Plaintiff Dustin D. Coffman LPN SR IV Nurse, RN Student, has a 3.19 cumulative grade

562  point average.

563  See the above minimum cumulative grade point average for academic standards for academic

564  probation for a semester.

565  The Institution cannot even put the Plaintiff, on probation, for a semester without, being in

566  breach of contract.

567  Students will be removed from academic probation if they raise their cumulative grade point

568  average above the minimum academic standards (1.7 for 12 to 30 credit hours of accepted

569  transfer and HCC attempted course work; 2.0 for 31 or more credit hours of accepted transfer

570  and HCC attempted course work) at the conclusion of their next fall or spring term.

571  The institution Hutchinson Community College et al Defendants kicked the plaintiff out of

572  college.

573  **1.) Violation of the plaintiff's First amendment (retaliation);**

574  **a.** see grievance exhibit to the Veteran Affairs office Dated July 24, 2015 proves

575  the Plaintiff turned in instructor Jay Ballard for harsh and unfair treatment while

576  on clinical rotation at Via Christi Hospital.

577  **2) violation of the Fourteenth Amendment's due process clause,**

578  A. As to defendants Debra Heckler, Cindy Hoss, Janet Hamiliton, Jay Ballard, Kathy Sanchez.

579  **i.** All above defendants have breached the plaintiffs Dustin D. Coffman's Due

580  process rights of the 14th amendment by using the wrong school rules to kick a

581  passing student out of school while the student was passing.

582  **ii.** Academic rules state clearly how and when and at what grade point average a

583  student can be placed on probation.

23

24

584          iii. And since the student was not failing or even had a grade point low enough to

585          even be brought forth on an academic issues. And passed the semester with a 2.5

586          grade point average and an overall with 3.18 grade point average the plaintiff

587          Dustin D. Coffman was not worried about graduating the program.  As he was

588          doing very well in the course work.

589          iv. shows clear cut violations of this civil right which is accepted norms for all

590          American Citizens.  {IN this case right to due process under the law 14th

591          amendment.}

592   **3.) Violation of the Fourteenth Amendment's equal protection clause;**

593   A. as to defendants Debra Heckler, Cindy Hoss, Janet Hamilton, Jay Ballard, Kathy Sanchez.

594          i. By allowing others to stay in class with the same grade point average and

595          kicking the plaintiff out.

596          ii. By allowing other students to remain in classes with lower grade, point

597          averages.

598          iii. By allowing other students to get a fair hearing based on evidence and the

599          plaintiff getting kick out for presenting good grades.

600          iv. By using the wrong protocols to kick a student out of the institution without

601          fair hearing by accepting the facts, grades, and truth as evidence,

602          v. By not allowing the student to stay in classes while the hearing was going on as

603          per displinary rules,

604          vi. By using academic rules to get the passing student out quickly without even

605          reviewing his grades at the academic appeals meeting.

25

606   **E. The defendants above have breached the plaintiff Dustin D. Coffman's {14th amendments**

607   **equal protection under the law}**

608   **4.) Violation of Kansas constitutional right to free speech,**

609   A. As to Jay Ballard not allowing the student nurse to go into the chapel and pray at Via Christi

610                        Catholic Hospital on his lunch break.

611   **5) violation of Kansas's constitutional right to due process.** SEE SAME REASONS FOR

612   FEDERAL VIOLATION.

613   **6.) Violation of Kansas's constitutional right of equal protection under the law.**

614   Same reasons as Federal violations.

615   A. as to defendants Debra Heckler, Cindy Hoss, Janet Hamiliton, Jay Ballard, Kathy Sanchez.

616                        B. See same reason for Federal Violations.

617   **7.) Breach of contract** ,

618   A. As to defendants Cindy Hoss and Janet Hamilton

619                        i) For using the wrong set of rules to dismiss the student.

620                        ii) For not even reviewing the students grades as per protocols at academic
621                           appeals meetings.

622   Exhibit 1 academic rules, 2 displinary rules 3, Official Transcript. 4. Clinical grades. 21

623   enrollment receipt for the fall semester, Academic appeals letters from Cindy Hoss, and Janet

624   Hamilton. The college Department heads, at both meetings, upholding the academic dismissal of

625   a student with a 3.18 cumulative Grade point Average, when the college handbook states that

626   dismissal and/or probationary level is at 1.7 cumulative grade point average.

26

8) Defamation

a.(as to defendants Jay Ballard and Kathy Sanchez

       i) For the Unprofessional Behavior written at the top of the corrective action contract

       ii) For not having one breach of student code of conduct on the corrective action contract.

       iii) For not having one provable piece of evidence that proves the statement on the corrective action contract "Unprofessional behavior" Per the student hand book code of conduct.

9.) libel and slander as to defendants Jay Ballard and Kathy Sanchez see above same

reasons.

10.) Tortious interference with a contract as to defendants Debra Heckler, Cindy Hoss,

Janet Hamilton, Kathy Sanchez and Jay Ballard.

       ( i) For the defendants not using the proper rules and regulations and dismissing

       the student from classes over the phone as per Debra Heckler.

       ii) For the rest of the defendants breaching school protocols and kicking the

       student out for "two of our instructors have issues with you." Exhibit 14 audio

       file.

       11) Intentional inflection of emotional distress et al. defendants

A.  For kicking a good student out of classes with Attention Deficit Hyperactive Disorder while

passing all the course work in the RN program without accommodation.

