# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DUSTIN D. COFFMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 17-4070-SAC-GEB |
| HUTCHINSON COMMUNITY COLLEGE, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to "Accept Statement Of Facts Petition for 16.3 A.D.R."(**ECF No. 31**); Plaintiff's Motion to Seal Case ("For Rule 5.6.4") (**ECF No. 32**); and Plaintiff's Motion for "16.3 Alternative Dispute Resolutions" (**ECF No. 33**). For the reasons set forth below, Plaintiff's motions are **DENIED**.

### I.   Background

The factual and procedural background of this case was discussed in previous orders and will not be repeated. Generally speaking, Plaintiff filed this case, acting pro se, against Hutchinson Community College ("HCC"), claiming the school and certain of its instructors and administrators violated his constitutional rights by dismissing him from the college's nursing program.

Since filing his case on August 7, 2017, Plaintiff has filed eleven motions for the Court's consideration. In the undersigned U.S. Magistrate Judge's Memorandum and

Order of September 9, 2017, Plaintiff's request for counsel and six other motions were denied (Order, ECF No. 23).  In addition to the motions decided by the Magistrate Judge, the District Judge denied Plaintiff's early motion for summary judgment (ECF No. 19), and recently granted in part and denied in part defendant HCC's motion to dismiss (Order, ECF No. 29).

II. **Plaintiff's Motion to Accept Statement of Facts Petition for 16.3 A.D.R. (ECF No. 31)**

This motion consists of a one-sentence request for the Court to "have the attached petition submitted and placed on the docket for review by the defense for the purpose of 16.3 alternative dispute resolution in this matter. . . ."  (ECF No. 31, at 1.)  No attachments were included with the one-page motion.  To the extent Plaintiff asks this Court to accept his Complaint or other filed documents, the motion is **DENIED AS MOOT** because Plaintiff's filings have already been accepted and filed on the Court's electronic case filing system, and all documents filed on the electronic filing system are available for Defendants' review at any time.  To the extent Plaintiff seeks some other action by this Court, the motion is **DENIED** for failure to outline the specific relief Plaintiff seeks.

III. **Plaintiff's Motion for Rule 5.6.4 (ECF No. 32)**

Plaintiff's Motion for Rule 5.6.4 requests that "all court action in this case" be sealed to "protect the states [sic] interests as to the state entity Hutchinson Community College and its facility."  (ECF No. 32, at 1.)  As an initial matter, the Court assumes

2

Plaintiff's recitation of the rule is a typographical error, and he intends to cite D. Kan Rule 5.4.6 regarding sealed documents. That rule outlines the procedure for request leave to file documents under seal in civil cases. Aside from his stated intention to protect the interests of HCC and the state, Plaintiff provides no other facts or arguments to support his request.

But "federal courts have long recognized a common-law right of access to judicial records."[1] Such a right originates in the "public's fundamental interest in understanding disputes that are presented to a public forum for resolution."[2] To determine whether filed documents, or an entire action, should be sealed from public viewing, "the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties."[3] The party seeking to seal any portion of the record "must show that interests which favor non-disclosure outweigh the public interest in access to court proceedings and documents."[4] The movant "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process,"[5] not simply submit conclusory statements.

---

[1] *United States v. Smith*, No. 12-20066-31-KHV, 2016 WL 1312518, at *1 (D. Kan. Apr. 4, 2016) (citing *United States v. Apperson*, No. 14-3069, 2016 WL 898885, at *6 (10th Cir. Mar. 9, 2016) (citing *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).
[2] *Id.* (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).
[3] *Id.* (citing *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *Crystal Grower's*, 616 F.2d at 461).
[4] *Id.* (citing *Apperson*, 2016 WL 898885, at *6; *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)).
[5] *Id.* (citing *Colony Ins.*, 698 F.3d at 1241; *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

Other than his single statement professing a need to protect the college and/or the state, Plaintiff provides no other basis or argument supporting his request to seal the court record, and HCC has not requested to restrict access to the case. Plaintiff "does not specifically explain how his interest in non-disclosure of the information outweighs the public interest in open courts."[6] Therefore, Plaintiff's request to seal is **DENIED**.

IV. **Plaintiff's Motion for "16.3 Alternative Dispute Resolutions" (ECF No. 33)**

In this motion, Plaintiff asks the Court to order alternative dispute resolution "in the interest of saving money and in the protective interests of the State Entity of Hutchinson Community College for settlement of these matters out of court" (ECF No. 33). Plaintiff is correct that the Court must promote all parties' interests in an inexpensive and swift resolution of this lawsuit. However, as explained previously in this Court's Memorandum and Order (ECF No. 23) denying Plaintiff's previous motion for Rule 16.3 mediation (ECF No. 4), the topic of mediation will be discussed at the Rule 16 Scheduling Conference, which will be held after all parties to the case have entered their appearances. Currently, all parties have not yet entered appearances in this case, and Plaintiff's motion is premature. Therefore, Plaintiff's Motion for "16.3 Alternative Dispute Resolutions" (ECF No. 33) is **DENIED** as both moot and premature.

**IT IS THEREFORE ORDERED** that Plaintiff's motions (**ECF Nos. 31, 32, and 33**) are **DENIED** as set forth above.

---

[6] *Id.* (citing *Apperson*, 2016 WL 898885, at *7; *Colony Ins.*, 698 F.3d at 1242).

The motions addressed herein are quite similar to earlier motions denied by the Court on comparable bases (*see* Memorandum and Order, ECF No. 23). Once again, Plaintiff is encouraged to review the District of Kansas Local Rules and Federal Rules, and to thoroughly review the information for self-represented litigants on the Court's webpage at http://www.ksd.uscourts.gov/self-representation/, particularly the "Civil Case Flowchart" and rules sections. Although he proceeds pro se, he is expected to follow the Court's rules and to refrain from frivolous and excessive filings.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 3rd day of October 2017.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge