# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DUSTIN D. COFFMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 17-4070-SAC-GEB |
| ) | |
| **HUTCHINSON COMMUNITY COLLEGE,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

This matter is before the Court on defendant Hutchinson Community College's Motion to Quash Subpoenas (**ECF No. 43**) and motions by various defendants for extensions of time to file their answers to Plaintiff's Complaint (**ECF Nos. 53, 54, and 59**). In addition, the Court has before it Plaintiff's various responses to the Court's Show Cause Order (Order, ECF No. 38). For the reasons set forth below, Defendants' motions are **GRANTED**, and the Court finds Plaintiff has shown good cause for his prior failure to serve the individual Defendants with process.

## I.     Background

An in-depth discussion of the factual and procedural background of this case was included in previous orders and will not be repeated. Generally speaking, Plaintiff filed this case, acting pro se, against Hutchinson Community College ("HCC"), claiming the

school and certain of its instructors and administrators violated his constitutional rights by dismissing him from HCC's nursing program.

Since filing his case on August 7, 2017, numerous motions have been presented for the Court's consideration. In the undersigned U.S. Magistrate Judge's Memorandum and Order of September 9, 2017, Plaintiff's request for counsel and six other motions were denied (ECF No. 23). On October 3, 2017, the undersigned considered three more of Plaintiff's motions for various forms of relief, all of which were denied (Order, ECF No. 34). In addition to the motions decided by the Magistrate Judge, the District Judge denied Plaintiff's early motion for summary judgment (Order, ECF No. 19), and granted in part and denied in part defendant HCC's motion to dismiss (Order, ECF No. 28).

## II.     Plaintiff's Responses to the Court's Show Cause Order (ECF No. 33)

In Judge Crow's September 22 order, he found Plaintiff failed to properly serve the individual defendants with process (ECF No. 28, at 7, 10). In addition to this finding, Judge Crow explained, at length, the law regarding proper service of individuals (see Order, ECF No. 28, at 6-7). After 30 days had passed with no evidence of service attempts, the undersigned issued a Notice and Order to Show Cause, requiring Plaintiff to show cause in writing, on or before November 6, 2017, why she should not recommend to the District Judge that Plaintiff's claims against the five individual defendants should be dismissed with prejudice for lack of prosecution under Fed. R. Civ. P. 41(b) for his failure to serve the individual defendants (ECF No. 38).

Soon after being ordered to show cause, Plaintiff filed returns of service evidencing successful service of process on three of the five individual defendants: Debra Heckler, Jay Ballard, and Janet Hamilton. These three defendants have now entered their appearances in this matter. Additionally, in a recent motion for extension of time (discussed below), Cindy Hoss acknowledges recent service (ECF No. 59). However, one individual defendant—Kathy Sanchez—has yet to be successfully served and has not voluntarily appeared.

Plaintiff's first written Response to the Show Cause Order (ECF No. 50) notes he contracted with his mother to serve the summons. Although his argument is difficult to follow, it appears he claims because the individual defendants were acting as employees of the college when they allegedly violated his rights, and are currently employees, he should be able to serve the individual defendants at the college under "the master is servant clause." (Resp., ECF No. 50, at 4.) Additionally, he seems to believe that, because he notified the president of HCC, all defendants are (or should be) aware of the claims against them (*Id.*, at 12). Despite these beliefs, he acknowledges the Court's orders requiring him to serve the individuals at their home under K.S.A. §§ 60-303, 304(a). (*Id.*, at 14.) He contends he "had Kathy Sanchez summons refused and returned to [him]." He argues, "[s]ince the individuals refused to be served at home that means the summons [sic] to their jobs was valid." (*Id.*) He also appears frustrated that the defense intentionally failed to sign and return the Waiver of Service of Summons form sent to the HCC President's office over two months ago, and mistakenly believes he

cannot comply with the Court's order to serve all defendants until the waiver is returned to him. (*Id*. at 17.)

The record clearly reflects Plaintiff's attempts to serve Ms. Sanchez by certified mail. He includes his certified mail tracking slips (ECF No. 50, at 20) and claims Ms. Sanchez either failed or refused to sign for the certified mail. The return filed by Plaintiff (ECF No. 49) shows a summons was sent by certified mail to what appears to be a residential address. The return also states the summons was "sent to [her] place of business [at] Hutchinson Community College as well as [her] residence." (ECF No. 49, at 1). The mailing was " Received returned un-opened – [Return To Sender], [Not At This Address]." (*Id.*)

Plaintiff is undoubtedly attempting to serve Ms. Sanchez as ordered, and extending him some latitude as a pro se litigant, the Court acknowledges his efforts and finds he has demonstrated good cause for his case to avoid dismissal based upon lack of service. However, given the information presented, the Court is unable to discern whether the current and prior service difficulties are a result of Plaintiff's own failure to accurately identify each defendant's valid address, or whether the defendants are simply successfully evading his attempts at service. Given the difficulties he has encountered, and permitting Plaintiff latitude as a pro se litigant, the efforts he has undertaken, and the reasonable likelihood that these defendants are, in fact, aware of the claims filed in this action, the Court finds that the interests of justice support swift service and entry of all named parties in order to allow this case to move forward.

For these reasons, the Court finds Plaintiff has demonstrated good cause to extend the 90-day service period required under Fed. R. Civ. P. 4(m) for 45 days.[1] Plaintiff's deadline to achieve service on Ms. Sanchez is extended to **December 21, 2017**.

