## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DUSTIN D. COFFMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-4070-SAC-GEB** |
| | ) | |
| **HUTCHINSON COMMUNITY COLLEGE,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Stay Discovery (**ECF No. 75**).  On February 9, 2018, the Court conducted an in-person hearing to discuss the pending motion.  Plaintiff Dustin D. Coffman appeared in person.  All Defendants appeared jointly through counsel, Allen G. Glendenning, Carole K. DeWald, and Adam Michael Teel.  After consideration of both the arguments of the parties and counsel, and the parties' briefing, the Court **GRANTED** Defendants' motion at hearing.  The previously-announced ruling of the Court is now memorialized below.

In addition, the Court considers the following motions filed by Plaintiff since the hearing:  1) Plaintiff's Motion for Discovery (**ECF No. 86**); 2) Plaintiff's Motion for Hearing (**ECF No. 87**); 3) Plaintiff's Motion for Attorney Fees (**ECF No. 89**); and 4) Plaintiff's Motion to "accept ECF # 7 petition as FACTS and Findings of law, A.D.R. 16.3 alternative resolution" (**ECF No. 90**).  For the reasons set forth below, Plaintiff's motions are **DENIED**.

I.      **Background**

An in-depth discussion of the factual and procedural background of this case was included in previous orders and will not be repeated. Generally speaking, Plaintiff filed this case, acting pro se, against Hutchinson Community College ("HCC"), claiming the school and its named instructors and administrators violated his constitutional rights by dismissing him from HCC's nursing program.

Since filing his case on August 7, 2017, a plethora of motions have been presented ad nauseum for the Court's consideration. In the undersigned U.S. Magistrate Judge's Memorandum and Order of September 9, 2017, Plaintiff's request for counsel and six other motions were denied (ECF No. 23). On October 3, 2017, the undersigned considered three more of Plaintiff's motions for various forms of relief, all of which were denied (Order, ECF No. 34). In addition to the motions decided by the Magistrate Judge, the District Judge denied Plaintiff's early motion for summary judgment (Order, ECF No. 19), and granted in part and denied in part HCC's motion to dismiss (Order, ECF No. 28). The most recent orders by the undersigned granted HCC's motion to quash subpoenas improperly issued by Plaintiff (Order, ECF No. 62), and denied Plaintiff's motion to compel information from those subpoenas (ECF No. 67). In the December 11, 2017 Order, this Court reminded Plaintiff that his attempts to discover information are premature, and instructed him to refrain from filing any additional documents until the case is set for scheduling (ECF No. 67).

## II.    Defendants' Motion to Stay Discovery (ECF No. 75)

Currently pending before the Court is a second motion to dismiss Plaintiff's claims in their entirety (Motion, ECF No. 70).  All defendants join in this motion, seeking dismissal on a number of bases.  They argue Plaintiff fails to state a viable claim of First Amendment violations, due process violations, Equal Protection violations, or breach of contract.  They also contend there exists no Kansas Civil Rights Act or Kansas Victim Protection Act, on which he bases two of his claims.  Even if an individual instructor or administrator at HCC committed a constitutional tort, Defendants argue HCC would not be liable, because respondeat superior does not apply to constitutional violations. Defendants claim all individual defendants, if sued in their individual capacities, are entitled to a qualified immunity defense as state officials.  Alternatively, Defendants argue if Plaintiff sues individuals in their official capacities only, his claims are duplicative of the official claim against HCC.

Defendants now ask the Court to stay discovery until their motion to dismiss has been decided.  They contend that, if the case is not dismissed in full, a decision on the motion is likely to significantly narrow the causes of actions, some of the defendants, and the scope of the case.  This would also reduce the amount of time and money spent on discovery.

Plaintiff asks the Court to move ahead with a scheduling conference and discovery. He argues this case has already been delayed long enough.  The Court considers the arguments of the parties against the legal backdrop of their arguments.

A.    **Legal Standard**

A decision on whether to stay litigation is within the Court's inherent power to control its docket and rests in its sound discretion.[1]  The Court may exercise that power in the interest of economy of time and effort for itself and for counsel and parties appearing before it.[2]  When discharging its discretion, the Court "must weigh competing interests and maintain an even balance."[3]  The Tenth Circuit has cautioned, "[t]he right to proceed in court should not be denied except under the most extreme circumstances."[4]

Recognizing this overarching right to proceed, the general policy of the District of Kansas is to continue with discovery during the pendency of dispositive motions.[5] However, there are recognized exceptions to this rule.  One such "well-established exception" applies where a defendant seeks dismissal based on absolute or qualified immunity.[6]

---

[1]  *See Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016); *Universal Premium Acceptance Corp. v. Oxford Bank & Trust,* No. 02–2448–KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)).

[2]  *Universal Premium Acceptance Corp.*, 2002 WL 31898217, at *1 (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936)).

