IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DUSTIN D. COFFMAN,

        Plaintiff

vs.                                          Case No. 17-4070-SAC

HUTCHINSON COMMUNITY
COLLEGE, et al.,

        Defendants.

MEMORANDUM AND ORDER

The plaintiff, Dustin D. Coffman, *pro se* filed a civil rights action alleging he was dismissed from the nursing program at Hutchinson Community College ("HCC") in a manner that violated his federal and state constitutional rights and that created actionable state common-law claims. On June 22, 2018, the court filed a forty-seven page order granting the defendants' motion to dismiss, and judgment was entered that same day. ECF## 108 and 109. On July 17, 2018, Mr. Coffman submitted for filing a document which lacks a title and is unclear as to the relief being sought. ECF# 110. For docketing purposes, the clerk entitled the document, "motion for miscellaneous relief." *Id.*

In his filing, the plaintiff makes several disjointed points. First, he notes that the court's order was filed on June 22, 2018, was mailed to him through regular postal service, and was not received by him until July 5, 2018. ECF# 110, pp. 1-2. Mr. Coffman next apparently offers an

"agreement" on certain "terms." *Id.* at p. 2. He will not oppose the judgment (ECF# 109) or the court's memorandum and order (ECF# 108) and will forego any Rule 26 conference in exchange for mediation pursuant to D. Kan. Rule 16.3(c). *Id.* at pp. 2-3. Mr. Coffman requests certain conditions for this agreement with one of them being that this court order a non-party internet site remove "the fake photo of" him and "fake information" about him. *Id.* at pp. 4-6. Mr. Coffman repeats that his "Motion is not opposed" to the court's order and judgment, but this is apparently conditioned on a confidential "settlement" with HCC. *Id.* at p. 6. He concludes his filing with, "Would appreciate not having to take this to tenth circuit court. But will if have to take both cases to the Supreme Court." *Id.* He attaches to his filing the last page of the court's prior order with handwriting on it that suggests he wants a stay of the court's prior order and he challenges that order as lacking a signature, water mark, and "paper crimp seal." *Id.* at p. 8.

The court first considers the possibility that Mr. Coffman's filing is intended to be a motion under Fed. R. Civ. P. 59(e) that impliedly challenges the procedural effectiveness of the court's prior order in lacking an actual signature, water mark, and seal. Because the court's dismissal order and judgment were dispositive of the case, we look to D. Kan. Rule 7.3(a) which provides that, "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." Since the plaintiff filed his motion within the 28-day period of Fed. R.

Civ. P. 59(e), the court will look to its standards. *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006)("Whether a motion is construed as a Rule 59(e) or Rule 60(b) motion depends upon the time in which the motion is filed.") "A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) may be granted only if the moving party can establish (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice." *Wilkins v. Packerware Corp.*, 238 F.R.D. 256, 263 (D. Kan. 2006), *aff'd*, 260 Fed.Appx. 98 (10th Cir. 2008) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A 59(e) motion "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994) (citation omitted). The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *Van Skiver v. U.S.*, 952 F.2d 1241, 1243–44 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).

      Mr. Coffman has not carried his burden of demonstrating any grounds for relief under Rule 59(e) or Rule 60(b). His concerns over the court's order and judgment lacking original signatures, watermarks and

3

seals are not only unsupported by any legal citations of authority but are fully addressed by the court's rules. First, Fed. R. Civ. P. 5(d)(3) authorizes federal courts to allow filing by electronic means and states that, "[a] paper filed electronically in compliance with a local rule is a written paper for purposes of these rules." Thus, a paper electronically filed in compliance with local rules constitutes a proper written paper filing for purposes of the federal rules. The local rules for the District of Kansas provide in part:

> (a) **Entry in the Civil Docket.** All orders, decrees, judgments, and proceedings of the court will be filed in accordance with these rules, which will constitute entry in the civil docket under Fed. R. Civ. P. 58 and 79. The court or court personnel will file all such documents electronically.
> (b) **Electronic Signature**. Any such document filed electronically without the original signature of a judge, magistrate judge, or clerk has the same force and effect as if the judge, magistrate judge, or clerk, respectively, had signed a paper copy of the order and it had been entered on the docket in a conventional manner.

D. Kan. Rule 5.4.4. Lastly, "[t]he official record of an electronically-filed document is the electronic recording of the document as stored by the court." D. Kan. Rule 5.4.3. The court's memorandum and order and accompanying judgment were electronically filed in compliance with these local rules and thereby have "the same force and effect" as a conventionally filed paper copy. Moreover, the electronically filed and stored copy of the court's order and the judgment constitute the official record and civil docket in this case. The plaintiff's concerns are noted and summarily dismissed.

The plaintiff next apparently seeks an agreement foregoing his appellate rights in exchange for mediation pursuant to D. Kan. Rule 16.3. To the extent that the plaintiff is seeking this compromise with the defendants, he may pursue this without filing anything of record. If the plaintiff is asking this court to order mediation, then the court would deny this request for the following reasons. Rule 16.3 opens, "Pursuant to 28 U.S.C. § 652, the court may require litigants in civil cases to consider the use of an alternative dispute resolution ("ADR") process." This federal statute confers jurisdiction upon district courts to adopt local rules that require, "Litigants in all civil cases consider the use of an alternative dispute resolution process at an appropriate stage in the litigation." 28 U.S.C. § 652(a). Reading Rule 16.3 in light of § 652(a) shows the court's power to order ADR is limited to "an appropriate stage in the litigation." Having dismissed this case and directing the entry of judgment, the court finds now is not an appropriate stage of litigation for ordering ADR. Indeed, the posture of this case is that litigation has concluded but for some very narrow procedural post-judgment motions in Rules 59 and 60. The plaintiff, however, does not raise any viable arguments for relief under either rule, so this case is effectively no longer in litigation, and the court's authority to order ADR is lacking.

IT IS THEREFORE ORDERED that the plaintiff's motion for miscellaneous relief (ECF# 110) is denied.

Dated this 18th day of July, 2018, Topeka, Kansas.

        s/Sam A. Crow
        Sam A. Crow, U.S. District Senior Judge