12) violation of the Kansas Civil Rights Act.  Et al defendants see petition

13) Violation of the Kansas victim protection act. Et al defendants see petition

also Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

Also see[{728 28 U.S.C. § 1343(3).

27

653    see at * 728

654    [{728 28 U.S.C. § 1343(3). The cause of action to which this jurisdictional grant applies is 42

655    U.S.C. § 1983, making liable and subject to other redress any person who, acting under color of

656    state law, deprives any person of any rights, privileges, or immunities secured by the

657    Constitution and laws of the United States.} For discussion of the history and development of

658    these two statutes, see also see [{ Monroe v. Pape, 365 U.S. 167 (1961)

659    [{ Monroe v. Pape, 365 U.S. 167 (1961); Lynch v. Household Finance Corp., 405 U.S. 538

660    (1972); Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978), Chapman v.

661    Houston Welfare Rights Org., 441 U.S. 600 (1979); Maine v. Thiboutot, 448 U.S. 1 (1980).}

662    Although the two statutes originally has the same wording in respect to "the Constitution and

663    laws of the United States," when the substantive and jurisdictional aspects were separated and

664    codified, § 1983 retained the all-inclusive "laws" provision, while § 1343(3) read "any Act of

665    Congress providing for equal rights.""The Court has interpreted the language of the two statutes

666    literally, so that while claims under laws of the United States need not relate to equal rights but

667    may encompass welfare and regulatory laws, Maine v. Thiboutot; but see Middlesex County

668    Sewerage Auth. v. National Sea Clammers Assn., 453 U.S. 1 (1981), such suits if they do not

669    spring from an act providing for equal rights may not be brought under § 1343(3).

670     Chapman v. Houston Welfare Rights Org., supra. This was important when there was a

671    jurisdictional amount provision in the federal question statute, but is of little significance today.

672    see also Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM Doc # 49 Filed

673    04/28/08 Pg. 1 of 23 Pg. ID 281}).

674                                    See at  @729

27

Case 5:17-cv-04070-SAC-GEB   Document 29   Filed 09/25/17   Page 29 of 48

28

675    729 See Hague v. CIO, 307 U.S. 496 (1939). Following Hague, it was argued that only cases

676    involving personal rights, that could not be valued in dollars, could be brought under § 1343(3),

677    and that cases involving property rights, which could be so valued, had to be brought under the

678    federal question statute. This attempted distinction was rejected in Lynch v. Household Finance

679    Corp., 405 U.S. 538, 546-548 (1972). On the valuation of constitutional rights, see Carey v.

680    Riphus, 435 U.S. 247 (1978). And see Memphis Community School Dist. v. Stachura, 477 U.S.

681    299 (1986) (compensatory damages must be based on injury to the plaintiff, not on some abstract

682    valuation of constitutional rights).  However in Fed [{Zwich v University of Michigan (2:06-cv-

683    12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

684    1. The Students placement in a secondary school was considered a property right.

685    2. Was considered as a personal loss to the student which caused a loss to the plaintiff.

686                                    See also at 730

687    {730 28 U.S.C. § 1331 was amended in 1976 and 1980 to eliminate the jurisdictional amount

688    requirement. Pub. L. 94-574, 90 Stat. 2721; Pub. L. 96-486, 94 Stat. 2369.} As such there is no

689    ceiling to the amounts a federal court can award in any civil trial.

690     As the plaintiff, Dustin D. Coffman, has stated the claims, in both the petition that the court has

691    on record, and sent a copy of that petition, to Hutchinson Community College via certified mail,

692    specifically the chief executive officer, Dr. Carter File per summons contractor, the defense is

693    fully aware of the Statement of claims since the specific breaches and defendant are all listed.

694    See also at 731.

695           731 Patsy v. Board of Regents, 457 U.S. 496 (1982). This had been the rule since at

696           least McNeese v. Board of Education, 373 U.S. 668 (1963). See also Felder v. Casey,

28

716           federal questions of fact and law may be involved therein.738 "Pendent

717           jurisdiction," as this form is commonly called, exists whenever the state and

718           federal claims "derive from a common nucleus of operative fact" and are such that

29

697         487 U.S. 131 (1988) (state notice of claim statute, requiring notice and waiting period

698         before bringing suit in state court under § 1983, is preempted). }

699   See also SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM Doc #

700   49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).  Is annotated and cited on the petition therefore the

701         defense is well aware that is an ancillary case.  Under Federal Jurisdiction.

702   A.  And also see Brown V Board of Education @ 732

703         732 Thus, such notable cases as Brown v. Board of Education, 347 U.S. 483

704         (1954), and Baker v. Carr, 369 U.S. 186 (1962), arose under the statutes.

705   B.  735 E.g., Parratt v. Taylor, 451 U.S. 527 (1981); Ingraham v. Wright, 430 U.S. 651

706         (1977).