Additionally, in its discretion as permitted under Fed. R. Civ. P. 4(c)(3), the Court **ORDERS** that the United States marshal or deputy marshal shall undertake service of process on individual defendant Kathy Sanchez.  In the event those Defendants previously-served, or current defense counsel, may be in contact with Ms. Sanchez and could facilitate some other resolution to this issue short of the involvement of the U.S. Marshal, counsel should contact the Court as soon as possible.

## III.   Defendant HCC's Motion to Quash Subpoenas (ECF No. 43)

Defendant HCC asks the Court to quash several subpoenas which Plaintiff apparently sent by certified mail to four named defendants:  Cindy Hoss, Janet Hamilton, Jay Ballard, and Debra Heckler (ECF No. 43).  HCC cites a number of difficulties with the subpoenas to these parties, and demonstrates its attempts to confer with Plaintiff prior to filing this motion to quash.  HCC asks the Court to quash the subpoenas and order Plaintiff to pay its attorney fees and costs incurred in filing the motion to quash.

In addition to the subpoenas disputed by the college, the Court notes that Plaintiff has filed on the docket his returns of service for other subpoenas:  to Kathryn Sanchez (ECF No. 56); and to Dr. Carter, President of HCC (ECF No. 55).  In its review, the

---

[1] Plaintiff filed his Complaint on August 7, 2017, establishing a 90-day service deadline under Rule 4(m) of November 6, 2017.

Court considers these subpoenas, as well as those specifically addressed in HCC's motion.

As a threshold concern, pursuant to Fed. R. Civ. P. 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except in specific types of proceedings which do not apply here.  In this action, the parties are not yet required to engage in their Rule 26(f) conference—the Court will first issue an Initial Scheduling Order, which establishes a Rule 26(f) conference deadline, <u>after</u> all defendants have been served and have answered Plaintiff's Complaint.

Even if the timing of the subpoenas was appropriate, HCC is correct that it is not necessary for Plaintiff to serve subpoenas on opposing parties.  The appropriate vehicles for gathering information from parties to this lawsuit is through written requests for information contemplated under Rules 33, 34, and 36.  But again, any discovery is currently prohibited under Rule 26(d)(1) until after all defendants have responded to the Complaint and the parties have conferred under Rule 26(f).

In light of the above, HCC's Motion to Quash Subpoenas (**ECF No. 43**) is **GRANTED**.  All subpoenas served by Plaintiff to date are hereby quashed as premature under Fed. R. Civ. P. 26(d)(1).  **Plaintiff is specifically prohibited from serving any new subpoenas until after the Court convenes a scheduling conference in this case**.

Plaintiff has been informed, and reminded, in previous orders that—despite his pro se status—he is expected to follow the Court's rules and refrain from excessive filings, which inappropriately tax the resources of the Court.  Plaintiff is, again, encouraged to review the District of Kansas Local Rules and Federal Rules, and to thoroughly review

the information for self-represented litigants on the Court's webpage at http://www.ksd.uscourts.gov/self-representation/.

Defendant HCC's request for attorney fees and costs is denied.  Providing Plaintiff latitude as a pro se party, the Court finds it appropriate for each side to bear their own costs.

### IV. Various Defendants' Motions for Extension of Time to File their Answers to Plaintiff's Complaint (ECF Nos. 53, 54, 59)

Four defendants—Jay Ballard, Janet Hamilton, Debra Heckler, and HCC—filed a motion (ECF No. 53) and an amended motion (ECF No. 54) seeking to extend their deadlines to answer or otherwise respond to the Plaintiff's Complaint and Supplement to his Complaint.  Plaintiff's response to Defendants' motions was due on November 21, 2017, and no opposition was filed.  Therefore, Defendants' Motions (**ECF Nos. 53, 54**) are **GRANTED** as unopposed under D. Kan. Rule 7.4.

These same defendants filed another motion, along with newly-served defendant Cindy Hoss, seeking to extend the deadline further, in light of Ms. Hoss's recent receipt of the pleadings (ECF No. 59).  In light of the unopposed nature of the earlier motions, and because the filing Defendants seek to "synchronize the answer dates for all and file one responsive pleading on behalf of all defendants," the Court also **GRANTS** the new motion (**ECF No. 59**) and extends **all** defendants' responsive pleading deadlines to **December 22, 2017**.  This should permit sufficient time for the remaining individual defendant, Ms. Sanchez, to be served with process (*see* discussion, section II above) and

for all six Defendants to respond together, if determined appropriate by Defendants and their counsel.

**IT IS THEREFORE ORDERED** that Plaintiff has shown good cause as required by the Court's Notice and Order to Show Cause (ECF No. 38).

**IT IS FURTHER ORDERED** that Plaintiff's deadline to achieve service on Ms. Sanchez is extended to **December 21, 2017**, and the United States marshal or deputy marshal shall undertake service of process on individual defendant Kathy Sanchez pursuant to Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED** that HCC's Motion to Quash Subpoenas (**ECF No. 43**) is **GRANTED** as set forth above.  All subpoenas previously served by Plaintiff are hereby quashed, and Plaintiff shall refrain from serving any additional subpoenas until after a scheduling conference is held in this matter.  Failure to abide by this Order could result in future sanctions, including but not limited to the imposition of costs as a result of inappropriately-issued subpoenas.

**IT IS FURTHER ORDERED** that the defendants' separate motions to extend their responsive pleading deadlines (**ECF Nos. 53, 54, 59**) are **GRANTED**.  All defendants' deadlines to answer or otherwise respond to the Complaint are extended to **December 22, 2018**.

I**T IS SO ORDERED.**

Dated at Wichita, Kansas this 29th day of November 2017.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