[3]  *Pipeline Prods., Inc. v. Horsepower Entm't*, No. 15-4890-KHV-KGS, 2016 WL 1448483, at *1 (D. Kan. Apr. 13, 2016) (citing *Landis*, 299 U.S. at 255).

[4]  *Kendall State Bank v. Fleming*, No. 12-2134-JWL-DJW, 2012 WL 3143866, at *2 (D. Kan. Aug. 1, 2012) (citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir.1983)).

[5]  *Accountable Health Sols.*, 2016 WL 4761839, at *1 (citing *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994)).

[6]  *Id.*; *see also Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1 (D. Kan. July 13, 2016) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D. Kan. 1990).

"Generally, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings."[7]  "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[8] "The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed."[9]

Even when immunity is not at issue, the court considers whether any of the following three exceptions apply to make a stay of discovery appropriate:

1)  where the case is likely to be finally concluded by the ruling on the pending dispositive motion;
2)  where the facts sought through uncompleted discovery would not affect the resolution of the motion; or
3)  where discovery on all issues of the broad complaint would be wasteful and burdensome.[10]

The party seeking stay "must make a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."[11]

---

[7] *Pfuetze v. State of Kansas*, No. 10-1139-CM-GLR, 2010 WL 3718836, at *1 (D. Kan. Sept. 14, 2010) (citing *Siegert v. Gilley,* 500 U.S. 226, 232 (1991)).

[8] *Id*. (quoting *Siegert,* 500 U.S. at  232).

[9] *Id.* (quoting *Siegert,* 500 U.S. at 232; also citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

[10] *Accountable Health Sols*., 2016 WL 4761839, at *1; *Randle v. Hopson*, No. 12-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013).

[11] *Landis*, 299 U.S. at 255; *see Accountable Health Sols.*, 2016 WL 4761839, at *1 (citing *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015)).

**B.    Analysis**

The five individual defendants have together asserted a qualified immunity defense to any individual claims against them.  Therefore, the qualified immunity defense exception would apply to spare their costs in defending this suit until after the immunity issue is decided.

Although HCC does not assert an immunity defense, even if qualified immunity were not an issue, this is a case where a stay of discovery is appropriate.  It does not appear discovery is necessary for the Court to decide Defendants' motion to dismiss.  Also, a ruling on the motion to dismiss will either dismiss the case entirely, or would surely narrow Plaintiff's extensive filings to more defined claims.  Therefore, moving forward with discovery on all the issues in Plaintiff's broad Complaint and later-filed Supplement could be wasteful and burdensome to the parties.

Though not necessarily an enumerated factor, Plaintiff has already demonstrated a tendency toward excessive and frivolous filings—most recently despite the Court's specific order to refrain from doing so.  Considering his numerous previous motions, the recently-filed motions addressed below, and his attempts at early discovery—if the Court were to permit discovery to proceed, both Defendants and the Court would likely be burdened by discovery disputes.

**C.    Conclusion**

For these reasons, the Court **GRANTS** Defendants' Motion to Stay Discovery (**ECF No. 75**) pending a decision on the Second Motion to Dismiss (ECF No. 70).  In the

event the dispositive motion is denied in any part, the undersigned Magistrate Judge will promptly set this case for a scheduling conference.

### III.    Plaintiff's Motions to Compel Discovery and Scheduling (ECF Nos. 86, 87)

During the February 9 hearing, the undersigned Magistrate Judge carefully explained to Plaintiff the process by which the Court sets a lawsuit for scheduling, and how a motion to stay can affect that process.  After orally granting Defendants' motion for stay, the Court *specifically instructed Plaintiff to refrain from filing any new motions seeking discovery* until after the motion to dismiss has been decided.

In direct contravention of these instructions, immediately following the hearing, Plaintiff filed a motion seeking to compel discovery (**ECF No. 86**) and a motion requesting "full Rule 26 schedule hearing for discovery and possible ADR" settlement hearing (**ECF No. 87**).  To the extent Plaintiff's motions were intended to be responsive to Defendant's motion to stay, his motions are **DENIED AS MOOT**.  No new arguments or changes in law have been presented which would cause the Court to reconsider its ruling on stay;[12] therefore, to the extent Plaintiff seeks reconsideration of the Court's decision, his request for reconsideration is **DENIED**.

---

[12] *See Madrigal v. Ingredient Rest.*, No. 12-4164-JTM, 2013 WL 162089, at *1 (D. Kan. Jan. 15, 2013) (citing D. Kan. Rule 7.3(b)) (denying plaintiff's motion to reconsider for failure to "argue an intervening change in controlling law or the need to correct clear error or prevent manifest injustice" and for failure to produce new evidence).