707   C.  See also @ 736 Maine v. Thiboutot, 448 U.S. 1 (1980).

708   D.  Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM Doc # 49

709         Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

710         See also derived

711                                          **VII**

712                                 **Pendent Jurisdiction**

713   "Pendent Jurisdiction.——Once jurisdiction has been acquired through allegation of

714   a federal question not plainly wanting in substance,737 a federal court may decide

715   any issue necessary to the disposition of a case, notwithstanding that other non-

716   federal questions of fact and law may be involved therein.738 "Pendent

717   jurisdiction," as this form is commonly called, exists whenever the state and

718   federal claims "derive from a common nucleus of operative fact" and are such that

719   a plaintiff "would ordinarily be expected to try them all in one judicial

29

30

720   proceeding."739 Ordinarily, it is a rule of prudence that federal courts should not

721   pass on federal constitutional claims if they may avoid it and should rest their

722   conclusions upon principles of state law where possible.740 But the federal court

723   has discretion whether to hear the pendent state claims in the proper case. Thus,

724   the trial court should look to "considerations of judicial economy, convenience and

725   fairness to litigants" in exercising its discretion and should avoid needless

726   decisions of state law. If the federal claim, though substantial enough to confer

727   jurisdiction, was dismissed before trial, or if the state claim substantially

728   predominated, the court would be justified in dismissing the state claim.741

729   E.  See also Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM Doc

730       # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}). Cited ancillary case and also see

731   F.  And see  @737 Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105 (1933);

732       Hagans v. Lavine, 415 U.S. 528, 534-543 (1974).

733   G.   Also see:738 Osborn v. Bank of the United States, 22 U.S. (9 Wheat.) 738, 822-28

734       (1824); Siler v. Louisville & Nashville R.R. Co., 213 U.S. 175 (1909); Hurn v.

735       Oursler, 289 U.S. 238 (1933); United Mine Workers v. Gibbs, 383 U.S. 715

736       (1966).

737                                      See at 739:

738   H.  739 Osborn v. Bank, 22 U.S. at 725. This test replaced a difficult-to-apply test of

739       Hurn v. Oursler, 289 U.S. 238, 245-46 (1933). See also Kokkonen v. Guardian

740       Life Ins. Co., 511 U.S. 375 (1994); Peacock v. Thomas, 516 U.S. 349 (1996) (both

741       cases using the new vernacular of "ancillary jurisdiction").  Therefore this court

742       does have jurisdiction in the  this matter 17-4070 SAC GEB Dustin D. Coffman

30

31

743        LPNSR IV V. Hutchinson Community College et al defendants. Case Number 17-

744        4070 sac geb and see ancillary case by definition means more than one Federal

745        Statues being offer as breaches of civil law. As the plaintiff Dustin D. Coffman

746        LPN SR as well as the plaintiff in the template case has proven. This is a matter

747        that has already been seen at the Federal Level under the same color of law. Same

748        case and points.

749         Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM Doc # 49

750        Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}).

751    **Therefore based on:**

752            1.  Ancillary jurisdiction- stating more than one breach of Federal Law.

753            A.   See opening paragraph of statement of facts petition.

754            2.  Civil Rights Jurisdiction -breaches of thirteen Civil codes stated in the petition.

755               A.  See opening paragraph of the statement of facts petition.

756            3.  Diversity Jurisdiction – Plaintiff .being a citizen of another state.

757            a. Plaintiff, Dustin D. Coffman being a citizen of the state of Oklahoma

758            b. with business ties to the forum state.

759            As the evidence presented to this court the motions to dismiss must be overruled in

760            favor of the plaintiff Dustin D. Coffman LPN SR. As a matter of Law.

761            4.  Supreme Court Justice Review of Civil Rights Act Jurisdiction.—"Perhaps the

762               most important of the special federal question jurisdictional statutes is that

763               conferring jurisdiction on federal district courts to hear suits challenging the

764               deprivation under color of state law or custom of any right, privilege, or

765               immunity secured by the Constitution or by any act of Congress providing for

31

32

766    equal rights.728 Because it contains no jurisdictional amount provision729

767    (while the general federal question statute until recently did)730 and because the

768    Court has held inapplicable the judicially-created requirement that a litigant

769    exhaust his state remedies before bringing federal action,731 the statute has been

770    heavily utilized, resulting in a formidable caseload, by plaintiffs attacking racial

771    discrimination, malapportionment and suffrage restrictions, illegal and

772    unconstitutional police practices, state restrictions on access to welfare and other

773    public assistance, and a variety of other state and local governmental

774    practices.732 Congress has encouraged utilization of the two statutes by

775    providing for attorneys' fees under § 1983,733 and by enacting related and

776    specialized complementary statutes.734 The Court in recent years has generally

777    interpreted § 1983 and its jurisdictional statute broadly but it has also sought to

778    restrict to some extent the kinds of claims that may be brought in federal

779    courts.735 It should be noted that § 1983 and § 1343(3) need not always go

780    together, inasmuch as § 1983 actions may be brought in state courts.736 Fed

781    [{Zwich v University of Michigan (2:06-cv-12639-MOB-MKM Doc # 49 Filed

782    04/28/08 Pg. 1 of 23 Pg. ID 281}).({ Whereas, the plaintiff in this matter 17-

783    4070 SAC GEB, when used as an ancillary case this court can see that the

784    matters before HER, Honor Justice Gwynne E. Birzer,, that this case is a horrible

785    breach of civil rights to the plaintiff . Likewise, in the Hutchinson Community

786    college case 17-4070 SAC GEB, the plaintiff has far better standing, in all points

787    pro, for the plaintiff, as a matter of law and of evidence.  This action by the

788    college was done with foresight and malice to the Plaintiff Dustin D. Coffman

33

789            LPN Sr IV Nurse State of Kansas. ASEE {2:06-cv-12639-MOB-MKM Doc # 49

790            Filed 04/28/08 Pg 1 of 23 Pg ID 281 FED ZWICH V UNIVERSTIY

791       5. As well as the Defenses motion to dismiss on grounds for "failure to state a

792            claim" As the Plaintiff Dustin D. Coffman has proven that the defenses counsel

793            has a copy of the petition and is fully aware of the breaches of Civil rights laws.