**IV.   Plaintiff's Motion for Attorney's Fees (ECF No. 89)**

Also filed on February 9 was Plaintiff's motion seeking attorney's fees.  He seeks attorney's fees both as reimbursement and as a sanction to Defendants for their failure to disclose information to Plaintiff.  First, the Court declines to issue any sanction, because Defendants have not yet been subject to formal discovery.  In fact, the Court has repeatedly prohibited Plaintiff from seeking discovery; therefore, Defendants' failure to provide information is justified.  To the extent Plaintiff seeks attorney's fees as a sanction for Defendants' failure to participate in discovery, his motion is **DENIED**.

Additionally, Plaintiff has represented himself pro se throughout this action.  At no time has any attorney entered an appearance, nor attempted to enter an appearance,[13] on his behalf.  Pro se litigants are not attorneys, and are generally not entitled to recover attorney fees for successful litigation.[14]  Even if Plaintiff were to present authority otherwise, any finding regarding attorney's fees is premature because this matter remains pending.  To the extent Plaintiff seeks reimbursement for attorney's fees as a prevailing party, his request **(ECF No. 89)** is **DENIED** without prejudice to refiling at the conclusion of this case.

---

[13] Plaintiff argued during the February 9 hearing that he consulted an attorney in the State of Missouri, and that individual attempted to enter an appearance in this Court.  Plaintiff claims the attorney's pro hac vice application was denied by this Court.  However, the docket reflects no attempt by any attorney to enter an appearance on Plaintiff's behalf.

[14] *See, e.g., Robertson v. Biby*, No. 17-3068, 2017 WL 6397738, at *2 (10th Cir. Dec. 15, 2017) (noting "a pro se litigant is not eligible for a § 1988 fee award") (citing *Turman v. Tuttle*, 711 F.2d 148 (10th Cir. 1983) (finding because an inmate represented himself in a 42 U.S.C. § 1983 action, he was not entitled to receive attorney fees)).

## V.     Plaintiff's Motion to Accept ECF #7 as Fact (ECF No. 90)

Plaintiff's one-sentence request is difficult to decipher.  It appears he seeks two forms of relief:  1) he asks the Court to accept the supplement to his Complaint, ECF No. 7, as facts and findings of law; and 2) he asks the Court to set this case for alternative dispute resolution under D. Kan. Rule 16.3.

The Court first addresses his request that the Court accept his Supplemental pleading, ECF No. 7.  Senior District Judge Sam A. Crow reviewed the Supplement, and as a part of the September 22, 2017 Order on Defendants' first motion to dismiss (ECF No. 28), directed the Defendants to consider the Supplement as part of Plaintiff's Complaint. Defendants have now addressed the allegations contained in the Supplement in their pending Second Motion to Dismiss, and the allegations contained in the Supplement are now before the Court on that motion.  Therefore, this Court declines to make any separate and premature findings regarding that pleading.

Regarding the issue of court-ordered ADR, Plaintiff has previously asked the Court to order the parties to engage in mediation or other alternative dispute resolution process under D. Kan. Rule 16.3 (*see* Motions Nos. 4, 31, 33; Orders, ECF Nos. 23, 34).  For the reasons explained in those orders, Plaintiff's motion is **DENIED as moot**.

## VI.     FILING RESTRICTIONS / SANCTIONS

The Court has repeatedly explained to Plaintiff, in both written opinions and during the in-person hearing on February 9, the process by which a case is set for scheduling.  The Court has also directed Plaintiff, on multiple occasions, to the resources available to pro se

plaintiffs.  Despite these clear instructions, Plaintiff has chosen to ignore the Court's directives and continued to file meritless motions which inappropriately tax the Court's resources.

"The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[15]  In this vein, there is no right of access to continue to pursue motions which the Court has previously decided.  "The goal of fairly dispensing justice is compromised when the court is forced to devote limited resources to processing repetitious and frivolous" requests.[16]

The Court has specifically admonished Plaintiff to refrain from filing motions regarding scheduling and discovery.  This case is now stayed pending the resolution of Defendants' Second Motion to Dismiss (ECF No. 70).  The only matter presently before this Court is the briefing associated with the Motion to Dismiss.  **Any other filings by Plaintiff, prior to resolution of the Motion to Dismiss, may subject him to monetary or other sanctions under Fed. R. Civ. P. 11(c)(3) or 37, and a recommendation to the District Court of filing restrictions.**

---

[15] *Salem v. Kansas*, No. 15-2209-CM, 2015 WL 1886707, at *6 (D. Kan. Apr. 24, 2015) (citing *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)).
[16] *Id.* (citing *In re Sindram*, 498 U.S. 177, 180 (1991)).

**VII.    Conclusion**

For the reasons set forth above, **IT IS THEREFORE ORDERED** that Defendants'

Motion to Stay Discovery (**ECF No. 75**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's recent motions (**ECF Nos. 86, 87,**

**89, 90**) are **DENIED**.

I**T IS SO ORDERED.**

Dated at Wichita, Kansas this 21st day of February 2018.

s/ GWYNNE E. BIRZER
GWYNNE E. BIRZER
United States Magistrate Judge