794            As the petition is on file with the court clerk's office and a copy was hand

795            delivered to the Chief Executive officer Dr. Carter File.

796 See also @ 740

797            740 Siler v. Louisville & Nashville R. Co., 213 U.S. 175 (1909); Greene v.

798            Louisville & Interurban R.R., 244 U.S. 499 (1917); Hagans v. Lavine, 415 U.S.

799            528, 546-550 (1974). In fact, it may be an abuse of discretion for a federal court to

800            fail to decide on an available state law ground instead of reaching the federal

801            constitutional question. Schmidt v. Oakland Unified School Dist., 457 U.S. 594

802            (1982) (per curiam). {However, narrowing previous law, the Court held in

803            Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984), held that when

804            a pendent claim of state law involves a claim that is against a State for purposes of

805            the Eleventh Amendment federal courts may not adjudicate it. } ERGO SINCE

806            THIS IS NOT A MATTER OF STATE V STATE the Federal courts also has

807            jurisdiction in this matter.

808       6. See also at 741 United Mine Workers v. Gibbs, 383 U.S. 715, 726-727 (1966).

809       7.   A variant of pendent jurisdiction, sometimes called "ancillary jurisdiction," is

810            the doctrine allowing federal courts to acquire jurisdiction entirely of a case

811            presenting two federal issues, although it might properly not have had

33

34

812    jurisdiction of one of the issues if it had been independently presented.742 Thus,

813    in an action under a federal statute, a compulsory counterclaim not involving a

814    federal question is properly before the court and should be decided.743 The

815    concept has been applied to a claim otherwise cognizable only in admiralty when

816    joined with a related claim on the law side of the federal court, and in this way to

817    give an injured seaman a right to jury trial on all of his claims when ordinarily

818    the claim cognizable only in admiralty would be tried without a jury.744 And a

819    colorable constitutional claim has been held to support jurisdiction over a federal

820    statutory claim arguably not within federal jurisdiction.745 as is the reason for

821    jurisdiction, in this matter of Dustin D. Coffman LPN SR IV V Hutchinson

822    Community College et. Al defendants.   As the plaintiffs Dustin D. Coffman case

823    is exactly like the ancillary case as he used Fed Zwich V U. Michigan as a

824    templet, in every breach of civil law this court does have jurisdiction and the

825    motions for dismissal must be denied on both counts.

826  8. See SEE ALSO Fed [{Zwich v University of Michigan (2:06-cv-12639-MOB-

827     MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23 Pg. ID 281}). And see (at 742 citing

828     Freeman V Howe)

829  9. {742 The initial decision was Freeman v. Howe, 65 U.S. (24 How.) 450 (1861),

830     in which federal jurisdiction was founded on diversity of citizenship." } Not

831     diversity of state of residency, but residency as a United States Citizen and a

832     foreign citizen. Being that the

833  10. Dustin D Coffman LPN Sr Iv, plaintiff is a veteran of the United States Armed

834     Forces, and being that the plaintiff Dustin D.  Coffman LPN SR Iv is Nurse for

34

835    the State of Kansas, and an American Citizen per the aforementioned case and

836    points of law  The defense Counsel motion to dismiss must be overruled and

837    ruled in favor of the Plaintiff on the bases of Ancillary Jurisdiction.

838    a.  Kansas State Nursing License renewal address.

839    b. rent receipts at RR3 Box 9 of Hooker Ok,73945

840    c. Forwarding address of mail

841    d. Affidavit from summons contractor Linda Bryan.

842    E Copy of the Assist ticket from Colten Gilmore.

843    F. Copy of the lease agreements from the last tenants at 202 south

844    Detroit Street Norcatur, Ks 67653 as well as the current tenants.

845    G. Petition on file with the court clerk as well as the resubmitted

846    petition with this response to dismiss.

847    H. Breaches of Law in the opening paragraph of the petition sent

848    to the court and to the defenses chief executive officer Dr. Cater

849    File.

850    The Plaintiff Dustin D. Coffman Pro se attorney Moves that all motions to dismiss

851    by the defense be overruled.

852    Per evidence exhibits from the college to the student

853    11. Per Law see already adjudicated Case as ancillary case to this one. Fed [ [Zwich

854    v University of Michigan (2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08

36

858        breaches of laws and school protocols than did th also Fed [{Zwich v University

859        of Michigan (2:06-cv-12639-MOB-MKM Doc # 49 Filed 04/28/08 Pg. 1 of 23

860        Pg. ID 281}). color of law case

861        12. Per case and points that has been submitted by the Plaintiff Dustin D. Coffman

862        LPN Sr IV.  The plaintiff, Motions that all dismissals be overruled, in favor of

863        the plaintiff, at this time as a matter of law and evidence before this court.

864 It is so motioned this ___25th___ day _Sept_ Year _2017_

865 **Dustin D. Coffman LPN SR IV** _Dustin D Coffman_

866 H.H.C. 3 Box 9 Hooker, OK, 73945
867 Coffmandusty66@gmail.com
868 580-652-2466 Phone
869
870
871
872
873
874

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Dustin D. Coffman LPN SR                          Case No.------17 4070 Sac

        Plaintiff

v.

Regents of Hutchinson Community College, Jay Ballard RN,
    Kathy Sanchez MSN, Debra Heckler MSN, V.P. Cindy Hoss,
    Janet Hamilton, Department Co-Chair.

        Defendants

### AFFIDAVIT OF DELIVERY

STATE OF OKLAHOMA)
             ) SS:
COUNTY OF TEXAS   )

    I, Linda Bryan, of lawful age and being first duly sworn, on oath state:

    That I am a resident of Texas County, Oklahoma and, am the contracted summons
delivery person for Dustin D, Coffman, that on the 14th day of August, 2017, I hand delivered a
copy of the Petition to Dr. Carter File's office; and that on the 15th day of August, 2017, I mailed
at the U.S. Post Office, Hooker, Oklahoma, true and correct copies of the Summons, Civil Cover
Sheet, and Civil Complaint in the above entitled cause to Dr. Carter File, President and Trustee
of Hutchinson Community College, 1300 N. Plum, Hutchinson, KS  67501.

    Witness my hand this _25th_ day of _September_, 2017.

                                         Linda Bryan

    Subscribed and sworn to before me this _25_ day of _September_, 2017.

                                      Notary Public

    Commission Expires:

_3-13-18_

Dustin D. Coffman, RR 3 Box 9, Hooker, OK  73945  Phone: (580) 652-2466

Dustin D. Coffman OKHP

Coffmandustyb6 gmail/com

580-6522466

RR 3 Box 9 Hooker OK 73145

17-4070-SAC-GEB

## OKLAHOMA HIGHWAY PATROL
## ASSIST

**Officer Information**
Name: Gilmore    Badge: 584    Troop: I

**Location**
Date: 8/30/2017    Time: 3:55 PM
County: TEXAS    Location: MADISON ST. / MISSOURI AVE.

**Person Information**
Name: COFFMAN, DUSTIN DAVID
DOB:    Phone:
License: K01865280    Class: M
State: KS    Endorsements: NT
Height: 604    Weight: 217    Race:    Sex: M
Address: 202 S DETROIT AVE, NORCATUR, KS 67653

**Vehicle Information**
Year: 2003    Color: SIL    Make: CADI    Style: 4DR
Tag: 17BEL    State: KS    CMV:    Placard:
HazMat:

**Reason**

**Officer Remark**
FAILURE TO UPDATE LICENSE AND TAG TO OKLAHOMA
AFTER BEING A RESIDENT FOR 14 MONTHS.

THIS IS NOT AN ARREST AND WILL NOT BECOME PART OF
YOUR DRIVING RECORD.
This report documents that you were provided notice of a
violation by a Trooper or that information pertinent to a

# LEASE

## BASIC RENTAL AGREEMENT OR RESIDENTIAL LEASE

This Rental Agreement or Residential Lease shall evidence the complete terms and conditions under which the par whose signatures appear below have agreed. Landlord/Lessor/Agent, _Dustin Giffinen_, shall be referred to as "OWNER" and Tenant(s)/Lessee, _____, shall be referred to as "RESIDENT." As consideration for this agreement, OWNER agrees to rent/lease to RESIDENT and RESIDENT agrees to rent/lease from OWNER for use solely as a private residence, the premises located at _402 S Lacey_ in the city of _Hiawatha, Kansas_.

1. **TERMS:** RESIDENT agrees to pay in advance $_375_ per month on the _3rd_ day of each month. This agreement shall commence on _07, 17_ and continue; (check one)
  A. _X_ until _07, 18_ as a leasehold. Thereafter it shall become a month-to-month tenancy. If RESIDENT shoul move from the premises prior to the expiration of this time period, he shall be liable for all rent due until such time that the Residence is occupied by an OWNER approved paying RESIDENT and/or expiration of said time period, whichever is shorter.
  B. _____ until _____, _____ on a month-to-month tenancy until either party shall terminate this agreement by giving a written notice of intention to terminate at least 30 days prior to the date of termination.

2. **PAYMENTS:** Rent and/or other charges are to be paid at such place or method designated by the owner as follo _Hoover State Bank_. All payments are to be made by check or money order and cash sha be acceptable. OWNER acknowledges receipt of the First Month's rent of $_375_ and a Security Deposit of $_0_, and additional charges/fees for _____, for a total payment of $_____. All payments are to be made payable to _Dustin Giffinen_.

3. **SECURITY DEPOSITS:** The total of the above deposits shall secure compliance with the terms and conditions this agreement and shall be refunded to RESIDENT within _____ days after the premises have been completely vacated less any amount necessary to pay OWNER; a) any unpaid rent, b) cleaning costs, c) key replacement costs, cost for repair of damages to premises and/or common areas above ordinary wear and tear, and e) any other amoun legally allowable under the terms of this agreement. A written accounting of said charges shall be presented to RESIDENT within _____ days of move-out. If deposits do not cover such costs and damages, the RESIDENT shal immediately pay said additional costs for damages to OWNER.

4. **LATE CHARGE:** A late fee of $_5/day_ (not to exceed _5_ % of the monthly rent), shall be added and due for ai payment of rent made after the _12th_ of the month. Any dishonored check shall be treated as unpaid rent, and subject to an additional fee of $_5_.

5. **UTILITIES:** RESIDENT agrees to pay all utilities and/or services based upon occupancy of the premises excep _no exceptions_.

6. **OCCUPANTS:** Guest(s) staying over 15 days without the written consent of OWNER shall be considered a bre: of this agreement. ONLY the following individuals and/or animals, AND NO OTHERS shall occupy the subject residence for more than 15 days unless the expressed written consent of OWNER obtained in advance _Phil Lile, Karen Christian, Meta, ( Oreessa)_

7. **PETS:** No animal, fowl, fish, reptile, and/or pet of any kind shall be kept on or about the premises, for any amou of time, without obtaining the prior written consent and meeting the requirements of the OWNER. Such consent if granted, shall be revocable at OWNER'S option upon giving a 30 day written notice. In the event laws are passed o permission is granted to have a pet and/or animal of any kind, an additional deposit in the amount of $_One_ shall be required along with additional monthly rent of $_0.00_ along with the signing of OWNER'S Pet Agreement. RESIDENT also agrees to carry insurance deemed appropriate by OWNER to cover possible liability a damages that may be caused by such animals.

_Dustin D. Offman — 25 - SEPT 2017_
_Coffmandusty66@gmail.com_
_RR3 Box 9 Hooker 73545    580-65 2-2466_

8. **LIQUID FILLED FURNISHINGS:** No liquid filled furniture, receptacle containing more than ten gallons of liquid is permitted without prior written consent and meeting the requirements of the OWNER. RESIDENT also agrees to carry insurance deemed appropriate by OWNER to cover possible losses that may be caused by such items.

9. **PARKING:** When and if RESIDENT is assigned a parking area/space on OWNER'S property, the parking area/space shall be used exclusively for parking of passenger automobiles and/or those approved vehicles listed on RESIDENT'S Application attached hereto. RESIDENT is hereby assigned or permitted to park only in the following area or space _____. The parking fee for this space (if applicable is $_____ monthly. Said space shall not be used for the washing, painting, or repair of vehicles. No other parking space shall be used by RESIDENT or RESIDENT'S guest(s). RESIDENT is responsible for oil leaks and other vehicle discharges for which RESIDENT shall be charged for cleaning if deemed necessary by OWNER.

10. **NOISE:** RESIDENT agrees not to cause or allow any noise or activity on the premises which might disturb the peace and quiet of another RESIDENT and/or neighbor. Said noise and/or activity shall be a breach of this agreement.

11. **DESTRUCTION OF PREMISES:** If the premises become totally or partially destroyed during the term of this Agreement so that RESIDENT'S use is seriously impaired, OWNER or RESIDENT may terminate this Agreement immediately upon three day written notice to the other.

12. **CONDITION OF PREMISES:** RESIDENT acknowledges that he has examined the premises and that said premises, all furnishings, fixtures, furniture, plumbing, heating, electrical facilities, all items listed on the attached property condition checklist, if any, and/or all other items provided by OWNER are all clean, and in good satisfactory condition except as may be indicated elsewhere in this Agreement. RESIDENT agrees to keep the premises and all items in good order and good condition and to immediately pay for costs to repair and/or replace any portion of the above damaged by RESIDENT, his guests and/or invitees, except as provided by law. At the termination of this Agreement, all of above items in this provision shall be returned to OWNER in clean and good condition except for reasonable wear and tear and the premises shall be free of all personal property and trash not belonging to OWNER. It is agreed that all dirt, holes, tears, burns, and stains of any size or amount in the carpets, drapes, walls, fixtures, and/or any other part of the premises, do not constitute reasonable wear and tear.

13. **ALTERATIONS:** RESIDENT shall not paint, wallpaper, alter or redecorate, change or install locks, install antenna or other equipment, screws, fastening devices, large nails, or adhesive materials, place signs, displays, or other exhibits, on or in any portion of the premises without the written consent of the OWNER except as may be provided by law.

14. **PROPERTY MAINTENANCE:** RESIDENT shall deposit all garbage and waste in a clean and sanitary manner into the proper receptacles and shall cooperate in keeping the garbage area neat and clean. RESIDENT shall be responsible for disposing of items of such size and nature as are not normally acceptable by the garbage hauler. RESIDENT shall be responsible for keeping the kitchen and bathroom drains free of things that may tend to cause clogging of the drains. RESIDENT shall pay for the cleaning out of any plumbing fixture that may need to be cleared of stoppage and for the expense or damage caused by stopping of waste pipes or overflow from bathtubs, wash basins, or sinks.

15. **HOUSE RULES:** RESIDENT shall comply with all house rules as stated on separate addendum, but which are deemed part of this rental agreement, and a violation of any of the house rules is considered a breach of this agreement.

16. **CHANGE OF TERMS:** The terms and conditions of this agreement are subject to future change by OWNER after the expiration of the agreed lease period upon 30-day written notice setting forth such change and delivered to RESIDENT. Any changes are subject to laws in existence at the time of the Notice of Change Of Terms.

17. **TERMINATION:** After expiration of the leasing period, this agreement is automatically renewed from month to month, but may be terminated by either party giving to the other a 30-day written notice of intention to terminate. Where laws require "just cause", such just cause shall be so stated on said notice. The premises shall be considered vacated only after all areas including storage areas are clear of all RESIDENT'S belongings, and keys and other property furnished for RESIDENT'S use are returned to OWNER. Should the RESIDENT hold over beyond the termination date or fail to vacate all possessions on or before the termination date, RESIDENT shall be liable for additional rent and damages which may include damages due to OWNER'S loss of prospective new renters.

18. **POSSESSION:** If OWNER is unable to deliver possession of the residence to RESIDENTS on the agreed date, because of the loss or destruction of the residence or because of the failure of the prior residents to vacate or for any other reason, the RESIDENT and/or OWNER may immediately cancel and terminate this agreement upon written notice to the other party at their last known address, whereupon neither party shall have liability to the other, and any sums paid under this Agreement shall be refunded in full. If neither party cancels, this Agreement shall be prorated and begin on the date of actual possession.

19. **INSURANCE:** RESIDENT acknowledges that OWNERS insurance does not cover personal property damage caused by fire, theft, rain, war, acts of God, acts of others, and/or any other causes, nor shall OWNER be held liable for such losses. RESIDENT is hereby advised to obtain his own insurance policy to cover any personal losses.

20. **RIGHT OF ENTRY AND INSPECTION:** OWNER may enter, inspect, and/or repair the premises at any time in case of emergency or suspected abandonment. OWNER shall give 24 hours advance notice and may enter for the purpose of showing the premises during normal business hours to prospective renters, buyers, lenders, for smoke alarm inspections, and/or for normal inspections and repairs. OWNER is permitted to make all alterations, repairs and maintenance that in OWNER'S judgment is necessary to perform.

21. **ASSIGNMENT:** RESIDENT agrees not to transfer, assign or sublet the premises or any part thereof.

22. **PARTIAL INVALIDITY:** Nothing contained in this Agreement shall be construed as waiving any of the OWNER'S or RESIDENT'S rights under the law. If any part of this Agreement shall be in conflict with the law, that part shall be void to the extent that it is in conflict, but shall not invalidate this Agreement nor shall it affect the validity or enforceability of any other provision of this Agreement.

22. **NO WAIVER:** OWNER'S acceptance of rent with knowledge of any default by RESIDENT or waiver by OWNER of any breach of any term of this Agreement shall not constitute a waiver of subsequent breaches. Failure to require compliance or to exercise any right shall not be constituted as a waiver by OWNER of said term, condition, and/or right, and shall not affect the validity or enforceability of any provision of this Agreement.

23. **ATTORNEY FEES:** If any legal action or proceedings be brought by either party of this Agreement, the prevailing party shall be reimbursed for all reasonable attorney's fees and costs in addition to other damages awarded.

24. **JOINTLY AND SEVERALLY:** The undersigned RESIDENTS are jointly and severally responsible and liable for all obligations under this agreement.

25. **REPORT TO CREDIT/TENANT AGENCIES:** You are hereby notified that a nonpayment, late payment or breach of any of the terms of this rental agreement may be submitted/reported to a credit and/or tenant reporting agency, and may create a negative credit record on your credit report.

26. **LEAD NOTIFICATION REQUIREMENT:** For rental dwellings built before 1978, RESIDENT acknowledges receipt of the following: (Please check)
___ Lead Based Paint Disclosure Form
___ EPA Pamphlet

**27. ADDITIONS AND/OR EXCEPTIONS**

_____
_____
_____

**28. NOTICES:** All notices to RESIDENT shall be served at RESIDENT'S premises and all notices to OWNER shall be served at _____.

**29. INVENTORY:** The premises contains the following items, that the RESIDENT may use.

_____
_____

**30. KEYS AND ADDDENDUMS:** RESIDENT acknowledges receipt of the following which shall be deemed part of this Agreement: (Please check)
___ Keys #of keys and purposes _____
___ House Rules ___ Pet Agreement ___ Other _____

**31. ENTIRE AGREEMENT:** This Agreement constitutes the entire Agreement between OWNER and RESIDENT. No oral agreements have been entered into, and all modifications or notices shall be in writing to be valid.

**32. RECEIPT OF AGREEMENT:** The undersigned RESIDENTS have read and understand this Agreement and hereby acknowledge receipt of a copy of this Rental Agreement.

RESIDENT'S Signature _____

Date _4-3-17_____

RESIDENT'S Signature _____

Date _4-3-17_____

OWNER'S or Agent's Signature _____

Date _____

Coffmandusty bk@ gmail.com
HC 3 Box 9 Hooker ok 73945
580-6522466

# Rental Agreement

1. Tenant will pay the amount of 375.oo per month
2. Tenant will mow the yard.
3. Tenant is responsible for any damages to the property.
4. Tenant is responsible for any items ie, building, walls, refrigerator stove while living in house.
5. Tenant will be allowed pets with a pet deposit of 200.00.
6. Tenant will be assessed a five-dollar late fee per day on late rent unless otherwise arranged by the Land Lord.
7. Tenant is responsible for all utilities and gas bills while at the property.
8. If any water, gas or electric bill is still owed by the tenant it will be the sole responsibility of the tenant not the land owner.
9. Any damage that is caused by the tenant will be charged to the tenant.

Land Lord ------------------------------------------------date  09-16-14

Tenant ------------------------------------------------date

Cottman dosty dot gmail. Com

580- 652 - 2466

RR 3 Box 9  Hooker  73445

**RECEIPT** No.

DATE 6-1-16

FROM Dustin Coffman                    $ 250 00

Two Hundred Fifty and no/100 ———— DOLLARS

Ø FOR Room Rent

| Amount of Account | | |
| Amount of Paid | | |
| Balance Due | | |

☒ CASH
○ CHECK
○ MONEY ORDER   FROM 6-1-16 TO 7-1-16
○ CREDIT CARD   BY

---

**RECEIPT** No.

DATE 7-1-16

FROM Dustin Coffman                    $ 250 00

Two Hundred Fifty and no/100 ———— DOLLARS

Ø FOR Rent

| Amount of Account | | |
| Amount of Paid | | |
| Balance Due | | |

☒ CASH
○ CHECK
○ MONEY ORDER   FROM 7-1-16 TO 8-1-16
○ CREDIT CARD   BY

---

**RECEIPT** No.

DATE 8-1-16

FROM Dustin Coffman                    $ 250 00

Two Hundred Fifty and no/100 ———— DOLLARS

Ø FOR Rent

| Amount of Account | | |
| Amount of Paid | | |
| Balance Due | | |

☒ CASH
○ CHECK
○ MONEY ORDER   FROM 8-1-16 TO 9-1-16
○ CREDIT CARD   BY

---

**RECEIPT** No.

DATE 9-1-16

FROM Dustin Coffman                    $ 250 00

Two Hundred Fifty and no/100 ———— DOLLARS

Ø FOR Rent

| Amount of Account | | |
| Amount of Paid | | |
| Balance Due | | |

☒ CASH
○ CHECK
○ MONEY ORDER   FROM 9-1-16 TO 10-1-16
○ CREDIT CARD   BY

---

Dustin Coffman  Rd 3 Box 974-b-b  OK 73xxs

Rent Receipt    580-652-2966

Coffmandusty66@gmail.com

**RECEIPT** No.

DATE 8-1-17
FROM Dustin Coffman
$250.00
Two Hundred Fifty and No/100 — DOLLARS
FOR Rent
CASH / ☒ CHECK / MONEY ORDER / CREDIT CARD
FROM 8-1-17 TO 9-1-17 BY

**RECEIPT** No.

DATE 10-1-16
FROM Dustin Coffman
$250.00
Two Hundred Fifty and No/100 — DOLLARS
FOR Rent
☒ CASH / CHECK / MONEY ORDER / CREDIT CARD
FROM 10-1-16 TO 11-1-16 BY

**RECEIPT** No.

DATE 11-1-16
FROM Dustin Coffman
$250.00
Two Hundred Fifty and No/100 — DOLLARS
FOR Rent
☒ CASH / CHECK / MONEY ORDER / CREDIT CARD
FROM 11-1-16 TO 12-1-16 BY

**RECEIPT** No.

DATE 12-1-16
FROM Dustin Coffman
$250.00
Two Hundred Fifty and No/100 — DOLLARS
FOR Rent
☒ CASH / CHECK / MONEY ORDER / CREDIT CARD
FROM 12-1-16 TO 1-1-17 BY

# RECEIPT                                       No.

DATE   1-1-17

FROM  Dustin Coffman                          $ 250 00

Two Hundred Fifty & 40/100 ———————  DOLLARS

Ø FOR _____

| Amount of Account | | |
| Amount of Paid | | |
| Balance Due | | |

- Ø CASH
- ○ CHECK
- ○ MONEY ORDER
- ○ CREDIT CARD

FROM  1-1-17  TO  2-1-17

BY  _____

---

# RECEIPT                                       No.

DATE   2-1-17

FROM  Dustin Coffman                          $ 250 00

Two Hundred Fifty and 40/100 ————  DOLLARS

Ø FOR  Rent

| Amount of Account | | |
| Amount of Paid | | |
| Balance Due | | |

- Ø CASH
- ○ CHECK
- ○ MONEY ORDER
- ○ CREDIT CARD

FROM  2-1-17  TO  3-1-17

BY  _____

---

# RECEIPT                                       No.

DATE   3-1-17

FROM  Dustin Coffman                          $ 250 00

Two Hundred Fifty and 40/100 ———  DOLLARS

○ FOR _____

| Amount of Account | | |
| Amount of Paid | | |
| Balance Due | | |

- Ø CASH
- ○ CHECK
- ○ MONEY ORDER
- ○ CREDIT CARD

FROM  3-1-17  TO  4-1-17

BY  _____

---

# RECEIPT                                       No.

DATE   4-1-17

FROM  Dustin Coffman                          $ 250 00

Two Hundred Fifty and 40/100 ———  DOLLARS

Ø FOR  Rent

| Amount of Account | | |

- ○ CASH
- ○ CHECK

DATE  5-1-17                                    $ 250.00

FROM  Dustin Coffman                            NO. 1155

Two Hundred Fifty and no/100 ——————————— DOLLARS

FOR  Rent

| Amount of Account | | ☐ CASH | FROM 5-1-17 TO 6-1-17 |
| Amount of Paid | | ☐ CHECK | |
| Balance Due | | ☐ MONEY ORDER | BY |
| | | ☐ CREDIT CARD | |

---

DATE  6-1-17                                    $ 250.00

FROM  Dustin Coffman                            NO. 1156

Two Hundred Fifty and no/100 ——————————— DOLLARS

FOR  Rent

| Amount of Account | | ☒ CASH | FROM 6-1-17 TO 7-1-17 |
| Amount of Paid | | ☐ CHECK | |
| Balance Due | | ☐ MONEY ORDER | BY |
| | | ☐ CREDIT CARD | |

---

# RECEIPT                              No.

DATE  7-1-17

FROM  Dustin Coffman                            $ 250.00

Two Hundred Fifty and no/100 ——————————— DOLLARS

FOR  Rent

| Amount of Account | | ☒ CASH | FROM 7-1-17 TO 8-1-17 |
| Amount of Paid | | ☐ CHECK | |
| Balance Due | | ☐ MONEY ORDER | BY |
| | | ☐ CREDIT CARD | |